UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are **not** confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 13-55373 |
| District Court/Agency Case Number(s): | 3:09-cv-2094-AJB |
| District Court/Agency Location: | Southern District of California, San Diego |
| Case Name: | In re: Easysaver Rewards Litigation  v. |
| If District Court, docket entry number(s) of order(s) appealed from: | 271, 277 |
| Name of party/parties submitting this form: | Brian Perryman |

**Please briefly describe the dispute that gave rise to this lawsuit.**

Appellees settled a class action with a coupon settlement. The coupons had substantial restrictions that made them worth much less than face value. In addition there was a $12.5 million settlement fund, but class counsel and representatives would receive over $8.9 million of this amount. The majority of the remainder of the cash was assigned to cy pres--but the cy pres designees included the alma mater of the attorneys, and consisted of only local San Diego institutions, despite the fact that the class was a national class.

**Briefly describe the result below and the main issues on appeal.**

The district court approved the settlement and the fee award. Perryman argues on appeal that the cy pres conflicts of interest were impermissible; that the settlement impermissibly favored class counsel at the expense of the class under Bluetooth; that the fees impermissibly exceed the 25% benchmark; and that the district court erred in not applying the Class Action Fairness Act to the coupon element of the settlement and in failing to determine the actual value of what the class would receive in the settlement.

**Describe any proceedings remaining below or any related proceedings in other tribunals.**

Appellant Perryman's motion for Rule 11 sanctions is pending in the district court below, and is scheduled for hearing May 2. Plaintiffs have previously threatened to make a motion for an illegally punitive appeal bond; as of this filing, such a motion has not been made. If plaintiffs seek and the court awards an appeal bond of more than $1,000, there will be collateral litigation over the violation of Fed. R. App. Proc. 7.

Provide any other thoughts you would like to bring to the attention of the mediator.

Appellees are already aware that the settlement approval, fee award, and cy pres are not tenable under existing precedent and the Class Action Fairness Act, but chose to proceed rather than modify the settlement. That suggests that mediation would not be fruitful.

Perryman is represented by non-profit counsel who are barred by tax law from accepting payment to drop an appeal.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov.  Please provide the case name and Ninth Circuit case number in your message.  Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature: /s/ Theodore H. Frank

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for: Appellant Brian Perryman

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator).  Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.