THEODORE H. FRANK
    tedfrank@gmail.com
ADAM E. SCHULMAN
    shuyande24@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS LLC**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

Attorneys for Objector Brian Perryman

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re EasySaver Rewards Litigation, | No. 13-55373 |
| Brian Perryman, *Objector-Appellant.* | **CIR. R. 10-3.1(a) NOTICE REGARDING TRANSCRIPT AND STATEMENT OF THE ISSUES** |

As required by Circuit Rule 10-3.1(a), appellant Brian Perryman gives notice that he has ordered and received a copy of the January 28, 2013, hearing transcript. It is possible Perryman will order additional transcripts for hearings that have not yet taken place, but Perryman does not intend to order any additional transcripts for hearings that have taken place to date.

As further required by Circuit Rule 10-3.1(a), Perryman submits the following statement of issues that he intends to present on appeal:

1. Did the district court err as a matter of law in holding that a coupon settlement that also paid class members a total of $225,000 was not a coupon settlement for purposes of the Class Action Fairness Act?

2. Did the district court err in valuing the coupons in this settlement at face value, despite the uncontradicted evidence that class members' benefit from using a coupon could not equal the full $20 face value of the coupon, and despite the fact that the Class Action Fairness Act requires coupons to be valued at the redemption rate?

3. *In re Baby Products Antitrust Lit.*, No. 12-1165 (3d Cir. Feb. 19, 2012), requires a district court to consider the ratio of *cy pres* to actual class recovery when evaluating the fairness of a settlement. Did the district court err as a matter of law in rejecting Perryman's request that this factor be considered where *cy pres* recipients would receive about ten times as much cash as class members?

4. Did the district court err as a matter of law in approving a *cy pres* component of a settlement involving a national class that favored the *alma mater* of class counsel, and only distributed funds to local San Diego-area institutions?

5. Did the district court err as a matter of law in approving a settlement that favored *cy pres* distributions to third parties ahead of class members that had not been fully

1 compensated?

2     6.    Did the district court err as a matter of law in approving a Rule 23(h) attorney award of $8.85 million when the class recovered approximately only $225,000 in cash?

Dated: March 11, 2013                                Respectfully submitted,

/s/ *Theodore H. Frank*
Theodore H. Frank
Adam E. Schulman
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW No. 236
Washington, DC 20036
(703) 203-3848
Attorneys for Objector-Appellant

# PROOF OF SERVICE

I hereby certify that on March 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

I further certify that on March 11, 2013, I caused the following attorney to be served by first-class mail:

| | |
|---|---|
| Michael L Kirby<br>Ethan Thomas Boyer<br>Kirby Noonan Lance and Hoge<br>350 Tenth Avenue<br>Suite 1300<br>San Diego, CA 92101 | Isam C. Khoury<br>Kimberly Dawn Neilson<br>COHELAN KHOURY & SINGER<br>Suite 200<br>605 C Street<br>San Diego, CA 92101-5305 |
| Elliott Louis Pell<br>Jay J. Rice<br>Diane Elizabeth Sammons<br>Nagel Rice LLP<br>Suite 103<br>103 Eisenhower Parkway<br>Roseland, NJ 07068 | Mazin A. Sbaiti<br>BARON & BUDD PC<br>Suite 1100<br>3102 Oak Lawn Avenue<br>Dallas, TX 75219 |
| Bruce W. Steckler<br>The Steckler Law Firm<br>12700 Park Central Drive<br>Suite 1900<br>Dallas, TX 75251 | Jacie C. Zolna<br>Myron M. Cherry & Associates<br>Suite 2300<br>30 N. La Salle Street<br>Chicago, IL 60602 |

/s/ *Theodore H. Frank*
Theodore H. Frank