NO. 13-55373

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IN RE EASYSAVER REWARDS LITIGATION

---

Josue Romero; Deanna Hunt; Kimberly Kenyon; Gina Bailey;
Alissa Herbst; Grant Jenkins; Bradley Berenston; Jennifer Lawler;
Daniel Cox; Jonathan Walter; and Christopher Dickey,
*Plaintiffs-Appellees,*

Brian Perryman,
*Objector-Appellant,*
v.
Provide Commerce, Inc.; Encore Marketing International, Inc.; and
Regent Group, Inc.,
*Defendant-Appellees.*

---

On Appeal from the United States District Court
For the Southern District of California, No. 3:09-cv-2094 AJB

---

Appellees' Excerpts of Record
Volume 1 of 1
(Pages 281 - 458)

---

Steckler Law Group LLP
Bruce Steckler
Mazin A. Sbaiti
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
(972) 387-4040
*Attorneys for Plaintiff-Appellees*

# TABLE OF CONTENTS
## VOLUME 1 OF 1

**Page**

**Declaration of Jennifer M. Keough**
**Regarding Brian Perryman and**
**Aaron Meyer**
**filed January 18, 2013 (Docket No. 262-5)** ..................................................... 281

**Plaintiffs' Notice of Unopposed Motion**
**and Motion for (1) Attorneys' Fees and**
**Costs and (2) Incentive Awards**
**filed November 26, 2012  (Docket No. 255)** ................................................... 284

**Attachments:**

**Plaintiffs' Memorandum of Points and**
**Authorities in Support of Motion for**
**(1) Attorneys' Fees and Costs, and**
**(2) Incentive Awards (Docket No.  255-1)** ........................................... 288

**Declaration of James R. Patterson in**
**Support of Motion for (1) Attorneys' Fees**
**and Costs, and (2) Incentive Awards**
**(Docket 255-2)** ........................................................................................ 312

**Exhibits:**

1.    **Patterson Law Group Time Report**
        **(Docket 255-2)** ........................................................ 316

2.    **Patterson Law Group Cost Report**
        **(Docket 255-2)** ........................................................ 319

3.    **Patterson Law Group Firm Biography**
        **(Docket 255-2)** ........................................................ 321

**Declaration of Isam C. Khoury in**
**Support of Plaintiffs' Application for**
**Attorneys' Fees and Costs (Docket 255-3)** ........................................... 326

**Exhibits:**

1.     **Cohelan Khoury & Singer Time Report (Docket 255-3)** ........................................................ 329

2.     **Cohelan Khoury & Singer Cost Report (Docket 255-3)** ........................................................ 331

3.     **Cohelan Khoury & Singer Firm Biography (Docket 255-3)** ........................................................ 333

**Declaration of Bruce Steckler in Support of Plaintiffs' Application for Attorneys' Fees and Costs (Docket No. 255-4)** .................................... 341

**Exhibits:**

1.     **Baron & Budd, P.C. Time Report Summary (Docket 255-4)** ........................................................ 345

2.     **Baron & Budd, P.C. Expense Report Summary (Docket 255-4)** ........................................................ 347

3.     **Baron & Budd, P.C. Firm Biography (Docket 255-4)** ........................................................ 349

**Declaration of Gene J. Stonebarger in Support of Plaintiffs' Application for Attorneys' Fees and Costs (Declaration No. 255-5)** ........................... 375

**Exhibits:**

1.     **Stonebarger Law, APC Time Report (Docket No. 255-5)** ........................................................ 378

2.     **Stonebarger Law, APC Cost Report (Docket No. 255-5)** ........................................................ 380

3.     **Stonebarger Law, APC Firm Biography (Docket 255-5)** ........................................................ 382

**Declaration of Jennie Lee Anderson in
Support of Plaintiffs' Application for Attorneys'
Fees and Costs (Docket No. 255-6)** .................................................. 393

> **Exhibits:**

> 1. **Andrus Anderson LLP Time Report
>    (Docket No. 255-6)**.................................................. 398

> 2. **Andrus Anderson LLP Cost Report
>    (Docket No. 255-6)**.................................................. 400

> 3. **Andrus Anderson LLP Firm Biography
>    (Docket No. 255-6)**.................................................. 402

> 4. **In Re: EasySaver Rewards Litigation
>    Litigation Fund Cost Report –
>    Inception through November 29, 2012
>    (Docket No. 255-6)**.................................................. 416

**Exhibit A to Declaration of Mazin A. Sbaiti in
Support of Plaintiffs' Omnibus Reply:
Screenshot of Proflowers "Ad", Pro-Rom_0071778,
(Docket No. 213-1)**........................................................... 417

**Docket Entries** ........................................................... 418

1

2   Jennie Lee Anderson, State Bar No. 203586
    Lori E. Andrus, State Bar No. 205816
3   ANDRUS ANDERSON LLP
    155 Montgomery Street, Suite 900
    San Francisco, CA 94104
4   Telephone: (415) 986-1400
    Facsimile: (415) 986-1474
5   jennie@andrusanderson.com
    lori@andrusanderson.com
6
    James R. Patterson, State Bar No. 211102
7   Alisa A. Martin, State Bar No. 224037
    PATTERSON LAW GROUP
8   402 West Broadway, 29th Floor
    San Diego, CA 92101
9   Telephone: (619) 756-6990
    Facsimile: (619) 756-6991
10  jim@pattersonlawgroup.com
    alisa@pattersonlawgroup.com
11
    *Co-Lead Interim Class Counsel for the Proposed Class*
12  *[Additional Co-Lead Class Counsel Listed On Signature Page]*

13              **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15
    In Re: EASYSAVER REWARDS            CASE NO.: 09-CV-02094-ALB (WVG)
16  LITIGATION
                                        **CLASS ACTION**
17  This Document Relates to all Actions
                                        **PLAINTIFFS' NOTICE OF**
18                                      **UNOPPOSED MOTION AND**
                                        **MOTION FOR (1) ATTORNEYS' FEES**
19                                      **AND COSTS AND (2) INCENTIVE**
                                        **AWARDS**
20
                                        Date:   January 25, 2013
21                                      Time:  1:30 p.m.
                                        Judge: Hon. Anthony Battaglia
22                                      Courtroom: 12

23

24

25

26

27

28

-1-

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that on January 25, 2013, at 1:30 p.m., this Court granted

3  preliminary approval of the Class Action Settlement and ordered Defendants to provide notice to

4  the Class, including notice of the requested amount of attorney fees, costs, and incentive awards.

5  The required notice was provided.  *To date, not a single class member objected to the requested*

6  *fees, costs, or incentives, or any other aspect of the proposed Agreement.*

7          Consistent with the preliminarily approved agreement, Plaintiffs submit this Motion.

8  The requested attorneys' fees, costs, and incentive awards should be finally approved since they

9  are reasonable, are the product of an arms-length settlement negotiation through a neutral third-

10  party mediator, are consistent with established state and federal precedent, and they have been

11  agreed to by Defendants.

12  Dated: November 26, 2012                              PATTERSON LAW GROUP, APC

13

14                                                       By: /s/ *Alisa A. Martin*

15                                                            Alisa A. Martin

16                                                       James R. Patterson, State Bar No. 211102
                                                         Alisa A. Martin, State Bar No. 224037
17                                                       PATTERSON LAW GROUP
                                                         402 West Broadway, 29th Floor
18                                                       San Diego, CA 92101
                                                         Telephone: (619) 756-6990
19                                                       Facsimile: (619) 756-6991
                                                         jim@pattersonlawgroup.com
20                                                       alisa@pattersonlawgroup.com

21

22                                                       Jennie Lee Anderson, State Bar No. 203586
                                                         Lori E. Andrus, State Bar No. 205816
23                                                       ANDRUS ANDERSON LLP
                                                         155 Montgomery Street, Suite 900
24                                                       San Francisco, CA 94104
                                                         Telephone: (415) 986-1400
25                                                       Facsimile: (415) 986-1474
                                                         jennie@andrusanderson.com
26                                                       lori@andrusanderson.com

27

28                                                       Bruce Steckler

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mazin A. Sbaiti
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
bsteckle@baronbudd.com
msbaiti@baronbudd.com

Isam C. Khoury, State Bar No. 58759
Michael D. Singer, State Bar No. 115301
Kimberly D. Neilson, State Bar No. 216571
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
ikhoury@ck-lawfirm.com
msinger@ck-law.com
kneilson@ck-law.com

*Class Counsel for Plaintiffs and the Class*

**09-CV-02094-ALB (WVG)**        **283** NOTICE OF UNOPPOSED MOTION AND MOTION FOR
ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Alisa A. Martin, hereby certify that on November 26, 2012, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to all counsel of record registered with the CM/ECF system.

5

6

Dated: November 26, 2012                                    PATTERSON LAW GROUP, APC

7

8

By: /s/ *Alisa A. Martin*

9

Alisa A. Martin

10

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037

11

PATTERSON LAW GROUP
402 West Broadway, 29th Floor

12

San Diego, CA 92101
Telephone: (619) 756-6990

13

Facsimile: (619) 756-6991
jim@pattersonlawgroup.com

14

alisa@pattersonlawgroup.com

15

Attorneys for Plaintiffs and the Class

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

NOTICE OF UNOPPOSED MOTION AND MOTION FOR
ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP☐
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

*Co-Lead Interim Class Counsel for the Proposed Class*
*[Additional Co-Lead Class Counsel Listed On Signature Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to all Actions | CASE NO.: 09-CV-02094-ALB (WVG)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR (1) ATTORNEYS' FEES AND COSTS, AND (2) INCENTIVE AWARDS**<br><br>Date:   January 25, 2013<br>Time:   1:30 p.m.<br>Judge: Hon. Anthony Battaglia<br>Courtroom: 12 |

TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................... 1

II.    LITIGATION AND SETTLEMENT HISTORY....................................................... 2
       A.    Class Counsel Survived Motions to Dismiss and Pursued Complex Issues That Resulted in Multiple Pleading Amendments and Extensive Litigation ................. 2
       B.    Class Counsel Conducted Extensive Discovery .......................................... 2
       C.    Class Counsel Engaged in Extensive Settlement Efforts............................. 3
       D.    Class Counsel Obtained Exceptional Benefits for the Class........................ 4

III.   CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE AS A PERCENTAGE OF A COMMON FUND SETTLEMENT.............. 5
       A.    Class Counsel Are Entitled to Fees Under the Common Fund Doctrine............... 5
       B.    Class Counsel's Requested Fees Are a Reasonable Percentage of the Common Fund Settlement....................................................................................... 5
             1.   Class Counsel Achieved Excellent Results for the Class......................... 6
             2.   Class Counsel Undertook Significant Risks As a First Impression Case......... 7
             3.   Class Counsel Provided Skillful and High Quality Work ........................ 7
             4.   Class Counsel Undertook This Case On a Contingency Basis ................. 8
             5.   Courts Have Ordered Similar or Greater Percentage Fees Awards in Consumer Class Actions .......................................................................... 8
       C.    The Merchandise Codes Are Fully Transferrable, Valid for One Year, And Functionally Equivalent to Cash ...................................................................... 10

IV.    CLASS COUNSEL'S FEE REQUEST IS REASONABLE WHEN CROSSCHECKED USING THE LODESTAR-MULTIPLIER METHODOLOGY ........................... 11
       A.    Courts Consider Numerous Factors When Determining an Attorney Fee Award Under the Lodestar-Multiplier Methodology........................................ 11
       B.    All Factors Support Applying A Multiplier To Class Counsel's Lodestar........ 12
             1.   Class Counsel Provided Exceptional Quality Of Representation ............. 12
             2.   Class Counsel Obtained Excellent Class Benefits ............................... 13
             3.   Class Counsel Handled Complex And Novel Issues In This Case ............ 13
             4.   Class Counsel Faced A Substantial Risk Of Nonpayment..................... 14

V.     DEFENDANTS DO NOT CONTEST THE REQUESTED FEES ....................... 14

VI.    CLASS COUNSEL'S REQUESTED COST REPAYMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED .............................................. 15

VII.   PLAINTIFFS' REQUESTED INCENTIVE AWARDS ARE REASONABLE AND STANDARD ..................................................................................................... 16
       A.    Court Routinely Grant Incentive Awards To Class Representatives.............. 16
       B.    Class Representatives Actively Pursued and Participated in this Case.......... 17
       C.    Class Representatives Undertook Enormous Risks in Initiating and Pursuing this Case... 17

VIII.  CONCLUSION ....................................................................................................... 18

1

## TABLE OF AUTHORITIES

2

3

**CASES**

4
*Alyeska Pipeline Serv. Co. v. Wilderness Society* ............................................................ 5

*Amchem Prods., Inc. v. Windsor*         15

5

6
*Arenson v. Board of Trade* ............................................................................................... 12

*Baxter v. Intelius* ................................................................................................ 5, 7, 8, 14

7
*Berry v. Webloyalty.com, Inc.* ......................................................................... 4, 7, 8, 14

8
*Birch v. Office Depot, Inc.* ................................................................................................ 9

*Blum v. Stenson* ................................................................................................................. 6

9
*Boeing Co. v. Van Gemert* ................................................................................................ 5

10
*Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green* ........................................ 12

11
*Bott v. Vistaprint USA, Inc.*) ........................................................................... 4, 7, 8, 14

*Camden I Condo. Assn., Inc. v. Dunkle* ........................................................................... 6

12
*Centr. R.R. & Banking Co. v. Pettus* ............................................................................... 6

13
*Cosgrove v. Sullivan* ....................................................................................................... 12

14
*DeHoyos vs. Allstate Corp.* ............................................................................................ 15

*Faigman v. AT&T Mobility,* LLC .................................................................................. 16

15
*Fernandez v. Victoria Secret Stores, LLC* ............................................................... 10, 11

16
*Ferrington v. McAfee, Inc.* ....................................................................................... 4, 14

17
*Florida v. Dunne,* ......................................................................................................... 5, 6

*Hanlon v. Chrysler Corp.* ......................................................................................... 6, 15

18
*Hensley v. Eckerhart* ...................................................................................................... 15

19
*Hopson v. Hanesbrands, Inc.* ......................................................................................... 17

20
*In Re Activision Sec. Litig.* ......................................................................................... 6, 9

*In re Bluetooth Headset Products Liab. Litig.* ............................................................... 11

21
*In re EasySaver Rewards Litig.* ................................................................................ 4, 14

22
*In re Genentech,* No. C 88-4038 ...................................................................................... 9

23
*In Re Mercury Interactive Corp. Sec.* .............................................................................. 1

*In Re Oracle Sec. Litig.* ................................................................................................... 6

24
*In Re Pac. Enter. Sec. Litig.* ...................................................................................... 5, 6, 9

25
*In re Rite Aid Corp. Secs. Litig.* .................................................................................... 12

26
*In re VistaPrint Corp. Mktg. and Sales Practices Litig.* ............................... 4, 7, 8, 14

*In re: Beverly Hills Fire Litig.* ....................................................................................... 12

27
*In re: Cenco, Inc. Sec. Litig.* .......................................................................................... 12

28
*In re: Corrugated Container Antitrust Litig.* ................................................................ 12

*In re: Fernald Litig.* ............................................................................................ 12

*Ingalls v. Hallmark Mktg. Corp.)* .......................................................................... 9

*Keithly v. Intelius Inc.* ..................................................................................... 4, 14

*Lobatz U.S. W. Cellular, Inc.* ............................................................................... 15

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.* ............................................. 15

*Malchman v. Davis* ............................................................................................ 15

*Martin v. AmeriPride Servs., Inc.* ......................................................................... 9

*Mills v. Elec. Auto-Lite Co.* .................................................................................. 5

*Morris v. Lifescan, Inc.* .................................................................................... 5, 6

*Muchnick v. First Fed. Savings & Loan Assoc.* .................................................... 12

*Muehler v. Land O'Lakes, Inc.* ........................................................................... 14

*Paul, Johnson, Alston & Hunt v. Graulty,* ............................................................. 5

*Perera v. Chiron Corp.* ...................................................................................... 12

*Rabin v. Concord Assets Group, Inc.* ................................................................. 12

*Rippee v. Boston Mkt. Corp.* ................................................................................ 9

*Roberts v. Texaco, Inc.* ..................................................................................... 12

*Singer v. Becton Dickinson and Co.* ...................................................................... 9

*Sprague v. Ticonic Natl. Bank* ............................................................................. 6

*Trustees v. Greenough* ......................................................................................... 6

*Vasquez v. Coast Valley Roofing, Inc.* ................................................................... 9

*Vizcaino v. Microsoft Corp.* ................................................................................. 6

*Weiss v. Mercedes-Benz of N. Am.* ...................................................................... 12

*Whiteway v. Fedex Kinkos Office & Print Services, Inc.,* ...................................... 17

*Williams v. MGM-Pathe Communications Co.* ................................................. 9, 10

*Young v. Polo Retail, LLC* ............................................................................. 10, 11

RULE

Federal Rules of Civil Procedure § 23(h) ............................................................ 15

# I.   **INTRODUCTION**

Class Counsel (Patterson Law Group APC via James R. Patterson, Andrus Anderson LLP via Jennie Lee Anderson, Baron & Budd, P.C. via Bruce W. Steckler, and Cohelan Khoury & Singer via Isam C. Khoury) negotiated a nationwide class settlement with an estimated $38 million value on behalf approximately 1,500,000 class members.   Because the Settlement provides significant benefits, Class Counsel request an $8.65 million award in attorneys' fees, plus over $200,000.00 in costs.   The fee requested is 22.7% of the settlement value, which is below the typical 25% benchmark routinely awarded in consumer class actions.   This request is reasonable and appropriate because:

- Ninth Circuit district courts routinely award attorneys' fees in the amount of 25% of a common fund settlement;

- The requested costs constitute the actual out-of-pocket expenses incurred, including the costs of multiple mediation;

- Class Counsel obtained extraordinary results in the face of novel issues, legal uncertainty, and negative case law;

- The requested fees and costs were negotiated at arms' length and blessed by a neutral and highly respected mediator;

- The requested fees and costs were fully disclosed in the Court-approved Class Notice; and

- Defendants Provide Commerce, Inc. ("Provide Commerce") and Regent Group, Inc. d/b/a/ Encore Marketing International and Encore Marketing International, Inc. ("EMI") (collectively "Defendants") do not contest these amounts.

Additionally, Class Representatives request incentive awards: $15,000 for Class Representatives Romero and Bailey; $10,000 for Class Representatives Berentson, Jenkins, Cox and Lawler; and $5,000 for Class Representatives Walters and Dickey.

This Motion is being filed during the claims period in order to ensure that all Class Members have the opportunity to review the basis for Class Counsel's claim for attorneys' fees and costs during the time period in which they may object to the Settlement as required by the Ninth Circuit Court of Appeals in *In Re Mercury Interactive Corp. Sec.*, 618 F.3d 988 (9th Cir. 2010).

1

## II.   LITIGATION AND SETTLEMENT HISTORY

### A.   Class Counsel Survived Motions to Dismiss and Pursued Complex Issues That Resulted in Multiple Pleading Amendments and Extensive Litigation

This case was originally filed over three years ago, on August 19, 2009, in the San Diego County Superior Court, which was subsequently removed to this Court.  One month later, on September 24, 2009, a second case was filed in this Court. (Dkt. No. 1).  The Court consolidated both cases, (Dkt. No. 26), which led to Plaintiffs filing, on December 14, 2009, a Consolidated Class Action Complaint. (Dkt. No. 27).

Thereafter, Class Counsel successfully opposed several case dispositive motions. On February 22, 2010, Defendants filed Motions To Dismiss Plaintiffs' Consolidated Class Action Complaint. (Dkt. Nos. 33 and 34).  On August 13, 2010, the Court upheld Plaintiffs' claims and limited Plaintiffs' Electronic Fund Transfer Act and Electronic Communications Privacy Act claims to EMI only. (Dkt. No. 61).

Class Counsel made several amendments to the consolidated complaint to remove and add additional class representatives, to expand its claims to encompass other reward programs, and to otherwise conform the complaint to discovery:

- On February 10, 2011, Class Counsel filed a First Amended Consolidated Complaint on February 10, 2011 (Dkt. No. 93).
- On May 25, 2011, Class Counsel filed a Second Amended Consolidated Complaint on May 25, 2011. (Dkt. No. 110).
- On July 28, 2011, Class Counsel filed a Third Amended Consolidated Class Action Complaint. (Dkt. No. 164).
- On December 14, 2011, Class Counsel filed a Fourth Amended Consolidated Complaint ("4th Amended Complaint"). (Dkt. No. 221).

On January 24, 2012, EMI and Provide Commerce each moved to dismiss certain claims asserted in 4th Amended Complaint. (Dkt. Nos. 227-228).  The Court ultimately deemed these motions as moot. (Dkt. No. 251).

### B.   Class Counsel Conducted Extensive Discovery

Class Counsel thoroughly investigated this case, using formal and informal discovery methods. Before filing the lawsuit, Class Counsel conducted substantial research through public

2

1    records and the Internet to verify Defendants' alleged conduct.  After filing the lawsuit, Class

2    Counsel continued to investigate and seek formal discovery.  Class Counsel propounded

3    extensive written discovery, including numerous document requests, interrogatories and requests

4    for admission.  Class Counsel further filed several motions to compel discovery from EMI. *Id.*

5    Class Counsel also took seven corporate and individual fact depositions in California and

6    Maryland.  The depositions took several months to complete.  Defendants produced more than

7    450,000 pages of documents.  Class Counsel expended significant time and resources seeking and

8    reviewing the documents produced, utilizing the latest in technology to enable them to fully

9    analyze the evidence produced.  Class Counsel also conducted extensive third party discovery,

10   issuing at least 22 nonparty document subpoenas to credit card companies and companies who

11   Defendants represented offered certain benefits to Class members as part of the Rewards

12   Program.  To further assess the claims, Class Counsel retained and worked closely with source

13   code experts who evaluated Defendants' electronic code.  Class Counsel also reviewed and

14   analyzed discovery regarding Defendants' data systems and worked with a statistics expert to

15   prepare potential damages models.  Moreover, throughout the litigation, Class Counsel

16   interviewed putative Class members regarding their claims.  *See* Declaration of James R.

17   Patterson ("Patterson Decl.") ¶¶ 4-5; Declaration of Jennie Lee Anderson ("Anderson Decl.") ¶¶

18   3-4; Declaration of Bruce W. Steckler ("Steckler Decl.") ¶¶ 3-4; Declaration of Isam C. Khoury

19   ("Khoury Decl.") ¶¶ 3-4; Declaration of Gene J. Stonebarger ("Stonebarger Decl.") ¶¶ 3-4.

20       **C.    Class Counsel Engaged in Extensive Settlement Efforts**

21       Class Counsel participated in at least six settlement conferences, including two private

22   mediations, before the parties reached the preliminarily approved settlement:

23   • On December 15, 2010, the Court convened an Early Neutral Evaluation Conference
24       for this case. (Dkt. No. 90).  No settlement.

25   • On May 18, 2011, the parties conducted a daylong mediation session with the
         Honorable Leo S. Papas (Ret.).  No settlement.

26   • On May 20, 2011, Magistrate Judge Gallo convened a Mandatory Settlement
27       Conference with the parties. (Dkt. No. 109).  No settlement.

28   • On June 20, 2011, Magistrate Judge Gallo convened another settlement conference
         between Defendants and their insurance carriers. (Dkt. No. 131). No settlement.

3

1
2    • On October 7, 2011, Magistrate Judge Gallo convened another settlement conference with Class Counsel. (Dkt. No. 198). No settlement.

3    • On April 9, 2012, the parties conducted a full-day mediation with the Honorable Edward A. Infante (Ret.). This time, the parties reached a settlement in principle and continued to negotiate the details.
4

5    After two months of continued negotiations, on June 13, 2012, the parties executed the

6    preliminarily approved Settlement Agreement.

7    **D.    Class Counsel Obtained Exceptional Benefits for the Class**

8    Class Counsel obtained meaningful relief, which will serve as a benchmark for other

9    similar cases going forward.  The benefits have an estimated $38 million value:

10   • Defendants will create a non-reversionary cash fund ("Cash Fund") of $12.5 million from which eligible Class Members will have the opportunity to claim a cash refund of non-reimbursed monthly fees in connection with Rewards Programs; and
11
12
     • Provide Commerce will automatically send to every Class Member a fully transferrable $20 credit good for online purchases on any of the following Provide Commerce websites: Proflowers.com, RedEnvelope.com, Berries.com and CherryMoonFarms.com websites ("Merchandise Code").
13
14

15   These benefits are extraordinary given that this case is largely one of first impression.  This

16   case is one of a handful of federal lawsuits challenging the online marketing practice of retailers

17   sharing consumers' billing information, including their debit and credit card numbers and home

18   addresses, for purposes of ongoing "reward club" type memberships. Some courts, including this

19   District, held that the fact finder should consider the overall enrollment *process* and determine

20   whether it is deceptive in nature. *See In re EasySaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1172

21   (S.D. Cal. Aug. 13, 2010); *Keithly v. Intelius Inc.,* 764 F. Supp. 2d 1257, 1267- 69 (W.D. Wash.

22   2011); *Ferrington v. McAfee, Inc.,* No. 10-CV-01455-LHK, 2010 WL 3910169, at *9-11 (N.D.

23   Cal. Oct. 5, 2010).  But other courts held that the offer details and disclosures associated with

24   enrollment in an online reward club are not deceptive as a matter of law, *see Berry v.*

25   *Webloyalty.com, Inc.,* No. 10-CV-1358-H (CAB), 2011 WL 1375665, at *14 (S.D. Cal. Apr. 11,

26   2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.,* MDL No. 4:08-md-1994, 2009 WL

27   2884727, at *12 (S.D. Tex. Aug. 31, 2009), *aff'd; Bott v. Vistaprint USA, Inc.* □392 Fed. Appx.

28   327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius,* No. 09-1031 SACV-AG (MLGx), 2010 WL

4

1  3791487 (C.D. Cal. Sept. 16, 2010).

2  **III.  CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND
3  REASONABLE AS A PERCENTAGE OF A COMMON FUND SETTLEMENT**

4  **A.  Class Counsel Are Entitled to Fees Under the Common Fund Doctrine**

5  The United States Supreme Court consistently recognized that "a litigant or lawyer who

6  recovers a common fund for the benefit of persons other than himself or his client is entitled to a

7  reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472,

8  478 (1980); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970). The common fund doctrine is a

9  well-recognized exception to the general American rule that a litigant must bear his own

10  attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257-58 (1975).

11  The Ninth Circuit held that the common fund doctrine applies when: (1) the class of beneficiaries

12  is sufficiently identifiable; (2) the benefits can be accurately traced; and (3) the fee can be shifted

13  with some exactitude to those benefiting. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d

14  268, 271 (9th Cir. 1989) ("*Paul*"). These factors are "easily met" when "'each member of a

15  certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum

16  [settlement] recovered on his behalf.'" *Id.* at 271, citing *Van Gemert*, 444 U.S. at 479.

17  Here, all factors support the common fund doctrine being applied to the full settlement

18  amount since Class Counsel pursued all asserted claims on the Class' behalf and obtained the

19  entire settlement amount for the Class' benefit. The only settlement component that does not

20  directly benefit the class is the requested incentive awards, which amount to 0.002% of the entire

21  settlement benefit.

22  **B.  Class Counsel's Requested Fees Are a Reasonable Percentage of the Common
23  Fund Settlement**

24  Under the common fund doctrine, courts typically award attorneys' fees based on a

25  percentage of the total settlement. *See Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *see

26  also In Re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming attorney's fee

27  award of 33% of the recovery); *Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663 (9th Cir. 2003)

28  (affirming attorney's fee award of 33% of the recovery). Every Supreme Court case that

5

considered attorneys' fees under the common fund doctrine has awarded those fees as a percentage of the recovery. *See, e.g., Camden I Condo. Assn., Inc. v. Dunkle*, 946 F.2d 768, 773 (11th Cir. 1991) citing *Blum v. Stenson*, 465 U.S. 886 (1984) (noting that the percentage of recovery method is the appropriate method to award attorney's fees in common fund cases); *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161 (1939); *Centr. R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 128 (1885); *Trustees v. Greenough*, 105 U.S. 527, 532 (1881).

The Ninth Circuit recognized a "ground swell of support for mandating a percentage-of-the-fund approach in common fund cases...." *Florida*, 915 F.2d at 545; *see also In Re Pac. Enter. Sec. Litig.*, 47 F.3d at 378-79, (affirming attorney's fee of 33% of the recovery); *Morris*, 54 Fed. Appx. at 663 (affirming fee award of 33% of the recovery). Plus, California district courts held that the percentage of the fund method is far preferable to the lodestar method because: (1) it aligns the interests of Class Counsel and the Class; (2) it encourages efficient resolution of the litigation by providing an incentive for early, yet reasonable, settlement; and (3) it reduces the demands on judicial resources. *In Re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990); *In Re Activision Sec. Litig.*, 723 F.Supp. 1373, 1378-79 (N.D. Cal. 1989).

The Ninth Circuit established 25% of the common fund as the benchmark. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit also identified five factors that are relevant in determining whether requested attorneys' fees in a common fund case are reasonable: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Applying the *Vizcaino* analysis to this case, the requested fees, slightly less than 23% of the common fund, are reasonable.

### 1.    Class Counsel Achieved Excellent Results for the Class

The excellent results achieved in the Settlement support Class Counsel's request for attorneys' fees. Here, Class Counsel negotiated a settlement with an estimated $38 million value for a nationwide Class of online consumers in which the Class will (1) have the opportunity to claim a cash refund of non-reimbursed monthly fees in connection with Rewards Programs and

6

1    (2) automatically receive a fully transferrable $20 Merchandise Code.  Patterson, Decl. ¶ 3.

2    **2.    Class Counsel Undertook Significant Risks As a First Impression Case**

3    Class action lawsuits carry tremendous risks both on certification and liability, particularly

4    since some courts, including courts in the Southern District, held that the offer details and

5    disclosures associated with enrollment in an online reward club are not deceptive as a matter of

6    law, *see Berry v. Webloyalty.com, Inc.,* No. 10-CV-1358-H (CAB), 2011 WL 1375665, at *14

7    (S.D. Cal. Apr. 11, 2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.,* MDL No.

8    4:08-md-1994, 2009 WL 2884727, at *12 (S.D. Tex. Aug. 31, 2009), *aff'd; Bott v. Vistaprint*

9    *USA, Inc.* □*392* Fed. Appx. 327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius,* No. 09-1031

10   SACV-AG (MLGx), 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010).  Given that landscape, the

11   fact that Class Counsel negotiated a settlement with an estimated $38 million value is a notable

12   achievement.

13   **3.    Class Counsel Provided Skillful and High Quality Work**

14   Practice in a relatively untested area of consumer class action litigation requires

15   knowledge and skill of the constantly evolving consumer protection laws as well as the

16   procedural requirements of class action litigation.  The issues presented in this case required more

17   than just a general appreciation of consumer law and class action procedure since this case

18   involved novel and untested issues.  Further, this case involved matters that required significant

19   expenditure of Class Counsel's time such as: (1) extensive pre-litigation investigation; (2)

20   extensive and detailed legal research into the substantive law of the causes of action at issue; (3)

21   developing and executing litigation strategies; (4) surviving dispositive motions; (5) propounding

22   and responding to extensive discovery, including substantial document review and multiple

23   depositions; (6) researching and preparing for class certification; (7) developing and executing

24   mediation and settlement strategies; and (8) analyzing detailed and extensive data and

25   information exchanged between the parties in order to assure that the Settlement's terms are

26   based upon objective evidence that had been thoroughly considered in the context of the risks,

27   expenses, and benefits of continuing to litigate the case.  Patterson, Decl. ¶¶ 4-5, 7; Anderson

28   Decl. ¶¶ 3-4, 6, 9; Steckler Decl. ¶¶ 3-4, 6; Khoury Decl. ¶¶ 3-4,6; Stonebarger Decl.,¶¶ 3-5, 7.

7

1    The quality of opposing counsel is also important in evaluating the quality of the work

2    done by Class Counsel.  Here, Cooley LLP, a prominent international law firm with extensive

3    experience in consumer and class action litigation, and Myron M. Cherry & Associates, LLC, an

4    aggressive and highly regarded Chicago-based law firm, represented Defendants.    Class

5    Counsel's ability to obtain a favorable settlement in the face of this opposition reflects their

6    superior work quality.

7                    **4.**        **Class Counsel Undertook This Case On a Contingency Basis**

8        From the outset, Class Counsel undertook significant financial risk in prosecuting this

9    case.  Class Counsel undertook this matter solely on a contingent basis with no guarantee of

10   recovery.  Class Counsel risked their resources to prosecute this action.  The case's risks were

11   apparent in that several courts, including the Southern District, held that the offer details and

12   disclosures associated with enrollment in an online reward club are not deceptive as a matter of

13   law, *see Berry v. Webloyalty.com, Inc.,* No. 10-CV-1358-H (CAB), 2011 WL 1375665, at *14

14   (S.D. Cal. Apr. 11, 2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.,* MDL No.

15   4:08-md-1994, 2009 WL 2884727, at *12 (S.D. Tex. Aug. 31, 2009), *aff'd; Bott v. Vistaprint*

16   *USA, Inc.* □*392* Fed. Appx. 327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius,* No. 09-CV-1031

17   SA-AG (MLGx), 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010).

18       Moreover, even though this case survived the pleading stage, there was no assurance that

19   this case would have been certified, that certification would include a nationwide class, or that

20   Plaintiffs would have succeeded at trial.  Despite those challenges, Class Counsel were able to

21   persuade Defendants that they faced significant liability exposure such that they were willing to

22   provide $38 million in class-wide benefits to settle this matter.  Patterson Decl. ¶ 8; Anderson

23   Decl., ¶ 9.

24                  **5.**        **Courts Have Ordered Similar or Greater Percentage Fees Awards in**
                                **Consumer Class Actions**
25

26       Class Counsel's requested fees are only 22.7% of the estimate common fund value and in

27   line with attorneys' fee awards in other common fund settlements.  In fact, California district

28   courts have awarded more than the typical 25% benchmark in common fund settlements.  For

8

1    example, when awarding 32.8% of the settlement fund for fees and costs, the Honorable Judge

2    Marilyn Hall Patel explained: "absent extraordinary circumstances that suggest reasons to lower

3    or increase the percentage, the rate should be set at 30%," as this will "encourage plaintiffs'

4    attorneys to move for early settlement, provide predictability for the attorneys and the class

5    members, and reduce the time consumed by counsel and court in dealing with voluminous fee

6    petitions." *In Re Activision Sec. Litig.*,723 F. Supp. 1373, 1375, 1378-79.(N.D. Cal. 1989); *see

7    also, e.g., In Re Pac. Enter. Sec. Litig.*, 47 F.3d at 378-79 (affirming attorney's fee of 33% of the

8    recovery); *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)

9    (33% of total fund awarded); *In re Genentech,* No. C 88-4038, (N.D. Cal. Feb. 21, 1991)

10   (awarding 30% of $29 million settlement fund as fees)(cited in California Class Actions and

11   Coordinated Proceedings (2nd ed. 2010)); *Morris,* 54 Fed. Appx. at 663 (affirming fee award of

12   33% of the recovery); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal.

13   2010) (citing to five recent class actions where federal district courts approved attorney fee

14   awards ranging from 30 to 33%); *Martin v. AmeriPride Servs., Inc.,* No. 08-CV-440-MMA

15   (JMA), 2011 WL 2313604 (S.D. Cal. June 9, 2011) (noting that "courts may award attorneys fees

16   in the 30–40% range in class actions that result in recovery of a common fund under $10

17   million"); *Singer v. Becton Dickinson and Co.*, No. 08-CV-821 - IEG (BLM), 2010 WL 2196104,

18   *8 (S.D. Cal. June 1, 2010) (approving attorney fee award of 33.33% of the common fund and

19   holding that award was similar to awards in three other w cases where fees ranged from 30.3% to

20   40%); *Ingalls v. Hallmark Mktg. Corp.*, No. 08-CV-4342 VBF, 2009 U.S. Dist. LEXIS

21   131081(C.D. Cal. Oct. 16, 2009) (awarding 33.33% fee on a $5.6 million common fund

22   settlement); *Birch v. Office Depot, Inc.*, No. 06-CV-1690 DMS (WMC), Doc. No. 48, at 13(S.D.

23   Cal. Sept. 28, 2007) (awarding a 40% fee on a $16 million wage and hour class action); *Rippee v.

24   Boston Mkt. Corp.*, No. 05-CV-1359, Doc. No. 70, at 7-8, TM (JMA) (S.D. Cal. Oct. 10, 2006)

25   (awarding a 40% fee on a $3.75 million in a common fund settlement).   Class Counsel's

26   requested fees are fair and reasonable.

27          When determining the value of the common fund, the Court must not consider the total

28   monetary amount distributed to the Class; rather, the Court should only consider the amount of

9

1  the common fund *made available* to the Class.  As articulated in *Young v. Polo Retail, LLC,* No.

2  3:2002-CV-04546, 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007), Ninth Circuit

3  precedent requires courts to award class counsel fees based on the total benefits being made

4  available rather than the amount actually paid out.  *Id.* at *23 (*citing Williams v. MGM-Pathe*

5  *Communications Co.,* 129 F 3d 1026 (9th Cir. 1997) (ruling that a district court abused its

6  discretion in basing attorney fee award on actual distribution to class instead of amount being

7  made available)); *see also, Fernandez v. Victoria Secret Stores, LLC*, No. 06-CV-04149 MMM

8  (SHx), 2008 U.S. Dist. LEXIS 123546 (C.D. Cal. July 21, 2008).

9       Class Counsel's requested fees are within the established norms.  Ninth Circuit precedent

10  only requires the Court consider the total amount being *made available* to the class (as opposed to

11  what is actually paid out).  Here, Defendants made available to the Class an estimated $38 million

12  in benefits: $12.5 million non-reversionary cash fund for claimed reimbursements, plus $20

13  Merchandise Codes to nearly 1.5 millions consumers.  Class Counsel's fees thus should be a

14  percentage of the $38 million in benefits.

15

16      **C.**    **The Merchandise Codes Are Fully Transferrable, Valid for One Year, And Functionally Equivalent to Cash**

17       The Court should not apply any discount to the Merchandise Codes' total estimated value.

18  The Merchandise Codes are fully transferrable, have a one-year expiration date, are as good as

19  cash, and are redeemable at Proflowers.com, RedEnvelope.com, Berries.com and

20  CherryMoonFarms.com websites.  Moreover, the websites offer multiple products that are less

21  than the $20 value of the Merchandise Code.  Because the Merchandise Codes are the functional

22  equivalent to cash, this Court should not discount the value of Merchandise Codes when

23  determining the common fund value.

24       Even when district courts discount monetary benefits similar to Merchandise Codes, such

25  as merchandise certificates, this discount is typically 15%.  Courts, however, balance the discount

26  by awarding Class Counsel fees ranging from 31% to 34% of the discounted value of the total

27  funds made available.  For instance, in *Fernandez*, 2008 U.S. Dist. LEXIS 123546 and *Young,*

28  2007 U.S. Dist. LEXIS 27269, two different federal courts awarded fees based on the percentage-

10

1    of-the-benefits where the class was compensated in merchandise certificates.  In *Fernandez*, the

2    court found it necessary to discount the value of the merchandise certificates (for the purposes of

3    awarding attorneys' fees) by fifteen percent based on the projected resale value of the

4    merchandise certificates on the open market.  *Id.* at 38-40.  Nevertheless, the *Fernandez* Court

5    awarded class counsel $2.89 million in attorney fees, which constituted 34% of the total *made*

6    *available* under the pure claims made settlement in that case.[1]  The *Young* Court applied a similar

7    discount and awarded fees constituting 31% of the total fund based on the discounted value of the

8    merchandise certificates provided to the class.  *Young*, 2007 U.S. Dist. LEXIS at *22, 28.

9        Because the Merchandise Codes are fully transferable and functionally equivalent to cash,

10   no discount should be applied.  But even if the Court were to apply the same 15% discount to the

11   Merchandise Codes, the total settlement value would still be $34,175,000.  The requested fees

12   would still only constitute 25% of the total settlement value, which is less than what was awarded

13   in *Fernandez* and *Young*.[2]

14   **IV.   CLASS COUNSEL'S FEE REQUEST IS REASONABLE WHEN**
     **CROSSCHECKED USING THE LODESTAR-MULTIPLIER METHODOLOGY**

15

16   **A.    Courts Consider Numerous Factors When Determining an Attorney Fee**
             **Award Under the Lodestar-Multiplier Methodology**

17       Courts often crosscheck the reasonableness of a percentage fee award against the lodestar-

18   multiplier method.  *See, e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941-42

19   (9th Cir. 2011).  The lodestar figure is calculated by multiplying the hours spent on the case by

20   reasonable hourly rates for the region and attorney experience.  *Id.*  Courts may adjust the lodestar

21   figure upward by using a positive multiplier to reflect numerous "reasonableness" factors,

22   including (1) the quality of representation, (2) class benefits, (3) complexity and novelty of issues

23   presented, and (4) risk of nonpayment.  *Id.*  State and federal courts often grant multipliers of four

24

25

26   [1] In the *Fernandez* case, all class members were required to return a claim form to receive a gift card.  As a result, far less than the maximum benefit fund was paid out.  By contrast, here, all Class Members will receive a direct benefit without having to make any claim.

27   [2] The *Fernandez* and *Young* courts only applied the discount to the portion of the fund being provided to class members in the form of merchandise certificates, and not to the total value of the fund, which would include fees,

28   costs, and administration costs being paid in cash.

11

1    or more.[3]

2         Under that method, Class Counsel seeks a projected multiplier of less than 2.0 over their

3    combined base lodestar of $4,264,116.50. Anderson Decl. ¶¶ 7-8. The multiplier will be reduced

4    due to the additional work Class Counsel will have to perform until this case is completed.  As

5    explained below, this case satisfies the factors and warrants a multiplier.

6    **B.    All Factors Support Applying A Multiplier To Class Counsel's Lodestar**

7         **1.    Class Counsel Provided Exceptional Quality Of Representation**

8         Practice in a relatively untested area of consumer class action litigation requires

9    knowledge and skill of the constantly evolving consumer protection laws as well as the

10   procedural requirements of class action litigation.  The issues presented in this case required more

11   than just a general appreciation of consumer law and class action procedure because the case

12   involved novel and untested issues.  Further, this case involved matters that required significant

13   expenditure of Class Counsel's time such as: (1) extensive pre-litigation investigation; (2)

14   extensive and detailed legal research into the substantive law of the causes of action at issue; (3)

15   developing and executing litigation strategies; (4) surviving dispositive motions; (5) propounding

16   and responding to extensive discovery, including substantial document review and multiple

17   depositions; (6) researching and preparing for class certification; (7) developing and executing

18   mediation and settlement strategies; and (8) analyzing detailed and extensive data and

19   information exchanged between the parties in order to assure that the Settlement's terms are

20   ───────────────
     [3] *See, e.g., Arenson v. Board of Trade,* 372 F.Supp. 1349 (N.D. Ill. 1974) (approving multiplier of 4 in an antitrust

21   class action); *In re: Corrugated Container Antitrust Litig.,* 1983-2 Trade Cas. (CCH) P 65, 628 (S.D. Tex. 1983)
     (approving multiplier of 4; cited in California Class Actions and Coordinated Proceedings, §15.05); *In re: Cenco,*

22   *Inc. Sec. Litig.,* 519 F.Supp. 322 (N.D. Ill. 1981) (approving multiplier of 4 in securities class action); *Rabin v.*
     *Concord Assets Group, Inc.,* No. 89 CIV. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (approving multiplier of

23   4.4 in securities class action); *In re Rite Aid Corp. Secs. Litig.,* 146 F.Supp.2d 706, 736 n. 44 (E.D. Pa. 2001)
     (approving multiplier of 4.5-8.5); *Municipal Auth. v. Pennsylvania,* 527 F.Supp. 982 (M.D. Pa. 1981) (approving

24   multiplier of 4.5); *In re: Beverly Hills Fire Litig.,* 639 F.Supp. 915 (E.D. Ky. 1986) (approving multiplier of up to 5);
     *In re: Fernald Litig.,* No. C-1-85-149, 1989 WL 267038 (W.D. Ohio, September 29, 1989) (approving multiplier of 5

25   in toxic tort class action; *Roberts v. Texaco, Inc.,* 979 F.Supp. 185 (S.D.N.Y. 1997) (approving multiplier of 5.5);
     *Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green,* 778 F.2d 890 (1st Cir. 1985) (approving multiplier of 6);

26   *Muchnick v. First Fed. Savings & Loan Assoc.,* Civ. A. No. 86-1104, 1986 WL 17091 (E.D. Pa. September 30, 1986)
     (approving multiplier of 8 in a consumer class action); *Cosgrove v. Sullivan,* 759 F.Supp. 166 (S.D.N.Y. 1991)

27   (approving multiplier of 8.84); *Perera v. Chiron Corp.,* Civ. No. 95-20725-SW (N.D. Cal. 1999, 2000) (approving
     multiplier of 9.14; cited in California Class Actions and Coordinated Proceedings §15.05); *Weiss v. Mercedes-Benz*

28   *of N. Am.,* 899 F.Supp. 1297 (D.N.J. 1995), *aff'd,* 66 F.3d 314 (3rd Cir. 1995) (approving multiplier of 9.3 in products
     liability class action).

                                                12

     ───────────────
     CASE NO. 09-CV-02094-ALB (WVG)                                    MEMO ISO MOT. FOR ATTORNEYS' FEES AND COSTS
                              **300**                                                   AND INCENTIVE AWARDS

1    based upon objective evidence that had been thoroughly considered in the context of the risks,

2    expenses, and benefits of continuing to litigate the case. *See* Patterson, Decl. ¶¶ 4-5, 7; Anderson

3    Decl. ¶¶ 3-4, 6; Steckler Decl. ¶¶ 3-4, 6; Khoury Decl. ¶¶ 3-4, 6; Stonebarger Decl.,¶¶ 3-4, 6.

4            The quality of opposing counsel is also important in evaluating the quality of the work

5    done by Class Counsel. Here, Cooley LLP, a prominent international law firm with extensive

6    experience in consumer and class action litigation, and Myron M. Cherry & Associates, LLC, an

7    aggressive and highly regarded Chicago-based law firm, represented Defendants. The ability of

8    Class Counsel to obtain a favorable settlement in the face of this opposition reflects the superior

9    quality of Class Counsel's work.

10                  **2.        Class Counsel Obtained Excellent Class Benefits**

11           Class Counsel achieved an excellent settlement in this action and realized Plaintiffs'

12   ultimate goals to: (i) change Defendants' business practices; and (ii) receive compensation for the

13   unlawful charges to their credit and debit cards and the mishandling of their private payment

14   information. The Settlement helped ensure that future online shoppers will not be enrolled into

15   online rewards programs and have their credit or debit cards subsequently charged without giving

16   knowing and full authorization. Further, Class Counsel negotiated a settlement with an estimated

17   $38 million value for a nationwide Class of online consumers. The Settlement requires

18   Defendants to create a non-reversionary $12.5 million cash fund in which the Class will have the

19   opportunity to claim a cash refund of non-reimbursed monthly fees in connection with Rewards

20   Programs. Defendants will also automatically send to the Class a fully transferrable $20

21   Merchandise Code.

22                  **3.        Class Counsel Handled Complex And Novel Issues In This Case**

23           This case involved nationwide violations of state and federal law. It is one of a handful of

24   lawsuits challenging the online marketing practice of retailers sharing consumers' billing

25   information, including their debit and credit card numbers and home addresses, for purposes of

26   ongoing "reward club" type memberships. The legal landscape regarding the challenged practices

27   is uncertain. Some courts, including this District, held that the fact finder should consider the

28   overall enrollment ***process*** and determine whether it is deceptive in nature. *See In re EasySaver*

13

1   *Rewards Litig.,* 737 F. Supp. 2d 1159, 1172 (S.D. Cal. Aug. 13, 2010); *Keithly v. Intelius Inc.,* 764

2   F. Supp. 2d 1257, 1267- 69 (W.D. Wash. 2011); *Ferrington v. McAfee, Inc.,* No. 10-CV-01455-

3   LHK, 2010 WL 3910169, at *9-11 (N.D. Cal. Oct. 5, 2010). But other courts held that the offer

4   details and disclosures associated with enrollment in an online reward club are not deceptive as a

5   matter of law, *see Berry v. Webloyalty.com, Inc.,* No. 10-CV-1358-H (CAB), 2011 WL 1375665,

6   at *14 (S.D. Cal. Apr. 11, 2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.,* MDL

7   No. 4:08-md-1994, 2009 WL 2884727, at *12 (S.D. Tex. Aug. 31, 2009), *aff'd; Bott v. Vistaprint

8   USA, Inc.* ☐392 Fed. Appx. 327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius,* No. 09-CV-1031 SA-

9   AG (MLGx), 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010).

10               **4.      Class Counsel Faced A Substantial Risk Of Nonpayment**

11          Throughout this case, Class Counsel expended a substantial time and costs to prosecute a

12   nationwide class action suit with no guarantee of compensation or reimbursement in the hope of

13   prevailing against a large, sophisticated company represented by first-rate attorneys.  *See*

14   Patterson, Decl. ¶ 8; Anderson Decl. ¶ 9.  Class Counsel prosecuted the case with the type of

15   vigor and skill required to ensure justice for the Class while simultaneously refusing alternative

16   employment opportunities with higher likelihoods of success and guarantees of fee payment.  *Id.*

17   This fact alone supports a finding that Class Counsel are entitled to a multiplier.

18          The need to fairly compensate firms who undertake unique and risky litigation for plaintiff

19   classes was noted in *Muehler v. Land O'Lakes, Inc.*, 617 F.Supp. 1370, 1375-76 (D. Minn. 1985)

20   where, in justifying the award of fees representing 35% of the recovery fund, the Court observed:

21   "If the Plaintiffs' bar is not adequately compensated for its risk, responsibility, and effort when it

22   is successful, then effective representation for Plaintiffs in these cases will disappear . . . ."

23          Additionally, as discussed above, Class Counsel prosecuted this case while facing

24   dispositive motions, negative rulings in other cases dealing with similar issues and business

25   practices, and legal uncertainty.

26   V.    **DEFENDANTS DO NOT CONTEST THE REQUESTED FEES**

27          The requested fees resulted from an arms-length negotiation via the mediator.  Defendants

28   agree not to oppose the requested fees.  Courts generally encourage the parties to negotiate and

14

1    agree to fees in order to avoid the costly and time-consuming process of applying to the court.

2    Assuming there is no evidence of collusion, the agreed upon fees should be given a presumption

3    of fairness, as explained a federal district court in *DeHoyos vs. Allstate Corp.*, 240 F.R.D. 269,

4    322 (W.D. Tx. 2007):

> An agreed upon award of attorneys' fees and expenses is proper in a class action settlement, so long as the amount of the fee is reasonable under the circumstances. *See Fed. R. Civ. P.* 23(h) (providing that 'an action certified as a class action, the court may award reasonable attorney fees and nontaxable costs authorized by … agreement of the parties ….'). In fact, courts have encouraged litigants to resolve fee issues by agreement, if possible. *Lobatz U.S. W. Cellular, Inc.*, 222 F.3d 1142, 1149-50 (2d Cir., 2000) (affirming reasonable award of fees and expenses to be paid separate from class action settlement where defendant agreed not to oppose request up to negotiated amount); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (upholding district court's award of attorneys' fees where Court had approved attorneys' fees and costs of $5.2 million which were after final settlement was achieved); *Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985) (recognizing '[a]n agreement "not to oppose" an application for fees up to a point is essential to completion of the settlement; because the defendants want to know their total maximum exposure and the plaintiffs do not want to be-sandbagged'), *cert. denied*, 475 U.S. 1143, 106 S. Ct. 1798, 90 L. Ed. 2d 343 (1986), *abrogated on other grounds sub nom Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117, S. Ct. 2231, 138 L.Ed. 2d 689 (1997); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F.Supp. 819, 829 (Mass. 1987) (concluding that '[W]hether a defendant is required by statute or agrees as part of the settlement of a class action to pay the plaintiffs' attorneys' fees, ideally the parties will settle the amount of the fee between themselves'). As the United States Supreme Court has explained, a request for attorney's fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983). 'Ideally, of course,' the Court continued, 'litigants will settle the amount of, a fee.' Id. [Other citations omitted.]

22    Here, the agreed upon fees were a compromise reached at arms-length. Each side gave up the

23    possibility of the court awarding more, or less, in agreeing to the proposed amount. This

24    agreement should not be disturbed. No collusion occurred. And the proposed amount is within

25    the reasonableness range.

26   **VI.    CLASS COUNSEL'S REQUESTED COST REPAYMENT IS FAIR AND**
27   **REASONABLE AND SHOULD BE APPROVED**

28        To date, Class Counsel incurred out-of-pocket costs totaling $2,223,398.27. The incurred

15

1  costs include court fees, mediation fees, copying fees, courier charges, legal research charges,

2  telephone/facsimile fees, travel costs, postage fees, deposition related charges, and expert fees

3  and related costs. Patterson, Decl. ¶ 6; Anderson Decl. ¶¶ 5, 7-8; Steckler Decl. ¶ 5; Khoury

4  Decl. ¶ 5; Stonebarger Decl., ¶ 6. Because the incurred costs benefited the Class Members, Class

5  Counsel request that the Court award Class Counsel $200,000 to cover costs.

6  **VII.   PLAINTIFFS' REQUESTED INCENTIVE AWARDS ARE REASONABLE AND**
7  **STANDARD**

8  **A.     Court Routinely Grant Incentive Awards To Class Representatives**

9        The Class Representatives request incentive awards as follows: Class Counsel request that

10  the Class Representatives receive incentive awards: $15,000 for Class Representatives Romero

11  and Bailey; $10,000 for Class Representatives Berentson, Jenkins, Cox and Lawler; and $5,000

12  for Class Representatives Walters and Dickey. The requested amounts reflect the involvement

13  and time each Class Representative dedicated to the case. For instance, Class Representatives

14  Romero and Bailey, among other things, have been involved in this case since inception, deposed,

15  subjected to written discovery, required to travel and attend mandatory settlement conferences,

16  and required to participate in other case related meetings and conference calls. Class

17  Representatives Berentson, Jenkins, Cox and Lawler joined the case much later. They were

18  required to travel to San Diego for depositions, were subjected to written discovery, and required

19  to participate in numerous case related meetings and conference calls. Class Representatives

20  Walters and Dickey joined the case even later. Unlike the other Class Representatives, they were

21  not required to travel to San Diego for depositions. But they were, nevertheless, subjected to

22  written discovery and required to participate in case related meetings and conference calls.

23  Patterson, Decl. ¶¶ 9-11; *see also* Steckler Decl. ¶ 7.

24        The mediator endorsed these amounts as fair and reasonable given the Class

25  Representatives' respective involvements, personal sacrifices, significant risks, and achieved

26  results. Patterson, Decl. ¶ 9. Moreover, California district courts routinely award incentive

27  payments. *See e.g. Faigman v. AT&T Mobility,* LLC, No. C06-04622 MHP, 2011 WL 672648 at

28  *5 (N.D. Cal. Feb. 16, 2011); *see also Hopson v. Hanesbrands, Inc.,* No. 08-CV-0844, 2009 WL

16

1    928133 at 10 (N.D. Cal. Apr. 3, 2009).

2    **B.    Class Representatives Actively Pursued and Participated in this Case**

3    After initiating the lawsuit, Class Representatives actively participated in litigation. For

4    instance, each spent a substantial time participating in interviews, meetings and telephone

5    consultations with Class Counsel who required considerable information pertaining to their

6    enrollment in a rewards program. Class Representatives also spent numerous hours gathering

7    information to support their claims and responding to inquiries from Class Counsel. Class

8    Representatives' efforts helped Class Counsel prepare the complaint, for mediation, the

9    anticipated certification motion, and the briefing relating to the approval of the settlement. Class

10   Representatives also were subjected to discovery. In fact, most Class Representatives were

11   required to travel across country to attend meetings and be deposed. *See* Patterson, Decl. ¶ 10.

12
13   **C.    Class Representatives Undertook Enormous Risks in Initiating and Pursuing this Case**

14   Class Representatives risked potential judgment against them if this case had been

15   unsuccessful. In class action losses, class representatives are deemed the losing party that is

16   liable for the prevailing party's costs. Few individuals are willing to undertake that risk,

17   particularly since courts have recently been entering judgments against class representatives. *See*

18   *e.g. Whiteway v. Fedex Kinkos Office & Print Services, Inc.*, C 05-2320 SBA, 2007 U.S. Dist.

19   LEXIS 95398 (N.D. Cal. 2007) (a wage and hour misclassification case lost on summary

20   judgment, after the case was certified, the named plaintiff was assessed costs in the sum of

21   $56,788). In fact, the *Whiteway* court summed up the substantial risks associated with agreeing to

22   act as a class representative:

23   '[T]he class representatives' dilemma – they must balance the risk
     of liability against their potential recovery…. While imposition of

24   the entire cost burden on the named plaintiffs may have a chilling
     effect on the willingness of plaintiffs to bring class action suits,

25   this effect easily may be outweighed by the potential recovery. All
     potential litigants must weigh costs of suit against likelihood of

26   success and possible recovery before deciding to file suit. Those
     who choose to take the risks of litigation should be the ones to bear

27   the costs when they are unsuccessful [citation omitted]. *Whiteway*,
     *supra*, at *6.

28

17

The risk of covering defense costs, alone, supports the requested incentive awards.

## VIII.  CONCLUSION

For all of the foregoing reasons, the parties respectfully request that this Court award the following:

- $8.65 million in attorneys' fees, which equals only 22.7% of the $38,000,000 settlement benefits;

- $200,000 to cover costs;

- $15,000 incentive awards to Class Representatives Romero and Bailey;

- $10,000 incentive awards to Class Representatives Berentson, Jenkins, Cox, and Lawler; and

- $5,000 incentive awards to Class Representatives Walters and Dickey.

Dated: November 26, 2012                    PATTERSON LAW GROUP, APC


By: /s/ *Alisa A. Martin*
    Alisa A. Martin

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

Bruce Steckler
Mazin A. Sbaiti
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
bsteckle@baronbudd.com
msbaiti@baronbudd.com

Isam C. Khoury, State Bar No. 58759
Michael D. Singer, State Bar No. 115301
Kimberly D. Neilson, State Bar No. 216571
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
ikhoury@ckslaw.com
msinger@ckslaw.com
kneilson@ckslaw.com

*Class Counsel for Plaintiffs and the Class*

19

CERTIFICATE OF SERVICE

I, Alisa A. Martin, certify that on November 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record registered with the CM/ECF system.

Dated: November 26, 2012                    PATTERSON LAW GROUP, APC


                                            By: /s/ *Alisa A. Martin*
                                            Alisa A. Martin

20

Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

*Co-Lead Interim Class Counsel for the Proposed Class*
*[Additional Co-Lead Class Counsel Listed On Signature Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to all Actions | **CASE NO.: 09-CV-02094-ALB (WVG)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JAMES R. PATTERSON IN SUPPORT OF MOTION FOR (1) ATTORNEYS' FEES AND COSTS, AND (2) INCENTIVE AWARDS**<br><br>Date:   January 25, 2013<br>Time:  1:30 p.m.<br>Judge: Hon. Anthony Battaglia<br>Courtroom: 12 |

I, James R. Patterson declare:

1.      I am an attorney licensed to practice by the State of California, and a shareholder of Patterson Law Group, APC, Class Counsel for Plaintiffs in this proceeding.

2.      I make this declaration in support of Class Counsel's application for an award of

1   attorneys' fees and expenses in connection with services rendered by counsel for Plaintiffs in this

2   litigation, of my own personal knowledge and, if called as a witness, I could and would testify

3   competently to the matters stated below.

**SETTLEMENT BENEFITS**

4

5   3.      Settlement has an estimated $38 million value for a nationwide class of online

6   consumers in which the Class will have the opportunity to claim a cash refund of non-reimbursed

7   monthly fees in connection with Rewards Programs and automatically receive a fully

8   transferrable $20 Merchandise Code.

**HOURS**

9

10  4.      As Co-Lead Class Counsel, I participated in all strategic and management

11  decision-making in the case.

12  5.      The chart attached as **Exhibit 1** summarizes the tasks and hours worked by my

13  firm through the date of this declaration.  The lodestar is based upon my firm's current billing

14  rates.  Additional time will be spent to prepare for the final approval hearing, implement the

15  settlement, and attend to any other necessary matters.  The chart was prepared from daily time

16  records, which are available at the Court's request for in camera review.  My firm spent 1,780.70

17  hours on this case.  My firm's lodestar is $1,120,747.50.  My firm's current hourly rates are

18  similar to rates charged by firms that specialize in class action and complex litigation.

**COSTS**

19

20  6.      As detailed in **Exhibit 2**, my firm has incurred a total of $50,194.89 in

21  unreimbursed expenses in connection with the prosecution of this litigation.  The expenses

22  incurred in this action are reflected on the books and records of my firm. These books and

23  records are prepared from expense vouchers, check records and other source materials and

24  represent an accurate recordation of the expenses incurred.

**EXPERIENCE**

25

26  7.      With respect to the standing of counsel in this case, attached hereto as **Exhibit 3**

27  is a brief biography of my firm and the attorneys who were principally involved in this litigation.

28  8.      My law firm expended substantial time and costs this case on a contingency fee

-2-

**310**

1  basis, with no guarantee of compensation or reimbursement.  This commitment also prevented

2  my firm from taking on other matters.

3  **CLASS REPRESENTATIVES' EFFORTS**

4  9.     The mediator endorsed the requested incentive awards: $15,000 for Josue Romero

5  and Gina Bailey; $10,000 for Bradley Berentson, Grant Jenkins, Daniel Cox and Jennifer

6  Lawler; and $5,000 for John Walters and Christopher Dickey.  Those amounts are fair and

7  reasonable in light of the Class Representatives' respective involvements, personal sacrifices,

8  and achieved results.

9  10.    The requested amounts reflect the involvement and time each Class

10  Representative dedicated to the case:

11      a.  Romero and Bailey, among other things, have been involved in this case since

12          inception, deposed, subjected to written discovery, required to travel and attend

13          mandatory settlement conferences, and required to participate in other case related

14          meetings and conference calls.

15      b.  Berentson, Jenkins, Cox and Lawler joined the case much later.   They were

16          required to travel to San Diego for depositions, were subjected to written

17          discovery, and required to participate in numerous case related meetings and

18          conference calls.

19      c.  Walters and Dickey joined the case even later.   Unlike the other Class

20          Representatives, they were not required to travel to San Diego for depositions.

21          But they were, nevertheless, subjected to written discovery and required to

22          participate in case related meetings and conference calls.

23  11.    Additionally, Romero, Berentson, Jenkins, Cox, Lawler, Walters, and Dickey

24  actively participated in the case by constantly communicating with my firm about the case, being

25  available to answer any questions, reviewing documents, staying updated on the case's status,

26  and conferring on various case issues, including settlement offers.  They also provided our firm

27  with considerable information about their online transactions that resulted in the alleged

28  unauthorized credit and debit card charges.  They also spent considerable time gathering and

1   obtaining bank statements and other relevant documents to support their claims.   They also

2   assisted with evaluating information obtained from Defendants.   Plus, their efforts were

3   instrumental with helping my firm prepare the pleadings and anticipated certification motion,

4   and achieving the preliminarily approved settlement.

5        I declare under penalty of perjury under the laws of the United States of America and the

6   State of California that the foregoing is true and correct to the best of my knowledge.

7        Executed on November 26, 2012.

8                                            _/s/  James. R. Patterson_____
                                            James R. Patterson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**312**

EXHIBIT 1

EXHIBIT 1

# PATTERSON LAW GROUP TIME REPORT
### IN RE: EASYSAVER REWARDS LITIGATION

**Inception through November 26, 2012**

| | GENERAL DESCRIPTION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **1.** | ***Pre-Filing Tasks:*** | 33 | $675 (JRP)[1] | $22,275 |
| | Conducts numerous client and witness meetings; performed legal research and analysis; reviewed client documents; drafted complaint | 49 | $575 (AAM) | $28,175 |
| **2.** | ***Post Filing Pleading Amendment:*** | 55 | $675 (JRP) | $37,125 |
| | Lead conference calls and other communications with opposing counsel; prepared motions to amend pleadings; drafted amended pleadings and researched issues related to same; participated in hearings regarding amendments | 153 | $575 (AAM) | $87,975 |
| | | 4.0 | $625 (AHG) | $2,500 |
| **3.** | ***Discovery:*** | 273.7 | $675 (JRP) | $184,747.50 |
| | Propounded and responded to written discovery, including document requests, interrogatories, and requests for admissions; prepared witnesses for depositions; defended depositions; reviewed and analyzed documents; conferred with and managed clients; interviewed witnesses; reviewed, analyzed and coded documents; conducted meet and confers; interviewed and consulted with experts; researched and handled subpoenas issued to lead plaintiffs' email accounts | 147 | $575 (AAM) | $84,525 |
| | | 0.3 | $125 (PL) | $37.50 |
| **4.** | ***Motion Practice:*** | 245 | $675 (JRP) | $165,375 |
| | Brought and opposed numerous motions and ex parte applications, including opposing multiple motions to dismiss, motions to strike, bringing and opposing motions to compel, moving to quash subpoenas, researching and preparing motion for class certification, requesting leave to file amended complaints, bringing joint motions on various matters. Also, consulted expert on motion related issues, including class certification, researched numerous issues related to motions and ex parte applications. | 251 | $575 (AAM) | $144,325 |
| **5.** | ***Correspondence with Class Members:*** | 23 | $675 (JRP) | $15,525 |
| | Conducted witness interviews; communicated with class members | 53 | $575 (AAM) | $30,475 |

---

[1] JRP = James R. Patterson; AAM = Alisa A. Martin; HWH = Harry W. Harrison; MJO = Matthew J. O'Connor; AHG = Allison H. Goddard; PL = paralegal.

-1-

CASE NO.: 09-CV-2094-ALB-WVG

| GENERAL DESCRIPTION | HOURS | RATE | LODESTAR |
|---|---|---|---|
| **6.** *Prepare for Mediations and Settlement Conferences:* | 29.1 | $675 (JRP) | $19,642.50 |
| Prepared for and participated in multiple mediations and settlement conferences; consulted with expert on damage analysis; consulted with clients; prepared briefs; traveled to and attended mediations; lead post mediation conferences with mediator and defense counsel | 66.9 | $575 (AAM) | $38,467.50 |
| **7.** *Attend Mediations and Settlement Conferences:* | 27 | $675 (JRP) | $18,225 |
| Traveled to and attended mediations and settlement conferences | 11 | $575 (AAM) | $6,325 |
| **8.** *Settlement Agreement:* | 66 | $675 (JRP) | $44,550 |
| Negotiated terms and prepared settlement agreement and supporting documents; conferred with clients | 6 | $575 (AAM) | $3,450 |
| **9.** *Motion for Approval:* | 4 | $675 (JRP) | $2,700 |
| Prepared motion for preliminary approval; attend matters re class members and claims administrator; reviewed and analyzed claims data; prepared motion for attorney fees and incentives | 46 | $575 (AAM) | $26,450 |
| **10.** *General Case Management Issues:* | 198 | $675 (JRP) | $133,650 |
| Met and conferred with co-counsel and opposing counsel over various case management and scheduling issues; prepared statements; attended case management hearings; developed case strategy; prepared for and attend MDL and handled matters related to same | 23.7 | $575 (AAM) | $13,627.50 |
| | 14 | $675 (HWH) | $9,450 |
| JRP TOTAL | **953.80** | **$675** | **$643,815** |
| AAM TOTAL | **806.60** | **$575** | **$463,795** |
| HWH TOTAL | **14.00** | **$675** | **$9,450** |
| MJO TOTAL | **2.00** | **$575** | **$1,150** |
| AHG TOTAL | **4.00** | **$625** | **$2,500** |
| PL TOTAL | **0.3** | **$125** | **$37.50** |
| COMBINED TOTAL | **1780.70** | | **$1,120,747.50** |

-2-

**315**

Exhibit 1                                                      CASE NO.: 09-CV-2094-ALB-WVG

EXHIBIT 2

# EXHIBIT 2

## PATTERSON LAW GROUP COST REPORT
### IN RE: EASYSAVER REWARDS LITIGATION

### Inception through November 26, 2012

| | EXPENSES | AMOUNT |
|---|---|---|
| 1. | Assessments | $17,500 |
| 2. | Outside Copies | $2,441.94 |
| 3. | In-house Reproduction/Copies | $783.56 |
| 4. | Court Costs & Filing Fees | $525.24 |
| 5. | Court Reporters & Transcripts | 0.00 |
| 6. | Computer Research | $19,194.40 |
| 7. | Telephone & Facsimile | 0.00 |
| 8. | Postage/Express Delivery/Courier | $506.91 |
| 9. | Professional Fees (investigator, accountant, etc.) | 0.00 |
| 10. | Experts | 0.00 |
| 11. | Witness / Service Fees | $781.23 |
| 12. | Travel: Airfare | $4,105.43 |
| 13. | Travel: Lodging/Meals | $3,960.52 |
| 14. | Travel: Car rental/cabfare/parking | $395.66 |
| 15. | Miscellaneous | $0 |
| | **TOTAL** | **$50,194.89** |

-1-

CASE NO.: 09-CV-2094-ALB-WVG

EXHIBIT 3


PATTERSON LAW GROUP

Patterson Law Group is a San Diego, California based commercial litigation firm that focuses on complex class action litigation, including consumer protection, privacy, and employee rights. Founder James Patterson has been recognized as a leader on both the state and national levels, and has been appointed lead counsel, or co-lead counsel in more than 35 state and federal class actions.

## CONSUMER PROTECTION CLASS ACTIONS

Our consumer advocacy practice is focused on protecting privacy and consumer rights. We have prosecuted more than 35 class actions involving various consumer protection issues. Representative cases that have been certified as class actions and prosecuted to judgment include: (1) *Shabaz, Korn v. Polo Ralph Lauren Corp.,* Case No. SA CV 07-1349 AG (US Dist. Ct.) (class receiving benefits of more than $10 million); (2) *Anderson v. United Retail Group*, Case No. 37-2008-00089685-CU-BT-CTL (San Diego Sup. Ct.) (class receiving benefits of approximately $4.2 million); (3) *McCarthy v. Euromarket*, Case No. 37-2008-00085041-CU-BT-CTL (San Diego Sup. Ct.) (class receiving benefits of approximately $6 million) (4); *Johnson v. New York & Company*, Case No. 37-2008-00080567-CU-BT-CTL, (San Diego Sup. Ct.) (class receiving benefits of approximately $5 million).

We are currently involved in a number of class actions pending in federal court challenging deceptive marketing practices, including: (1) *In re: Hydroxycut Marketing and Sales Practices Litigation*, MDL No. 2087; (2) *Cox v. Clarus Marketing Group, LLC,* Case No. 3:11-cv-02711-H-RBB (S.D. Cal.); (3) *Berry v. Webloyalty.com, Inc.,* Case No. 11-55764 (9th Cir. Court of Appeals);.

We are also currently involved in class actions brought on behalf of consumers nationwide alleging unfair practices arising from the systematic and arbitrary reduction of their credit lines, including *Winkler v. Citibank*, Case No. 09-cv-1999-BTM-CAB (S.D. Cal.); *Brewster v. USAA Federal Savings Bank*, Case No. 10-CV-1633-JAH-BLM (S.D. Cal.); *Vess v. Bank of America,* Case No. 3:10-CV-00920-JAH-NLS (S.D. Cal.); *O'Leary v. Wells Fargo Bank*, Case No. 2:10-CV-01913-MCE-GGH (E.D. Cal.).

## EMPLOYEE RIGHTS ACTIONS

Our employee protection practice includes prosecution and trial of both individual and class cases. Recent class cases currently being litigated or resolved include: (1) *LaMasa, et al. v. INDYMAC Resources, Inc.*, Case No. 626836 (Stanislaus County Sup. Ct.) (over $3,000,0000 in compensation recovered on behalf of former employees after bank failure and seizure by FDIC); (2) *DeLapp v. Union Bank*, Case No. CGC-10-500638 (San Francisco Sup. Ct.) (over $1,800,000 recovered for former employees for lost vacation pay); (3) *Fletcher v. The Toro Company*, Case No. 37-2008-00095573 (San Diego Sup. Ct.) (approximately $1,000,000 in compensation recovered for the class of only 119 people); (4) *Von Retteg v. La Costa Limousine,* Case No. 37-2008-00086676 (San Diego Sup. Ct.) (approximately $300,000 in compensation recovered for a small class of limousine drivers); (5) *Chase, et al. v. Rite Aid Corp.*, Case No. (Los Angeles County Sup. Ct.) (wage and hour class action on behalf of pharmacists employed by Rite Aid); (5) *Zapata v. BAE Systems,* Case No. 37-2008-00081654 (San Diego Sup. Ct.) (wage and hour class action); (6) *Johnson v. U.S. Vision, Inc, et al.,* Case No. 37-2010-00086511 (San Diego Sup. Ct.) (wage and hour class action); (7) *Ives v. Fidelity National Title*, Case No. 37-2009-00087068 (San Diego Sup. Ct.) (wage and hour class action); (8) *Yanez v. Gordon Trucking, Inc.*, Case No. 10cv324 (E.D. Cal.).

## TRIAL EXPERIENCE

While we take pride in our ability to appropriately evaluate and favorably resolve complex cases, we are ready, willing, and able to vigorously litigate any case through trial. The attorneys at Patterson Law Group have significant trial experience, including notable results in *Ichor Medical Systems v. Walters* ($14 million jury verdict, S.D. Cal.) and *Oris Medical Systems v. Allion Healthcare* ($4 million settlement reached mid-trial; San Diego Sup. Ct.). Collectively, Patterson Law Group's attorneys have tried more than 20 jury trials.

## ATTORNEYS

**Jim Patterson** is the founding member and the head of the consumer and

**320**

employment class action practice at Patterson Law Group. He has been consistently recognized as a leader in class actions and commercial litigation by his peers, the media, and numerous courts. After graduating from law school in 2000, Jim joined the law firm of Cooley LLP in San Diego, California. Cooley is a large national firm that focuses, on complex litigation, including class action defense. Jim left Cooley in 2006 to found the law firm of Harrison Patterson & O'Connor. In 2011, the partners of Harrison Patterson & O'Connor decided to separate their respective practice areas and Jim founded Patterson Law Group, which focuses exclusively on consumer and employee class actions. Jim has spent the last decade successfully litigating complex cases, including numerous class actions. He has been appointed lead counsel in numerous state and federal class action cases, and has recovered hundreds of millions of dollars in benefits for his clients and class members. Jim has been asked to speak at numerous seminars and testify before the California Legislature as to important proposed legislation.

**Allison Goddard** joined Patterson Law Group at its inception. After graduating from law school in 2000, Ali joined the law firm of Cooley LLP in San Diego, California, where she focused her practice on class actions and complex litigation. She left Cooley in 2004 to found the litigation boutique firm Jaczko Goddard. There, Ali concentrated on intellectual property and general business litigation. In 2011, she joined Patterson Law Group at its inception to continue working on intellectual property matters and complex class actions. Ali is very active in the legal community and has served as President of the San Diego Chapter of the Federal Bar Association, Vice Chair of the Host Committee for the 2012 Federal Bar Association National Meeting and Convention. She is currently a Lawyer Representative from the Southern District of California to the Ninth Circuit Judicial Conference.

**Alisa Martin** joined Patterson Law Group at its inception. After graduating for law school in 2002, Alisa joined the law firm of Cooley LLP in San Diego, California. She spent eight years at Cooley LLP and then left to join Harrison Patterson & O'Connor LLP. After two years at that firm, she joined Patterson Law Group to focus exclusively on consumer and employment class actions. She is a well recognized advocate for consumers and employees and has prosecuted and defended numerous state and federal class actions. Alisa's training and experience at Cooley, a large national defense firm,

provides her with invaluable insight into large corporations' inner-workings and decision making process. Alisa also is a trained clinical therapist, which honed her communications skills and ability to understand her clients' needs.

**Matt O'Connor** spent 6 years with as a government prosecutor with the Contra Costa County District Attorney's Office, and 6 years with Harrison Patterson & O'Connor LLP prior to joining Patterson Law Group. He has litigated more than 20 consumer and employee class actions, and has tried over forty cases to verdict. Matt's training and experience as a government attorney prosecuting individuals who profit from data breaches and identity theft, many through jury trial, gives him a unique perspective on how to combat consumer fraud on a large scale. His courtroom experience is an invaluable asset which he draws upon to reach successful resolution of complex class action cases, both in the consumer protection and employment areas of law. Matt is a graduate of the University of California at Davis, and then Santa Clara University School of Law, where he finished Cum Laude and with a High Technology Certificate.

1  Jennie Lee Anderson, State Bar No. 203586
   Lori E. Andrus, State Bar No. 205816
2  ANDRUS ANDERSON LLP
   155 Montgomery Street, Suite 900
3  San Francisco, CA 94104
   Telephone: (415) 986-1400
4  Facsimile: (415) 986-1474
   jennie@andrusanderson.com
5  lori@andrusanderson.com

6  James R. Patterson, State Bar No. 211102
   Alisa A. Martin, State Bar No. 224037
7  PATTERSON LAW GROUP
   402 West Broadway, 29th Floor
8  San Diego, CA 92101
   Telephone: (619) 756-6990
9  Facsimile: (619) 756-6991
   jim@pattersonlawgroup.com
10 alisa@pattersonlawgroup.com

11                    UNITED STATES DISTRICT COURT

12                  SOUTHERN DISTRICT OF CALIFORNIA

13                                    )
14                                    )
                                      )
15 IN RE: EASYSAVER REWARDS           )
   LITIGATION                         ) LEAD CASE NO.: 09-CV-2094-AJB-WVG
16                                    )
                                      ) **CLASS ACTION**
17                                    )
                                      ) **DECLARATION OF ISAM C. KHOURY
18                                    ) IN SUPPORT OF PLAINTIFFS'
                                      ) APPLICATION FOR ATTORNEYS'
19                                    ) FEES AND COSTS**
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____    )

23

24      I, Isam C. Khoury declare:

25      1.      I am an attorney licensed to practice by the State of California, and a partner of

26 the law firm Cohelan Khoury & Singer, Class Counsel for Plaintiffs in this proceeding.

27      2.      I make this declaration in support of Class Counsel's application for an award of

28 attorneys' fees and expenses in connection with services rendered by counsel for Plaintiffs in this

-1-

**323**

1  litigation, of my own personal knowledge and, if called as a witness, I could and would testify

2  competently to the matters stated below.

3      3.      The tasks undertaken by my firm can be summarized as follows: drafting and

4  editing pleadings, tracking MDL proceedings, meeting and corresponding with clients, drafting

5  discovery and reviewing responses as well as conducting extensive document review and

6  drafting summaries, preparing responses to discovery and obtaining information and documents

7  from clients, preparing for depositions and attending depositions, reviewing and analyzing

8  deposition transcripts, working with outside investigators, consultants and experts, making

9  appearances in court, conducting legal and on-line research, drafting and editing motions

10 including motions to compel discovery and opposing multiple Motions to Dismiss,

11 corresponding and summarizing discussions with co-counsel and opposing counsel, reviewing

12 and editing correspondence, attending mediation and assisting with mediation preparation, and

13 participating in attorney meetings and strategy sessions.

14     4.      The schedule attached hereto as Exhibit 1 is a summary indicating the hours

15 worked by the partners, associates, and professional support staff who were involved in this

16 litigation at my firm, by category, through the date of this declaration (additional time will be

17 spent in preparation for the settlement hearing, any further proceedings, and in implementing the

18 settlement), and the lodestar calculation based upon my firm's current billing rates. Time spent in

19 preparing this application for fees is not included.  The schedule was prepared from

20 contemporaneous, daily time records regularly prepared and maintained by my firm, which are

21 available at the request of the Court for in camera review. My firm has spent 878.5 hours on this

22 litigation from the inception of the case through November 26, 2012.  The total lodestar amount

23 based on the firm's current rates is $445.937.50.  The hourly rates set forth in Exhibit 1 are my

24 firm's regular hourly rates and similar to the rates charged by litigation firms in the area for

25 complex litigation.

26     5.      As detailed in Exhibit 2, my firm has incurred a total of $34,112.63 in

27 unreimbursed expenses in connection with the prosecution of this litigation.  The expenses

28 incurred in this action are reflected on the books and records of my firm. These books and

Declaration of Isam C. Khoury ISO Pltfs' Motion            CASE NO.: 09-CV-2094-AJB-WVG

1    records are prepared from expense vouchers, check records and other source materials and

2    represent an accurate recordation of the expenses incurred.

3         6.    With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is

4    a brief biography of my firm and partners in my firm who were principally involved in this

5    litigation.

6         I declare under penalty of perjury under the laws of the United States of America that the

7    foregoing is true and correct to the best of my knowledge.

8         Executed on this 26th date of November, 2012.

9                              _/s/Isam C. Khoury_
                              **ISAM C. KHOURY**
10

11                            Bruce Steckler
                              Mazin A. Sbaiti
12                            BARON & BUDD, P.C.
                              3102 Oak Lawn Avenue, Suite 1100
13                            Dallas, TX 75219
                              Telephone: (214) 521-3605
14                            Facsimile: (214) 520-1181
                              bsteckle@baronbudd.com
15                            msbaiti@baronbudd.com

16                            Isam C. Khoury, State Bar No. 58759
17                            Michael D. Singer, State Bar No. 115301
                              Kimberly D. Neilson, State Bar No. 216571
18                            COHELAN KHOURY & SINGER
                              605 C Street, Suite 200
19                            San Diego, CA 92101
                              Telephone: (619) 595-3001
20                            Facsimile: (619) 595-3000
                              ikhoury@ckslaw.com
21                            msinger@ckslaw.com
22                            kneilson@ckslaw.com

23                            *Additional Co-Lead Class Counsel for Plaintiffs*
24                            *and the Class*

25

26

27

28

Declaration of Isam C. Khoury ISO Pltfs' Motion        CASE NO.: 09-CV-2094-AJB-WVG

# EXHIBIT 1

EXHIBIT 1

**IN RE: EASYSAVER REWARDS LITIGATION**

**COHELAN KHOURY & SINGER**

**TIME REPORT – Inception through November 26, 2012**

| Name/Position[1] | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Cohelan, Timothy (P) | 72.10 | $750 | $54,075.00 |
| Khoury, Isam (P) | 149.40 | $700 | $104,580.00 |
| Singer, Michael (P) | 165.25 | $700 | $115,675.00 |
| Neilson, Kimberly (A) | 489.50 | $350 | $171,325.00 |
| Worden, Amber (PL) | 2.26 | $125 | $282.50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | 878.51 | | $445,937.50 |

[1] Partner (P), Associate (A), Paralegal (PL)

-1-

**327**

# EXHIBIT 2

1

2

EXHIBIT 2

3

**IN RE: EASYSAVER REWARDS LITIGATION**

4

**COHELAN KHOURY & SINGER**

5

**TIME REPORT – Inception through November 29, 2012**

6

7

8

| Type of Expense | Amount |
|---|---|
| Assessments | $27,500.00 |
| Outside Copies | $0.00 |
| In-house Reproduction/Copies | $4,470.25 |
| Court Costs & Filing Fees | $128.00 |
| Court Reporters & Transcripts | $0.00 |
| Computer Research | $46.59 |
| Telephone & Facsimile | $0.00 |
| Postage/Express Delivery/Courier | $480.33 |
| Professional Fees (investigator, accountant, etc.) | $204.04 |
| Experts | $0.00 |
| Witness / Service Fees | $0.00 |
| Travel: Airfare | $843.20 |
| Travel: Lodging/Meals | $23.97 |
| Travel: Car rental/cabfare/parking | $416.25 |
| Miscellaneous | $0.00 |
| **TOTALS** | **$34,112.63** |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

**329**

# EXHIBIT 3

EXHIBIT 3

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN,* APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER,• APLC

(* Also admitted in the District of Columbia)
(• Also admitted in Colorado)

**ATTORNEYS AT LAW**

**605 "C" STREET, SUITE 200**
**SAN DIEGO, CALIFORNIA 92101-5305**
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

**www.ckslaw.com**

JEFF GERACI
J. JASON HILL†
KIMBERLY D. NEILSON

(† Also admitted in Illinois)
(⌂ Of Counsel)

**TIMOTHY D. COHELAN** and **ISAM C. KHOURY** are the founding partners of **COHELAN KHOURY & SINGER**, a civil litigation firm established in 1981. Since 1987, Cohelan Khoury & Singer has specialized in class action cases and has been certified as class counsel and lead counsel in numerous state and federal court cases throughout the United States. The firm has successfully prosecuted several class actions representing diverse groups of victims including urban homeless entitled to emergency shelter; victims of a national health insurance fraud scheme; retirees entitled to pension benefits; defrauded investors; and workers entitled to back wages and expense reimbursement.

Cohelan Khoury & Singer has a broad array of experience in prosecuting class action cases. The firm has successfully achieved a groundbreaking reversal of a class certification denial in the published case of *Hicks v. Kaufman and Broad* (2001) 89 Cal.App.4th 908 and has achieved statewide recognition for pro bono public interest work including successful cases prosecuted on behalf of homeless persons in *Hoffmaster v. City of San Diego* (1997) 55 Cal.App.4th 1098.

Cohelan Khoury & Singer's public interest work has been recognized in numerous cases including that of United States District Court Judge Milton Pollack, a Senior United States District Court Judge for the Southern District of New York, who has publicly stated that he had "seen no similar indication of a public service rendered by any group of lawyers in all the years I have practiced law myself, which is for 38, or the 27 years that I have been on the bench." Judge Pollack's comments came in connection with a class action case brought on behalf of thousands of victims of health insurance fraud across the nation.

The firm has substantial trial experience in class action, representative, and complex litigation, as well as individual matters. For example, the firm obtained a $3.5 million judgment in a certified case against the State of Hawaii Child Support Enforcement Agency for wrongful retention of child support monies. The agency was ordered to conduct an accounting and pay the funds to the custodial parents. The firm has also represented large numbers of individuals collectively for construction defect claims and major investment frauds, recovering monies related to cracked slab foundations and defrauded investors of Ponzi schemes.

-1-

**331**

Cohelan Khoury & Singer's diverse practice currently includes representation of, among others, employees contesting wage and hour violations as well as California gasoline wholesale purchasers (dealers) for alleged antitrust violations of the Sherman Action relating to the distribution of gasoline.

Cohelan Khoury & Singer has certified classes in heavily contested hearings against the following entities:

1.    Atlantic Richfield Corporation, Chevron Corporation, Exxon Corporation, Mobil Oil Corporation, Shell Oil Company, Texaco, Inc., Tosco Corporation, Ultramar Corporation, and Unocal Corporation
2.    Empire Blue Cross/Blue Shield
3.    Pioneer Mortgage
4.    Liebert Corporation
5.    PaineWebber, Inc.
6.    Dayton Hudson Corp.
7.    Chartwell Financial
8.    Cal Fed, Inc.
9.    Jones, American Thrift
10.    Service Technicians, Inc.
11.    Kaufman & Broad
12.    Washington Mutual Bank
13.    Albertson's, Inc.
14.    Wells Fargo Home Mortgage, Inc.
15.    Brinker Restaurant Corp.
16.    FedEx Ground Package System
17.    Ethan Allen, Inc.
18.    State of Hawaii Child Support Enforcement Agency
19.    Victoria Apartments
20.    AT&T Wireless Services, Inc.
21.    Farmers Insurance Company
22.    City of San Diego
23.    Lewis Homes of California
24.    Freedom Communications, Inc. d/b/a The Orange County Register
25.    California Pizza Kitchen
26.    Raytheon Company
27.    Les Schwab Tire Centers of California, Inc.
28.    Certified Class Counsel in close to 100 settlement classes

COHELAN KHOURY & SINGER has obtained numerous verdicts, judgments, or settlements since September 1993.  Listed below are a few of the more recent examples of cases the firm has played a central role in the resolution of and which have received final approval by the Court:

- *Bennett v. Countrywide*, San Diego Superior Court, Case No. GIC840981 [expense reimbursement claim by commission employees];
- *Evans v. Washington Mutual Bank*, Orange County Superior Court Case No. 02CC15415 [expense reimbursement and wage deduction claim by commission employees];
- *Gonzalez, et al. v. Freedom Communications, Inc. d/b/a The Orange County Register*, Orange County Superior Court Case No. 03CC08756 [home delivery carriers misclassified as "independent contractors"];
- *Aravena v. Cisco Systems, Inc.*, Orange County Superior Court Case No. 07CC01367 [OT misclassification claim by IT employees]**;**
- *Venturini v. Genentech, Inc.*, San Francisco Superior Court Case No. CGC-09-492494 [OT misclassification claim by IT employees];
- *Durrani v. Western Digital Corporation, et al.*, Orange County Superior Court Case No. 30-2009-00268212 [OT misclassification claim by IT Employees];
- *Watson v. Raytheon Company*, United States District Court, Southern District of California Case No. 10CV0634 [Ot misclassification claim by IT employees];
- *Bills v. Sutter Health*, Alameda Superior Court Case No. RG09465894 [Ot misclassification claim by IT employees];
- *Smith v. California Pizza Kitchen*, San Diego Superior Court Case No. 37-2008-00083992 [OT misclassification claims by managers and assistant managers];
- *Dunn v. The Kroger Company, et al.*, Los Angeles Superior Court Case No. Case No. BC323252 [meal and rest break claims]; and
- *Gallen v. Gambro Healthcare, Inc.*, Orange County Superior Court Case No. 04CC00571 [OT claims by nurses].

**TIMOTHY D. COHELAN**, Founding Partner, author of *Cohelan on California Class Actions* (Thomson-West, 1997-2012, updated annually), is the son of the late Jeffery Cohelan, former California Congressman. He is a 1974 graduate of California Western School of Law, where he was a law review editor. Mr. Cohelan served as an Officer in the U.S. Navy from 1968 to 1971 and received a B.A. from the University of Arizona in 1967. Mr. Cohelan was admitted to the State Bar of California in 1974, and was admitted to the Bar in the District of Columbia in 1996. He also served as the Chairman of the San Diego Coast Regional Commission from 1978 to 1981. From 1982 to 2006 Cohelan served the San Diego Superior Court as a Judge Pro Tem, hearing and ruling on hundred of matters during his service.

Timothy Cohelan was named a "California Lawyer of the Year" by California Lawyer Magazine (Clay Award) in 1996.  Mr. Cohelan's memberships include former member of the Board of Governors of the Association of Business Trial Lawyers for San Diego County, member

of the American Bar Association and the Consumer Attorneys of California and San Diego County Bar Association. His main areas of practice include class action, civil, wage and hour and antitrust cases.

Mr. Cohelan currently serves as a Board Member of San Diego Volunteer Lawyer Program, a non-profit successor of Legal Aid. As an advocate for the homeless, Cohelan received San Diego County Bar Association honors for community service in connection with his work on behalf of SDVLP on an important class action case impacting homeless shelter locations.

**ISAM C. KHOURY,** Founding Partner, is a 1970 graduate of the University of California at San Diego and received a law degree from Hastings School of Law in 1973. Mr. Khoury is a member of the State Bar of California, admitted in 1974, the San Diego County Bar Association, Consumer Attorneys of San Diego and Consumer Attorneys of California. He has successfully litigated numerous complex civil matters to verdict, jury and non-jury. His main areas of practice include civil tort litigation, personal injury, business torts, antitrust and class action cases.

In recent years, Mr. Khoury has emphasized wage and hour class action litigation, including all aspects of overtime eligibility and the evolving nature of California and federal employment law. He has been approved as a continuing legal education lecturer and has participated in seminars on class action wage and hour issues, the complexities of mediation, and the procedural requirements involved in class action settlements.

**DIANA M. KHOURY,** Partner, received a law degree from Western State University in 1986 and is a graduate of San Diego State University, where she received her B.S. in 1975. She is a member of the State Bar of California, admitted in 1987. Ms. Khoury is also a member of the San Diego County Bar Association, Consumer Attorneys of San Diego, Consumer Attorneys of California, American Bar Association and The Association of Trial Lawyers of America. She has served on the Board of Directors for the Consumer Attorneys of San Diego for years 2010, 2011, and 2012, and has served on numerous committees over the years for the Consumer Attorneys of California and the San Diego County Bar Association. Ms. Khoury has been a member of the American Association for Justice since 1987.

Upon being admitted to the State Bar of California, a major focus of Ms. Khoury's practice has been on consumer rights litigation, and has included civil tort litigation, personal injury, and business torts. Throughout her career, she has taken numerous jury trials to verdict. She has been a lecturer for Mandatory Continuing Legal Education regarding class actions. Ms. Khoury currently represents employees in wage and hour class actions, where her recognized specialty is class action resolution.

-4-

**334**

**MICHAEL D. SINGER**, Managing Partner, is a 1984 graduate of U.C. Hastings Law School. He graduated magna cum laude from San Francisco State University in 1980 with a B.A. in English. He was admitted to the State Bar of California in 1984 and the State Bar of Colorado in 2001. He is a member of the California Employment Lawyers Association (CELA) and the San Diego County Bar Association. He is the author of the opening chapter overview on California wage and hour law in *California Wage and Hour Law: Compliance and Litigation* (CEB 2010-2012).  Mr. Singer serves on the LAS-ELC Board of Directors. His main areas of practice include employment wage and hour, consumer, and unfair competition class actions and appellate practice.

Mr. Singer regularly contributes amicus curiae briefs on employment issues for CELA and also serves as wage and hour amicus liaison for CELA, reviewing and coordinating amicus filings on wage and hour issues in the California Supreme Court and Courts of Appeal. With regard to CELA, he has acted as amicus curiae liaison, coordinating, drafting or co-drafting amicus letters and briefs on a wide range of labor law issues in the rapidly developing decisional law, supporting Review in the Supreme Court, and publication or depublication of Court of Appeal decisions in the following cases since 1/1/08: *Chindarah v. Pick up Stix*, 171 Cal. App. 4th 796 (2009); California Superior Court Case No. S171864 [regarding propriety under Labor Code section 206.5 and California Rules of Court of settling with absent class members without court supervision prior to class certification] (Supporting Petition for Review; Review Denied), *Lu v Hawaiian Gardens Casino*, California Supreme Court Case No. S171442 [whether a private cause of action exists under the Labor Code for tip pooling violations](Review Granted), *Brinkley v Public Storage*, 198 P.3d 1087 (2009); California Supreme Court Case No. S168806 [denying class certification of rest and meal period claims](Review Granted), *Estrada v. Fedex Ground Package System*, 154 Cal. App. 4th 1 (2007); California Supreme Court Case No. S156595 [judgment finding drivers entitled to expense reimbursement] (supporting opposition to Review; Review denied), *Group Brewer v Premier Golf*, 168 Cal. App. 4th 1243 (2008); California Supreme Court Case No. 169666 [holding punitive damages unavailable in connection with wage claims] (supporting Petition for Review; Review Denied),  *Christler v. Express Messenger*; California Supreme Court Case No. S171439 [jury verdict finding employees independent contractors] (supporting Petition for Review; Review Denied), *Watkins v. Wachovia*, 172 Cal. App. 4th 1576 (2009); California Court of Appeal Case No. B199982 [affirming dismissal of appeal following denial of class certification based on employee severance agreement resolving claims (depublication request pending), *Ghazaryan v. Diva Limousine*, 169 Cal. App. 4th 1524 (2008); California Court of Appeal Case No. B201509 [reversing class certification denial] (publication request granted), *Bufil v Dollar Financial Group*, 162 Cal. App. 4th 1193 (2008); California Court of Appeal Case No. A118143 [reversing certification denial of meal period claims applying collateral estoppels] (publication request granted) *Kurian v. U.S. Mortgage Capital*, California Court of Appeal Case No. B201013 [regarding propriety of wage compromises under Labor Code section 206.5] (publication request denied) *BCBG Overtime Cases*, 163 Cal. App. 4th 1293 (2008); California Supreme Court Case No. S165348 [propriety of defendant bringing preemptive motion to deny class certification] (depublication request denied); *Kenny v Supercuts*, 252 F.R.D. 641 (2008); United State District Court Case No. C 06-07521 CRB, *Salazar v Avis*, 251 F.R.D. 529 (2008), United State District Court Case No.

07-CV-0064-IEG-WMC [denying certification of rest and meal period claims] (request that 9th Circuit Court of Appeals certify question to the California Supreme Court denied), and *Methodist Hospital v Superior Court*, California Court of Appeal Case No. B208295 [ruling a private right of action exists for rest and meal period claims under Labor Code section 226.7] (supporting opposition to Petition for Writ; Writ denied), among many others.

Mr. Singer is a contributor to the Los Angeles Daily Journal, having authored articles on the California Court of Appeal decision in *Parris v. Superior Court* regarding communications with absent class members (May, 2003), SB 796 (Dunn, D-Garden Grove), California's Private Attorney General Law providing employees a private right of action against employers for civil penalties under the Labor Code (October 2003), the California Court of Appeal decision in *Bell v. Farmers Ins. Exch.* and its guidance for the use of statistical sampling and extrapolation to prove aggregate class-wide damages (February 2004), and the then-pending Supreme Court decision regarding Sav-On and Overtime Class Suits.

He is an MCLE lecturer on class action procedure and wage and hour issues and has argued appeals in the Second, Third, and Ninth Federal Circuit Courts of Appeals, as well as the Second and Fourth California District Courts of Appeal. Published decisions include *Hicks v. Kaufman and Broad Home Corp.* (2001) 89 Cal.App.4th 908 (reversing the denial of certification of a class of home buyers for construction defects), *Hicks v. Superior Court* (2004) 115 Cal.App.4th 77 (challenging implied construction warranty disclaimers), *Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co.* (1998) 68 Cal.App.4th 856 (defending challenge to attorney disqualification),and *Save Our NTC, Inc. v. City of San Diego* (2003) 105 Cal.App.4th 285 (challenging private development of former naval training center). He also contributed to the briefing of *Aguilar v. Atlantic Richfield, et al.* (2001) 25 Cal.4th 826 (summary judgment of antitrust claim of certified class of 20 million California drivers).

**JEFF GERACI**, Of Counsel, is a 1982 graduate of Pitzer College with a degree in Sociology. He is a 1990 graduate of the University of San Diego School of Law, and has practiced employment law for over seventeen years. He has handled matters in California state and federal trial and appellate courts, and before many administrative agencies, including the California Division of Labor Standards Enforcement, the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, the California State Personnel Board, the California Board of Psychology, and the California State Commission for Teacher Credentialing.

Mr. Geraci has provided counseling and representation in all areas of employment law, including wrongful termination, employment discrimination, sexual harassment, and wage and hour laws. His practice is now focused on class actions, including wage and hour class action litigation and consumer actions.

Mr. Geraci's published decisions include *McAlindin v. County of San Diego* (1999) 192 F.3d 1226 [reversing summary judgment in a disability discrimination case] and *Araiza v. National Steel and Shipbuilding* (S.D. Cal. 1997) 973 F. Supp. 963 [denying mandatory arbitration of employment claims under a collective arbitration agreement].

Mr. Geraci is a member of the Labor and Employment Law sections of the California and San Diego County Bar Associations, and has served as Editor of the Employment Law column for the Consumer Attorneys of San Diego monthly publication, *Trial Bar News*. He is a past recipient of the Wiley W. Manuel Award for Pro Bono Service.

**J. JASON HILL**, Attorney, is a 1992 graduate of the University of Illinois at Ubrana-Champaign and holds a B.A. in Philosophy, Political Science and Communications. In 1995, he received his J.D. degree from California Western School of Law, where he was a member of the Law Review an International Law Journal, as well as editor of the Telecommunications Law Forum. Currently, Mr. Hill is admitted to the bar in both California and Illinois, and is a broker licensed by the California Department of Real Estate. He maintains memberships not only with the San Diego County Bar Association, but also the National Association of Realtors, the California Association of Realtors and the San Diego Association of Realtors.

Prior to joining Cohelan Khoury & Singer, Hill represented large institutional clients in a variety of civil litigation settings, including insurance coverage, employment law, health care law, general and professional liability, as well as, premises and product liability claims. He has particular emphasis on all aspects of professional liability claims in a healthcare setting, as well as claims brought pursuant to the Emergency Medical Treatment and Active Labor Act (EMTALA) and the Elder Abuse and Dependent Adult Civil Protections Act (EADACPA). Mr. Hill is also an accomplished appellate practitioner and has briefed and/or argued over 40 matters in both state and federal courts of appeal, yielding several published decisions on a range of legal issues.

**KIMBERLY D. NEILSON**, Attorney, is a 2001 graduate of the University of San Diego School of Law. She graduated with honors and received a B.A. in Psychology from the University of Tulsa in 1998. While at the University of Tulsa, she interned for the Northern District of Oklahoma Probation Office in Tulsa, Oklahoma. She is a member of the State Bar of California, admitted in 2001. Ms. Neilson is a member of the San Diego County Bar Association, San Diego Lawyers Club, California Employment Lawyers Association and Consumer Attorneys of San Diego. She is active in the San Diego legal community, having chaired a committee for the San Diego County Bar Association and served on a committee for the San Diego Lawyers Club and volunteered at the annual Women's Resource Fair.

Her main areas of practice include civil litigation, employment, wage and hour and consumer class actions. She has been extensively involved in pro bono activities. Ms. Neilson has participated in a class action trial advocating on behalf of low-income tenants for local rent control ordinance violations which resulted in a verdict on the tenants' behalf. She also represented the rights of San Diego's homeless residents, resulting in a settlement with the City of San Diego which prohibited the City from targeting homeless persons for illegal lodging tickets under Penal Code Section 467(j). She currently volunteers as a Court Appointed Special Advocate (C.A.S.A.) with Voices for Children, serving as an advocate for San Diego County foster youth.

1  Bruce W. Steckler, Esq. (pro hac vice)
   Mazin A. Sbaiti, Esq. (SBN #275089)
2  **BARON & BUDD, P.C.**
   **3102 Oak Lawn Avenue**
3  **Suite 1100**
   **Dallas, Texas 75219**
4  **(214) 521-3605**
   **bsteckler@baronbudd.com**
5  **msbaiti@baronbudd.com**

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                    )CASE NO.: 09-CV-2094-AJB-WVG
                                       )
11                                     )**CLASS ACTION**
                                       )
12  IN RE: EASYSAVER REWARDS           )**DECLARATION OF BRUCE STECKLER**
    LITIGATION                         )**IN SUPPORT OF PLAINTIFFS'**
13                                     )**APPLICATION FOR ATTORNEYS' FEES**
                                       )**AND COSTS**
14                                     )
                                       )
15                                     )
                                       )
16                                     )
                                       )
17                                     )
                                       )
18                                     )
                                       )
19  _____  )

20

21       I, Bruce W. Steckler, hereby declare under penalty of perjury:

22       1.      I am an attorney licensed to practice by the States of Texas, New York, Louisiana,

23  Missouri and Pennsylvania, and am admitted to practice before this Court *pro hac vice*. I am a

24  member of the national law firm of Baron & Budd, P.C. and the head of its General Litigation

25  section, appointed Co-Lead and Class Counsel for Plaintiffs in this proceeding.

26       2.      I make this declaration in support of Class Counsel's application for an award of

27  attorneys' fees and expenses in connection with services rendered by counsel for Plaintiffs in this

28  litigation, of my own personal knowledge and after reviewing the contemporaneous

documentation and records at our firm, if called as a witness, I could and would testify competently to the matters stated below.

3.     The tasks undertaken by the lawyers and staff at Baron & Budd, P.C. can be summarized as follows:

- Traveling to and attending several in-person hearings and meetings in San Diego as required by Judge Gallo;

- Travelling to and attending four days of mediation over the course of the litigation;

- Travelling to and taking/prepping for/attending eight offensive depositions in San Diego and Maryland;

- Travelling to and prepping and defending five lead-plaintiff depositions in San Diego;

- Taking lead in negotiating scheduling orders and drafting motions regarding same;

- Spearheading primary discovery functions including negotiating protective order, drafting offensive written discovery, drafting responses to written discovery, conducting significant meet and confers and negotiating discovery disputes with defense counsel, drafting discovery briefs and motions, and arguing them before Judge Gallo, reviewing approximately 1 million pages of documents produced by defendants and coding same, organizing documents into into usable forms and groupings and selecting key documents for use in motions and depositions;

- Taking lead in drafting and filing responses to multiple motions to dismiss, motions to amend, motions for summary judgment, motions to strike, motions to add new plaintiffs, multiple discovery motions, multiple motions for sanctions, and motions for class certification—over 1000 briefing pages filed in total—over the course of the litigation, and playing significant role in researching and drafting all other filings including motions for preliminary and final approval of settlement;

- Taking lead in maintaining in-depth research on strategy regarding claims and pushing for strategic decisions thereon in light of the changing legal landscape, including amending complaints and framing issues in briefing;

- Taking lead in working with experts on computer source code, internet issues and consumer behavior in preparation for class certification and expert discovery, including conducting specific requested "deep dives" into documents to retrieve

-2-

**339**

relevant documents and information for our experts to render their advice and opinions;

- Taking lead in negotiating settlement including taking lead in negotiating and drafting terms of Memorandum of Understanding and final settlement agreement, release language, forms of long and short class notice, manner of claims, and other key settlement and preliminary and final certification issues;

- Communicating with lead plaintiffs regarding defensive discovery and reviewing same; and

- Taking lead in defending third party subpoenas issued to lead plaintiffs' email accounts.

4.     The schedule attached hereto as Exhibit 1 is a summary indicating the hours worked by the partners, associates, and professional support staff who were involved in this litigation at my firm, by category, through the date of this declaration (additional time will be spent in preparation for the settlement hearing, any further proceedings, and in implementing the settlement), and the lodestar calculation based upon my firm's current billing rates. Time spent in preparing this application for fees is not included. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for in camera review. My firm has spent 3475.5 hours on this litigation from the inception of the case through November 26, 2012.  The total lodestar amount based on the firm's current rates is $1,766,885.  The hourly rates set forth in Exhibit 1 are my firm's regular hourly rates and similar to the rates charged by litigation firms in the area for complex litigation.

5.     As detailed in Exhibit 2, my firm has incurred a total of $95,520.97 in unreimbursed expenses in connection with the prosecution of this litigation.  The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

6.     With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and the attorneys in my firm who were principally involved in this

litigation. Please note that we included the biographies of Melissa Hutts and Renee Meloncon, who were shareholders/partners of Baron & Budd, P.C., but who have since left the firm.

7.      With regards to our client, Gina Bailey, we strongly support her receiving an enhancement of $15,000 to compensate her for her time, effort and the risk she undertook. While most lead plaintiffs in other cases receive awards of between $2500 and $5,000 for serving as lead plaintiff, answering some discovery and sitting for a deposition, Miss Bailey responded to *two* sets of written discovery; battled third-party subpoenas served on her employer (and suffered the attendant embarrassment of explaining to them why) and third party subpoenas served on her email account host, Yahoo!; she travelled from Little Rock, Arkansas to San Diego on five separate occasions to attend hearings and mediations before Judge Gallo (he required her attendance) as well as to attend the private mediations—she missed over 10 days of work, unpaid, to do so; and she sat for 10 hours of depositions in San Diego. In short, she went well over and above what the typical lead plaintiff must go through.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.**

    Executed on this 26th day of November, 2012.

                                 */s/ Bruce W. Steckler*

# EXHIBIT 1

# EXHIBIT 1

### IN RE: EASYSAVER REWARDS LITIGATION

## BARON & BUDD, P.C. TIME REPORT SUMMARY
### Case Inception through February 21, 2011

| Name/Position | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| **Bruce W. Steckler**/Senior Partner (Head of Gen. Litigation at Baron & Budd) | 528 | $735 | $388,447.50 |
| **Burton LeBlanc**/Partner | 122 | $725 | $88,450.00 |
| **Melissa Hutts**/Partner | 135 | $700 | $94,500.00 |
| **Renee Melancon**/Junior Partner | 33.25 | $625 | $20,781.25 |
| **Mazin A. Sbaiti**/Of Counsel | 1826.25 | $575 | $1,050,93.70 |
| **Ann Saucer**/ Of Counsel | 53.75 | $575 | $30,906.25 |
| **Sharon Bautista**/Associate | 17 | $450 | $7,650.00 |
| **Kim James**/Sr. Paralegal | 35 | $175 | $6,125.00 |
| **Kim Peters**/ Sr. Paralegal | 11.75 | $175 | $2,056.25 |
| **Stephanie Wilkins**/Sr. Paralegal | 43 | $175 | $7,525.00 |
| **Jamie Baciak**/ Legal Assistant | 251.75 | $105 | $26,433.75 |
| **Lia Silverino**/ Legal Assistant | 219 | $105 | $22,995.00 |
| **Paul Thornton**/ Legal Assistant | 64 | $105 | $6,798.75 |
| **Whitney Ashley**/ Legal Assistant | 70.5 | $105 | $7,402.50 |
| **Gregg Thoreck**/ Legal Assistant | 64 | $105 | $6,720.00 |
| **TOTAL** | **3475.50** | | **$1,766,885.00** |

-1-

Ex. 1 to Decl. of Bruce W. Steckler ISO Motion for Attorneys Fees      LEAD CASE NO.: 09-CV-2094-AJB-W

EXHIBIT 2

EXHIBIT 2

**IN RE: EASYSAVER REWARDS LITIGATION**

**BARON & BUDD, P.C. EXPENSE REPORT SUMMARY**
**Inception through November 29, 2012**

| Type of Expense | Amount |
|---|---|
| Assessments | $25,000.00 |
| Outside Copies | $86.50 |
| In-house Reproduction/Copies | $1,501.32 |
| Court Costs & Filing Fees | 0 |
| Court Reporters & Transcripts | 0 |
| Computer Research | $24,656.62 |
| Telephone & Facsimile | 0 |
| Postage/Express Delivery/Courier | $1,481.14 |
| Professional Fees (investigator, accountant, etc.) | 0 |
| Experts | $5,000 |
| Witness / Service Fees | 0 |
| Travel: Airfare | $16,731.10 |
| Travel: Lodging/Meals | $13,217.50 |
| Travel: Car rental/cabfare/parking | $5,031.54 |
| Miscellaneous | $2,815.25 |
| **TOTAL** | **$95,520.97** |

-1-

**345**

EXHIBIT 3

| | | **BARON & BUDD, P.C.** |
| www.baronandbudd.com | 3102 Oak Lawn, Ave, Suite 1100 | Dallas, TX 75219-4281 | |
| | | | Tel: 214.521.3605<br>Fax: 214.520.1181 |



## Baron & Budd's Practice and Accomplishments

### Firm Overview

Baron & Budd, P.C. is one of the largest and most accomplished plaintiffs' law firms in the country. With approximately 50 attorneys and more than 200 staff, Baron & Budd has the resources to handle complex litigation throughout the United States. As a law firm that prides itself on remaining at the forefront of litigation, Baron & Budd has spearheaded many significant cases for entities and individuals.

Since the firm was founded in 1977, Baron & Budd has achieved national acclaim for its work on cutting-edge litigation:

- Baron & Budd shareholder Bruce Steckler, serves on the Plaintiffs' Steering Committee in *In Re: Chinese-Manufactured Drywall Products Liability Litigation* (MDL No. 2047) in the federal district court in New Orleans, where all Chinese drywall lawsuits have been consolidated. The firm represents more than 600 clients in the Chinese drywall litigation. In late 2011,Mr. Steckler lead the PSC ni reaching a landmark settlement with KNAUF Plasterboard Tianjin (KPT), one of the largest drywall manufacturers in the litigation. The proposed settlement could help nearly 4,500 homeowners with the defective drywall. The PSC estimates that the settlement could be valued between $800 million and $1 billion.

- In August 2010, environmental attorney and Baron & Budd shareholder Burton LeBlanc of Baton Rouge, Louisiana and Baron & Budd were retained by the state of Louisiana to provide counsel to the state's designated Trustees in connection with issues related to the Deepwater Horizon explosion and resulting oil spill.

- In 2002-2006, 2008 and 2011, Baron & Budd was named to the *National Law Journal*'s "Plaintiffs' Hot List" of exemplary plaintiffs' firms in the United States.

- In 2004, *American Lawyer* named Baron & Budd one of the sixteen most successful plaintiffs' firms in the country.

- In 2006, the non-profit Public Justice named a team of Baron & Budd attorneys "Trial Lawyer of the Year" for the firm's work on behalf of a Tucson, Arizona community injured by groundwater contamination. The litigation spanned 21 years, involved over 1,600 plaintiffs, and resulted in a total recovery of more than $150 million.

- In 2007, Russell Budd and Baron & Budd attorney Burton LeBlanc were among 14 attorneys nationwide to be honored with the Wiedemann Wysocki National Finance Council Award from the American Association for Justice in recognition

of their commitment to the legal profession and their efforts to improve the civil justice system.

- In 2009, Scott Summy and the Baron & Budd water contamination litigation section were finalists for the Public Justice Trial Lawyer of the Year Award for their work in *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*; MDL No. 1358.  Mr. Summy and his team negotiated a historic settlement on behalf of  more than 150 public water providers from 17 states in which the bulk of the country's major oil refiners agreed to pay more than $400 million to fund the clean up of MTBE contamination from the water supply and clean up any additional MTBE contamination that may occur in the next 30 years.

- Baron & Budd has been repeatedly selected by The Legal 500 as one of the country's premier law firms in mass tort claims and class action litigation for the firm's work on toxic tort claims.

Additional information about Baron & Budd is available on the firm's website, www.baronandbudd.com.


## Court Appointed Positions Held by Baron & Budd Shareholders

Numerous Baron & Budd shareholders have been appointed to serve on multiple steering committees, as lead counsel, class counsel and co-counsel on a number of important cases. These specific appointments include:

- Plaintiffs' Executive Committee member in the Gulf oil spill MDL, *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010;*

- Plaintiffs' Steering Committee member for the Chinese Drywall MDL, *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La);

- Co-lead counsel on the MTBE Water Contamination cases: *In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*; MDL No. 1358 (S.D. NY);

- Plaintiffs' Executive Committee for Bank Overdraft Litigation MDL *In re Checking Account Overdraft Litig.* MDL No. 2036 (S.D. Fla.)

- Lead counsel in two shareholder derivative class action cases, *City of St. Clair Shores Police and Fire Retirement System, Individually and on Behalf of All others Similarly Situated v. Affiliated Computer Services, Inc., et al*; Cause No. CC-09-07377-C, filed in County Court at Law No. 3, Dallas County, Texas and *In Re: Electronic Data Systems Class Action Litigation*; Cause No. 366-01078-2008, filed in the 366th Judicial District Court, Collin County, Texas

- Class counsel in the Brazilian Blowout litigation: *In Re: Brazilian Blowout Litigation;* No. CV10 8452 JFW (MANx) (C.D.Cal)

- Co-lead counsel in *In re Semtech Corporation Securities Litigation*, Case No. 2:07-cv-07114-CAS (C.D. Cal).

BARON & BUDD, P.C.®

## Significant Areas of Litigation

### Environmental Issues

<u>Lead Role in the Gulf Oil Spill Litigation</u>

Immediately after the explosion that caused the massive Gulf Oil Spill, Baron & Budd got to work, helping individuals and businesses that had sustained economic and/or physical damages. Scott Summy, shareholder and head of Baron & Budd's water contamination litgation group, serves on the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee in the oil spill litigation. Shareholder Burton LeBlanc was retained by the state of Louisiana to provide counsel to the state's designated Trustees in connection with issues related to the Deepwater Horizon explosion and resulting oil spill. The firm currently represents hundreds of individuals and companies in the litigation, including the Louisiana Restaurant Association.

<u>$423 Million National MTBE Settlement</u>

In May 2008, Baron & Budd helped negotiated a $423 million settlement on behalf of more than 150 water providers in 17 states regarding Methyl Teritary Butyl Ether (MTBE) contamination in groundwater with many of the country's leading gas companies. The settlement requires gasoline refiners to pay water providers' costs to remove MTBE from public drinking water wells and for refiners to pay for treatment of qualifying wells that may become contaminated within the next 30 years.

Plaintiffs' cases were initially filed in their respective state courts before they were later transferred to a Multi-District Litigation (MDL) court in New York. Baron & Budd shareholder Scott Summy, who filed the first-ever MTBE case in the United States, served as national co-lead counsel. Baron & Budd shareholders Celeste Evangelisti, Cary McDougal, Laura Baughman, Carla Burke and Stephen Johnston also represented the plaintiffs.

In 2008, the team of attorneys who were involved in the MTBE litigation was recognized as finalists for the "Trial Lawyer of the Year Award," an annual award given by Public Justice, a non-profit legal organization, for any attorney's contribution to the public interest.

<u>Clean Air for School Children</u>

In 2008, Baron & Budd shareholder Laura Baughman and attorney Thomas Sims represented three San Francisco Bay-area environmental organizations in negotiating a settlement with Laidlaw Transit, Inc. In the settlement, Laidlaw agreed to invest a minimum of $4.7 million dollars over five years to retrofit older buses in its California fleet with air pollution control devices to reduce harmful diesel exhaust. Laidlaw also agreed to invest $23.6 million in its fleet over seven years to either retrofit additional buses or purchase new buses that meet the most stringent air pollution standards in the country, which would ultimately protect young children from being exposed to harmful diesel exhaust. The following year, the team settled with two additional bus companies, which

**349**

3

helped ensure that additional polluting buses would be replaced with newer, cleaner models or retrofitted with pollution control devices.

Clean Groundwater in California

In 2004, Baron & Budd shareholders Scott Summy and Laura Baughman negotiated a string of settlements on behalf of California non-profit Communities for a Better Environment (CBE) that required several major oil companies to upgrade gas station storage tanks, clean up groundwater contamination and take steps to prevent gasoline leakage from thousands of underground storage tanks in California.  Monetary and injunctive relief granted in this case was valued at $107 million.

MTBE Settlement on Behalf of the City of Santa Monica

In 2003, Baron & Budd represented the city of Santa Monica in a MTBE contamination settlement with several major oil companies.  MTBE had contaminated five of Santa Monica's eleven wells, forcing the city import water for $3 million a year.

In total, the oil companies paid $250 million, which provided funds for the city to build a water treatment system to clean MTBE from their supply, to continue buying water until their own supply was clean, and to monitor groundwater quality during and after the cleanup.

The Exxon Valdez Oil Spill

Baron & Budd is not a newcomer to oil spills and water pollution. In fact, the firm has a personal connection to the Exxon Valdez saga. In 1993, Baron & Budd was awarded the Public Justice Award for "outstanding contribution to environmental protection and public interest" for its work on the rehabilitation of the damage caused by the Exxon Valdez oil spill in Alaska'a Prince William Sound.

The Exxon Valdez oil spill occurred in remote Prince William Sound, Alaska on March 24, 1989 when the Exxon Valdez, an oil tanker bound for Long Beach, California, struck Prince William Sound's Bilgh Reef, ran aground and spilled nearly 11 million gallons of crude oil.

Much like in the recent Gulf Coast Oil Spill, the cause of Exxon Valdez can be pointed primarily at the oil company for neglecting to properly adhere to safety regulations. Exxon failed to repair the tanker's Raycas radar system, which would have warned the crew of an impending collision with the Bligh reef, because it was just too expensive to fix and operate. The tanker had been operating for more than a year without a functioning Raycas radar.

As a result of the Valdez spill, the Oil Pollution Act of 1990 (OPA) was passed, allowing those who lost income or profits because of an oil spill to recover compensation from those responsible for the spill.

**BARON & BUDD, P.C.**®

<u>Groundbreaking Water Contamination Case in Tucson, Arizona</u>

In 1985, Baron & Budd filed a lawsuit on behalf of more than 1,600 Tucson-area residents against an aircraft manufacturer, the city of Tucson and the Tucson Airport Authority over TCE contamination of the community's groundwater.  Since Tucson is the largest city in the United States that receives all of its drinking water from underground sources, the industrial solvents used at the airport an aircraft company were of particular concern. Spilled on the ground and seeping through the sandy soil into the groundwater, the invisible yet harmful contaminants caused several unusual forms of cancer and other diseases at almost epidemic levels, particularly among children in the area.

Even though the battle for justice took more than 20 years and an enormous investment in upfront resources, Baron & Budd pushed on, undeterred and prevailed. The firm's cutting-edge work on this case not only brought compensation to these individuals to help them deal with the consequences of their injuries, it helped define Arizona law on pollution coverage issues.

As a result, the public interest legal organization Public Justice presented the Baron & Budd legal team with its "Trial Lawyer of the Year Award" in 2006.  The award recognizes the trial attorney or attorneys who have made the greatest contribution to the public interest each year by trying or settling a precedent-setting case or group of cases.


**Securities Fraud**


<u>$20 Million Settlement in Stock Back-Dating Case</u>

Baron & Budd achieved a $20 million settlement on behalf of individuals who purchased Semtech stock. Firm shareholder Burton LeBlanc served as co-lead counsel in the case. Plaintiffs in the case alleged that Semtech manipulated grant dates for stock options, which result in understatement of Semtech's compensation expenses and overstatement of its reported income.


<u>Protecting Shareholders' Interest in Corporate Transition</u>

As co-lead counsel in *In Re: 7-Eleven, Inc. Shareholders Litigation*, Baron & Budd represented shareholders in negotiations to increase the amount of an offer in a transaction turning a publicly-traded company into a privately-held entity. Baron & Budd achieved a $5 per share increase in the offer which provided an additional $145 million to 7-Eleven shareholders.


<u>Suit to Protect Shareholders' Interest in Corporate Sale</u>

**351**

Serving as lead local counsel, Baron & Budd helped negotiate a confidential settlement on behalf of Electronic Data Systems (EDS) shareholders to achieve a fair return on shareholder investment during the sale of Texas-based EDS to California-based Hewlett-Packard. As originally proposed, many experts considered the share price set for the EDS stock to Hewlett-Packard to be undervalued. In addition to locking in too low a share price, the proposed sale prohibited EDS directors from seeking a higher price from alternative bidders and guaranteed Hewlett-Packard $375 million if the sale did not go through.

Settlement of Mutual Fund Advisors' Breaches of Fiduciary Duties

Baron & Budd represented shareholders in recovering funds in various mutual fund families against the fund advisors for their breach of their fiduciary duties for failing to file proof of claim forms in settled securities cases for which the funds were eligible. Baron & Budd reached a series of confidential settlements that resulted in money being returned from the fund advisor to the mutual fund.

Protecting Public Investors from Corporate Self-Dealing

In 2010, Baron & Budd, working as lead local counsel, successfully protected the interests of public investors in Affiliated Computer Services, Inc. (ACS). While ACS was being sold to Xerox, ACS's management and largest shareholder negotiated a better price for their own shares as well as remarkable future employment compensation packages. The insiders at the same time voted to sell ACS at a price well below its fair market value, which would have forced public shareholders to sell their shares for less. Working with other national law firms, Baron & Budd was able to obtain $69 million in additional compensation for ACS public shareholders.

**Plaintiffs' Rights**

Baron & Budd led the fight for victims' rights in two landmark victories, *Amchem Products v. Windsor* and *Ortiz v. Fibreboard Corp.,* which are widely recognized as two of the most important appellate decisions of the past decade for consumer rights.

*Ortiz v. Fibreboard Corp.,* 526 U.S. 815, 119 S. Ct. 2295 (1999) was one of the last decisions handed down by the United States Supreme Court in 1999. The Court's seven to two decision was given after months of fierce debate over whether all future claims by people who developed illnesses related to asbestos exposure should be handled as a class action, allowing the asbestos companies to settle all future asbestos claims for minimal values before most victims even knew they had a claim.

Baron & Budd fought the class action concept vigorously. In fact, Baron & Budd led the charge to throw out the Fiberboard mandatory class action settlement that would have

**352**

severely limited the rights of people to pursue individual claims based on the severity of their specific illness and specific circumstances of their exposure.

Writing on behalf of the Court, Justice Souter questioned the fairness of the settlement because, if allowed to go forward, Fiberboard would essentially have a "get out of jail free card." Fiberboard would have been able to settle all asbestos claims, including all future claims, with only $500,000 of the company's own money, thus retaining virtually all of its net worth at the expense of the victims of its asbestos-containing products.

The Ortiz decision corroborated an earlier Supreme Court decision in which Baron & Budd also fought for victims' rights: *Amchem Products v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L.Ed2d 689 (1997).

Achieving this success was not an easy task. Baron & Budd fought against powerful interest groups and, surprisingly, against some other plaintiffs' law firms who were willing to trade future victims' rights for a quick pay day.

**Chinese Drywall Litigation**

Baron & Budd shareholder Bruce Steckler serves on the Plaintiffs' Steering Committee in *In Re: Chinese-Manufactured Drywall Products Liability Litigation* (MDL No. 2047) in the federal district court in New Orleans, where all Chinese drywall lawsuits have been consolidated. The firm represents more than 600 clients in the Chinese drywall litigation.

In late 2011, the PSC reached a landmark settlement with KNAUF Plasterboard Tianjin (KPT), one of the largest drywall manufacturers in the litigation. The proposed settlement could help nearly 4,500 homeowners with the defective drywall. The PSC estimates that the settlement could be valued between $800 million and $1 billion.

Near the beginning of the litigation, Russell Budd and Bruce Steckler helped negotiate a revised bankruptcy plan with WCI Communities that will allow WCI to emerge from bankruptcy and set up a Trust for WCI homeowners with contaminated Chinese drywall, partially funded by WCI.  The Trust is also authorized to maximize the amount available for remediation by pursuing claims that WCI could have pursued because of the defective drywall. Baron & Budd currently represents the WCI Trustees in litigation against WCI's insurers concerning coverage for Chinese drywall claims.

**Consumer Fraud**

$410 Million Bank of America Settlement Over Excessive Bank Overdraft Fees

Baron & Budd served on the plaintiffs' steering committee in a class action lawsuit asserting manipulation of data by banks in order to increase overdraft fee revenue. The firm helped achieve a $410 million settlement with Bank of America, the largest bank involved in the bank overdraft fee litigation. The case alleged that Bank of America, along

**353**

BARON & BUDD, P.C.®

with a number of other banks, intentionally re-ordered debit card transactions to promote overdraft fees. Not only did the case result in repayment of these charges, but it also led to widespread changes in the banking system that affect virtually every American with a bank account. Because of the lawsuit, many large banks have changed their overdraft fee policies, no longer "re-ordering debits" and not offering "courtesy" overdraft services without customer consent. Bank of America, for example, eliminated all debit card overdraft fees in 2010.

Shareholder Bruce Steckler serves on the Plaintiffs' Executive Committee of the MDL in the overdraft fee litigation. Litigation against the other banks in the MDL is still ongoing. *In re: Checking Account Overdraft Litigation*; MDL No. 2036 (S.D.Fla).

**Whistleblower Issues**

Medical Whistleblower Case

In 2010, the AARP Foundation Litigation, the legal arm of the AARP, in a rare move, joined forces with Baron & Budd as co-counsel in a medical whistleblower case involving the aggressive marketing of the off-label use of vascular stents. With this move, AARP seeks to curb health care fraud, a major contributing factor for rising health care costs. Kevin Colquitt, a former medical device sales representative, originally filed the lawsuit in 2006 after he became concerned about the company's marketing of stents for unauthorized use. After attending law school, Mr. Colquitt became an attorney at Baron & Budd.

**Harmful Pharmaceuticals**

Avandia

Baron & Budd currently represents thousands of individuals who have been harmed by using the diabetes drug Avandia.

FenPhen

Baron & Budd played a leading role in representing people harmed by the diet drug Fen-Phen. The firm was instrumental in negotiating the Seventh Amendment to the AHP Settlement Agreement, which required the defendants to place an additional $1.275 billion into a trust for those affected.

**354**

BARON & BUDD, P.C.®

**Toxic Exposure Issues**

<u>Closing Down the West Dallas Lead Smelter</u>

In the West Dallas Lead Smelter case, Baron & Budd took on local environmental contamination to protect future generations of children from exposure to lead. One of Dallas' largest public housing projects sat in a low-income neighborhood directly across the street from a secondary lead smelter. For many years, the smelter converted used automotive batteries into lead components for resale. Particulate emissions from the factory smokestacks literally blanketed the surrounding community with lead-bearing soot.

Baron & Budd represented more than 200 families in a lawsuit that ultimately closed the lead smelter and paid sizable confidential settlements to court-supervised trusts for 445 children affected by lead poisoning.  Although the neurological damage to these children is irreversible, the funds recovered in the settlement have enabled them to move into adulthood with medical, rehabilitative and vocational assistance.  Closing the lead smelter and requiring the company to fund a community soil clean-up project helped prevent future damage to other neighborhood children.

<u>Settlement for Central Texas Residents Harmed by Lead Exposure</u>

Baron & Budd shareholder Laura Baughman represented more than 130 people who were exposed to high levels of lead and other toxic substances while growing up in a small town in Central Texas. For many years, children played at an abandoned oil refinery that had no fence, gate or warning signs to discourage the children from playing there.  Because of lead oxide used in the refining process, extremely high levels of lead contamination were found in areas where the children played on the property. Oil tanks at the refinery had also leaked and overflowed for decades, causing several large crude oil spills at the site. Because of their lead exposure, the plaintiffs suffered a decrease in IQ, neurological impairments and learning disabilities.  Baron & Budd obtained a sizeable confidential settlement for the firm's clients, providing them with the resources to help pay for rehabilitative, psychological and other medical expenses.

<u>Settlement for Harms Caused by Chemical Leak</u>

Baron & Budd successfully represented more than 850 workers injured by exposure to ethylene dichloride (EDC) in Lake Charles, Louisiana as a result of the negligent and reckless conduct of Conoco, Inc., Condea Vista Chemical Company, and a number of contractors that caused one of the largest chemical spills in U.S. history. In addition to its status as a probable human carcinogen, EDC exposure can cause serious damage to the heart, central nervous system, liver, kidneys, lungs, gastrointestinal system and commonly results in depression, memory loss and personality changes.

BARON & BUDD, P.C.®

## Professional Biographies

## The Firm's Shareholders

 **Russell W. Budd** is a major force in the world of plaintiff's attorneys, having devoted his three-decade career to championing the rights of people and communities injured by corporate malfeasance. Currently Budd presides over one of the nation's largest plaintiff's firms, Baron & Budd, PC, headquartered in Dallas, Texas with offices in Austin, Texas; Los Angeles, California and Baton Rouge, Louisiana.

Mr. Budd, a shareholder of Baron & Budd since 1985 and president and managing shareholder since 2002, has expanded the firm from its cornerstone asbestos practice to a national firm capable of tackling the biggest defendants in areas as diverse as water contamination, *qui tam*, California Proposition 65 violations, pharmaceutical injuries, Chinese drywall, insurance claims and securities fraud. Most recently, the firm has begun to represent individuals and businesses that have been affected by the Gulf Oil Spill.

Over the last decade, Mr. Budd has played significant roles in asbestos litigation on a national level. As chair and member of several asbestos creditors' bankruptcy committees, Mr. Budd successfully resolved over 100,000 victims' claims with some of Wall Street's biggest companies. Mr. Budd was the chief negotiator of a $4 billion national settlement with Halliburton that established a trust fund to protect present and future asbestos victims throughout the United States - the largest asbestos trust fund of its kind anywhere in the world. He was on the committee that negotiated a $3.9 billion settlement with United States Gypsum to benefit asbestos claimants. And, he participated in negotiations that led W.R. Grace to agree to fund a bankruptcy trust on behalf of asbestos claimants with nearly $3 billion in cash and stock equity.

Under Mr. Budd's direction, Baron & Budd donated $3 million to the International Pleural Mesothelioma Program at Brigham and Women's Hospital to research curative therapy for Mesothelioma, a cancer caused by exposure to asbestos. The firm has also given generously to the Asbestos Disease Awareness Organization, Lung Cancer Alliance and to other asbestos awareness advocacy organizations.

Mr. Budd serves on the Board of Governors of the American Association for Justice (AAJ) and previously served on the Board of Directors and Executive Committee of the Texas Trial Lawyers Association (TTLA).

On July 13, 2010, Mr. Budd was awarded the prestigious Harry M. Philo Award Trial Lawyer of the Year Award from the American Association for Justice (AAJ) at the organization's annual conference in Vancouver, BC. The award was presented in recognition of his dedicated and consistent leadership in protecting the rights of individuals through the civil-justice system. In 2007, he earned the prestigious Wiedemann Wysocki National Finance Council Award from the American Association for Justice, an award honoring attorneys for their commitment to the legal profession and their efforts to improve the civil justice system.

10

Under Mr. Budd's leadership, Baron & Budd has won numerous awards. The firm was recently named by National Law Journal's to its "Hot List" of exemplary plaintiffs' firms in the United States and has been included in the Hot List seven times.

Mr. Budd and his wife are very involved in the community and one of the causes closest to his heart is Habitat for Humanity, which gives hardworking Dallas families a chance at first-time home ownership. He has personally contributed generously to the "Building on Faith" project, a collaborative initiative between the Dallas Faith Communities Coalition (DFCC), the City of Dallas and Habitat for Humanity to build 100 affordable single-family homes in West Dallas. In addition, Mr. Budd has donated land to the City of Dallas that enabled the completion of a massive bike and hike trail. In 2010, Mr. Budd was the only attorney selected to serve on the Foundation Board of the National Comprehensive Cancer Network (NCCN).



**Steve T. Baron** oversees Baron & Budd's asbestos litigation section and is one of the law firm's chief negotiators. Mr. Baron's efforts have helped provide compensation to thousands of asbestos victims. Along with Russell Budd, Mr. Baron participated in the Halliburton and W.R. Grace negotiations that set aside billions of dollars for the benefit of asbestos victims. Mr. Baron also serves on advisory and claimants committees for various asbestos bankruptcy trusts to protect the rights of asbestos victims.



**Dan Alberstone** has nearly 30 years of broad experience prosecuting and defending major commercial and complex business litigation matters, including extensive jury trial experience.

Mr. Alberstone has been selected as lead trial counsel by both institutional and individual clients in their most significant and high-profile matters, including partnership cases, real estate cases, breach of contract cases, entertainment cases, environmental cases, and cases alleging unfair business practices. In the real estate sector, Mr. Alberstone has successfully prosecuted a case for the American Skiing Company, the owner of the Canyons Ski Resort in Park City, Utah, in an action to force the resort's landlord to agree to an assignment of ground lease in a $123 million transaction. He also obtained a more than $14 million award for a major real estate developer in connection with the purchase and sale of an historic bank building in downtown Los Angeles. Mr. Alberstone acheived a more than $8 million award for the owner of the Edison Bar in downtown Los Angeles in an action involving the purchase and sale of a large commercial building and, successfully defended the Estate of Jonathan Ritter in an action brought to compel specific performance of a contract to purchase three citrus farms owned by the Estate.

In the entertainment area, he has successfully defeated an action by a union president and three board members against the Screen Actors' Guild and 41 other members of its national board and successfully defended screenwriter in work-for-hire action brought by employer claiming ownership of screenplay. He also represented ESPN and Good Morning America reporter Erin Andrews in connection with the prosecution of a stalker who had surreptitiously videoed Ms. Andrews in the privacy of her hotel rooms. The Los Angeles Daily Journal recognized Mr. Alberstone for obtaining one of the top plaintiff's verdicts in 2009.

**BARON & BUDD, P.C.®**



**Laura Baughman's** position at Baron & Budd calls upon her to exercise her knowledge as an attorney and a civil engineer.

As managing shareholder of the firm's Qui Tam litigation team, Ms. Baughman focuses on strategies to ferret out and litigate against those who have perpetrated fraud against the government. Sometimes called "whistleblower" cases, Ms. Baughman's team handles a variety of cases in which the government has been defrauded of Medicare, Medicaid, defense and other monies. The recently signed Dodd-Frank Wall Street Reform and Consumer Protection Act's provision of monetary rewards and protection to people who speak out against bribery and other types of financial fraud, has resulted in an increase in the firm's handling of such cases.

Under Ms. Baughman's direction, Baron & Budd is active in a number of Qui Tam lawsuits. The AARP Foundation recently joined one of the firm's high-profile lawsuits against several pharmaceutical companies involving the aggressive marketing of off-label use of vascular stents. Ms. Baughman is a member of Taxpayers Against Fraud, a non-profit organization dedicated to combating fraud and educating taxpayers about the realities of fraud.

In addition, Ms. Baughman leads the firm's work in California involving Proposition 65 litigation. She served as co-lead counsel in a California Proposition 65 water contamination case that required several major oil companies to clean up groundwater that had been contaminated by gasoline leaking from storage tanks and to take steps to prevent similar leaks in the future. The settlement was valued at $107 million. Ms. Baughman settled another Proposition 65 case which required the retrofitting of school buses with devices to reduce diesel engine exhaust emissions, a known carcinogen. Ms. Baughman is currently counsel on a case seeking to require the disclosure of elevated levels of lead in certain brands of children's fruit juice, canned fruits and baby food.

In addition to her legal advocacy, Ms. Baughman has a long history of community service. She has represented several clients on a pro bono basis through the Dallas Volunteer Attorney Program and over the years has served as co-chair of several committees for Attorneys Serving the Community. Formerly a member of the Dallas Bar Association's Community Involvement Committee, she was the chair of the group's "Lawyers Have Heart" 5-K run benefiting the American Heart Association. While in law school, Baughman was the vice president of Texas Law Fellowships, a non-profit public interest organization.



**Carla M. Burke**, a shareholder in Baron & Budd's water contamination litigation section, began her legal career with the firm's appellate section. Ms. Burke has taken a prominent role in the briefing and legal analysis of MTBE Multi-District Litigation cases. She has also authored and presented numerous papers and presentations on the topics of toxic tort and water contamination litigation and premises liability law. In addition to her responsibilities at the firm, Ms. Burke has served as an adjunct clinical instructor of law at the Southern Methodist University School of Law Legal Clinic and, before law school, an English professor at a local college.

**BARON & BUDD, P.C.®**



Shareholder **Denyse Clancy** focuses on the litigation and appeals process for asbestos cancer cases, primarily mesothelioma.

In 2009, Ms. Clancy won two $8.5 million dollar verdicts in Philadelphia on behalf of two asbestos victims that were included in the top 100 verdicts of the year in the United States and the top 25 largest settlements and awards in Pennsylvania in 2009 by Pennsylvania Law Weekly. In 2007, Ms. Clancy won a substantial verdict from a Galveston jury on behalf of a retired pipefitter suffering from asbestos-mesothelioma.

Ms. Clancy has also achieved substantial appellate victories on behalf of asbestos sufferers and their families. She was lead appellate counsel in a case in which the California Court of Appeals decision upheld a $20 million verdict on behalf of a California asbestos sufferer and her family. In 2010, Ms. Clancy was lead appellate counsel in a case in which the Pennsylvania Court of Appeals upheld a verdict against an asbestos wire manufacturer. In 2011, she was lead appellate counsel in a case in which the California Court of Appeals reversed a summary judgment that was granted in favor of Kaiser Gypsum Company and remanded the case to the trial court.

Ms. Clancy lectures around the country on the issues of asbestos and asbestos cancer. In 2011, she was invited as Visiting Faculty to speak at the Harvard Medical School's course on "Current Concepts and Controversies in Asbestos-Related Disease."

Ms. Clancy graduated Valedictorian of the Southern Methodist University School of Law and was an Editor of the SMU Law Review.



**Celeste A. Evangelisti** has devoted her career to representing individuals, municipalities, and water suppliers seeking funds to clean up contaminated community water supplies. Along with Baron & Budd shareholder Scott Summy, Ms. Evangelisti was part of the legal team for Communities for a Better Environment that received the *California Lawyer* "Attorneys of the Year" Award for Environmental Law for the resolution of a precedent-setting case requiring major oil companies to clean up more than a thousand sites contaminated by the gasoline additive MTBE. Ms. Evangelisti is a frequent speaker and presenter on legal topics concerning the prosecution of water contamination cases involving the gasoline additive MTBE and other water contaminants. Ms. Evangelisti is a shareholder at Baron & Budd.



**Stephen C. Johnston** is a shareholder in Baron & Budd's water contamination litigation section. Prior to joining the water group, Mr. Johnston spent several years in the firm's asbestos litigation group, representing victims of mesothelioma and other asbestos-related diseases. He earned his law degree at Texas Tech University

**359**

13

BARON & BUDD, P.C.®



**J. Todd Kale** is a shareholder who first joined Baron & Budd in 2008 when the firm consolidated with Dallas-based law firm Silber Pearlman. Mr. Kale worked with mesothelioma sufferers and other victims of asbestos-related disease at Silber Pearlman from 1993, shortly after the law firm was founded, and continues that work at Baron & Budd. Mr. Kale oversees the firm's Bank-ID section and workers closely with new and potential asbestos clients.



**John Langdoc** is no stranger to the complex medical and scientific issues involved in the cases he tries. Before becoming a lawyer, he was a scientist who studied how the brain works. At Baylor College of Medicine he researched the brains of people with schizophrenia, depression, and autism. Earlier, in graduate school, Mr. Langdoc helped discover that some prescription anti-depressants can cause brain birth defects.

Mr. Langdoc melds his scientific training and experiences with a core belief that the best way to work on a legal case is "to not do any of the stuff they teach you in law school."

As a lead trial attorney, Mr. Langdoc has been successful in obtaining some of the most significant verdicts of their kind, across the country. Some of his recent verdicts include a $9M verdict against the Dow Chemical Company for a man who was exposed to carcinogens while working at their plant, Dow has announced that it plans to continue to have lawyers fight the verdict on appeal; a $20M verdict for a woman who was unknowingly exposed to carcinogens from drywall when she helped her husband clean up on some home remodeling projects, the verdict was upheld on appeal in California; a $12M verdict for a man who was exposed to carcinogens at a paper mill, the verdict resulted in a settlement agreement the day after the verdict in Pennsylvania; and an $11M verdict for a man who was exposed to carcinogens as a painter.



**J. Burton LeBlanc, IV**'s background covers the spectrum of environmental law and securities litigation. He has extensive experience litigating complex cases and has represented the state of Louisiana in cases against the oil and gas industry involving the underpayment of severance taxes and royalties. Mr. LeBlanc is currently President-Elect of the National American Association for Justice.

Mr. LeBlanc has also represented governmental entities, including the state of Mississippi, in complex consumer fraud litigation. Today Mr. LeBlanc concentrates his practice in the areas of environmental law, securities litigation and asbestos litigation. Mr. LeBlanc and his firm have recovered hundreds of millions of dollars for injured working men and women in Louisiana, including multiple jury verdicts over one million dollars.

He is a past President of the Louisiana Association for Justice ("LAJ") f/k/a Louisiana Trial Lawyers Association ("LTLA") and serves on the Executive Committee of the LAJ. He has served on the Council of Directors and the Board of Governors for the LAJ as well as the Committee for the Environmental Law/Toxic Tort Section of the LAJ. He serves as vice president of the American Association for Justice ("AAJ") f/k/a the American Trial Lawyers Association ("ATLA"), and has previously serves as treasurer and

**360**

14

BARON & BUDD, P.C.®

parliamentarian. In addition, LeBlanc has been a member of the Executive Committee and the Board of Governors of the AAJ, where he was awarded the Wiedeman Wysocki National Finance Council Award twice, most recently in July of 2010. LeBlanc was also named to a list of top plaintiffs' attorneys compiled by surveys of top defense council in September 2010.

He has been a member of the AAJ National Finance Council, a member of the Board of Trustees of the AAJ PAC Committee, Chair of the National Finance Council, a sustaining member of the AAJ, and a member of the Leaders Forum for AAJ. He is a member of the AAJ's Section on Toxic Torts and Business Torts, a committee member of the American Bar Association's Section on Toxic Torts, and a supporting member of the Trial Lawyers for Public Justice Foundation.

In June 2008, LeBlanc & Waddell, a firm co-founded by LeBlanc, merged with the national law firm of Baron & Budd, P.C., based in Dallas,.



**Cary L. McDougal** has served as lead attorney in over 75 jury trials in state and federal court.  He has tried cases in diverse areas of the law such as premises liability, product liability, general personal injury, medical malpractice, insurance litigation and environmental litigation. As manager of Baron & Budd's water contamination litigation section, Mr. McDougal currently represents over 200 municipalities and water providers across the country that are seeking clean-up costs for the contamination of their water supplies.  His practice includes management of Baron & Budd's cases in the Multi-District (MDL) MTBE water contamination litigation, which is considered one of the most complex pieces of litigation in the country.  He also manages the firm's involvement in the BP Oil Spill litigation.



**Kelly N. Reddell** plays an active role in all aspects of case work-up and is integral to the overall management of the firm's general litigation section.  She represents clients in a multitude of practice areas, including hurricane-related property claims, occupational hearing loss cases, securities, and Chinese drywall.  Ms. Reddell works with institutional clients and individual families alike, giving all of her clients attentive and professional care.  Ms. Reddell participated in the first Chinese drywall trials in the federal MDL, *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, which established guidelines for remediation of the toxic drywall and compensation for the many families dealing with contamination in their homes.  She continues to take an active role in these cases.

15

**BARON & BUDD, P.C.**®



**Bruce W. Steckler** is a shareholder and head of the general litigation section of Baron & Budd and is spearheading a variety of products liability, class action, mass tort and complex litigation cases in state and federal courts throughout the United States.  Currently, he represents over 700 plaintiffs in the Chinese Drywall Litigation in the U.S. District Court for the Eastern District of Louisiana, in both individual cases and in class actions.  He was appointed by the Hon. Eldon E. Fallon of the U.S. District Court for the Eastern District of Louisiana to serve as a member of the Plaintiffs' Steering Committee for the Chinese Drywall MDL *(In Re: Chinese-Manufactured Drywall Products Liability Litigation*; MDL No. 2047).  Mr. Steckler and his law firm were also appointed by the Hon. James Lawrence King of the U.S. District Court for the Southern District of Florida to serve on the Plaintiffs' Executive Committee for Bank Overdraft Litigation MDL (*In Re: Checking Account Overdraft Litigation*; MDL No. 2036) against some of the largest banks in the United States in the Bank Overdraft Litigation MDL.  In 2010, the largest defendant in the litigation, Bank of America, agreed to a $410 million settlement to compensation consumers for predatory business practices.  Mr. Steckler has also been appointed by Texas state court judges as lead local counsel in shareholder derivative class action cases and co-liaison counsel in a mass tort action in Texas.

Mr. Steckler was one of three Baron & Budd attorneys named finalists for "Trial Lawyer of the Year" in 2012. Mr. Steckler's knowledge and experience in prosecuting complex litigation is further demonstrated by the diversity of clients that have sought his counsel. In the state of Texas, Mr. Steckler currently represents cities and school districts in insurance actions.  He has been retained by cities in the Commonwealth of Puerto Rico to represent them in their environmental damage claims resulting from an oil refinery explosion in October 2009.  More recently, the Port of Galveston and the Port of New Orleans have retained Mr. Steckler and his law firm to represent them in the *In Re: Marine Fender's Antitrust Litigation*; Cause No. 2:10-cv-02319-VBF-RC filed in the U.S. District Court for the Central District of California.  During the course of his professional career, Mr. Steckler has represented thousands of individuals in occupational injury cases against some of the largest corporations in the United States in individual cases, class actions and mass tort cases.



**Scott Summy** is a shareholder at Baron & Budd, one of the largest and oldest firms in the United States that specializes in environmental litigation.  Mr. Summy heads up the firm's water contamination litigation section, whose practice is dedicated to complex water contamination issues across the country.  Mr. Summy primarily represents public water providers, such as municipalities, water districts and utilities, and school districts whose water has been contaminated., Mr. Summy seeks cost recovery on behalf of his clients for treatment facilities, operation and maintenance costs of the treatment facility, out of pocket expenses and administrative costs. Mr. Summy also represents private well owners around the country whose wells are contaminated.  Mr. Summy has represented approximately 200 public water providers across the country with MTBE contamination, and he is designated co-lead counsel for all plaintiffs. Mr. Summy has reached settlements with most of the defendants in these cases totaling over $450 million, including BP/Amoco.

**362**

16

Mr. Summy is continuing to file new MTBE cases across the country. He was also lead counsel in landmark environmental cases in California designed to protect natural resources. These cases were brought against all major oil companies and were successfully resolved, earning Mr. Summy and his legal team the "Attorney of the Year" award from *California Lawyer* in 2001.

Mr. Summy also represents over 30 water providers in atrazine litigation. Baron & Budd is the largest firm in the United States representing public water providers and private well owners on a contingency fee basis. Through his work in water cases across the country, Mr. Summy has obtained recoveries in excess of a billion dollars against major oil companies, including BP. Mr. Summy has been selected to be included in The Best Lawyers in America from 2006-2010. He and his team were also Finalists for the Public Justice Trial Lawyer of the Year Award in 2009. Mr. Summy currently serves on the Plaintiffs' Executive Committee in the Deepwater Horizon litigation.

 **Roland Tellis'** practice focuses on complex litigation involving environmental cases, securities matters, and consumer fraud cases. Tellis has represented clients in numerous jury trials, including several high profile, multi-million dollar business disputes. In 2005, Roland received commendation from the U.S. Department of Justice and the Federal Bureau of Investigation for his assistance in the successful prosecution of a $120 million securities Ponzi scheme.

In the financial sector, Tellis represented an investment adviser and broker dealer against class action allegations of securities fraud. Tellis also represented an international investment fund in litigation against foreign currency traders who perpetrated a multi-million dollar Ponzi scheme. In the business sector, Tellis represented a former Microsoft director and general manager against allegations of trade secret misappropriation, conversion and other alleged misconduct. In the environmental area, Tellis represented the world's largest producer of genetically engineered vegetable seeds in its prosecution of a misappropriation of trade secrets claim against company scientists. In the real estate area, Tellis represented the owner of a commercial real estate portfolio valued at $1 billion in a lawsuit claiming millions due under an alleged oral partnership agreement. In the entertainment area, Tellis successfully defeated an action by a union president and three board members against the Screen Actors' Guild and 41 other members of its national board.

BARON & BUDD, P.C.®

## Of Counsel

**Mazin A. Sbaiti** is Of-Counsel to the firm's general litigation section. He has successfully represented plaintiffs and defendants in matters involving securities, antitrust, breach-of-contract, fraud, intellectual property, consumer protection, product liability and employment matters. Often called in to represent clients seeking to replace their counsel, Mr. Sbaiti was one of three Baron & Budd attorneys named as finalists for "Trial Lawyers of the Year" in 2012. Mr. Sbaiti has been featured in Inc. Magazine, ABC News and the Wall Street Journal. Mr. Sbaiti led the firm's involvemnet in cprosecuting several national banks for their overdraft policies, which thus has yielded nearly a billion dollars in settlements. Mr. Sbaiti has extensive experience resuscitating cases from the brink of dismissal or default. Mr. Sbaiti is a former law clerk for the U.S. Court of Appeals for the Sixth Circuit, and summer clerk for the Eastern District of New York. He graduated with honors from Columbia Law School where he headed the Moot Court Executive Board, served on the Editorial Board of the Human Rights Law Review, taught first-year law students research and writing, was a teaching fellow in financial accounting and financial statement analysis, and published an article on Social Security Law.

**Allen Vaught** is a decorated U.S. Army veteran and former Texas State Representative. A member of the U.S. Army Reserve from 1997 until 2005, Mr. Vaught took leave from Baron & Budd in 2003 to serve in Operation Iraqi Freedom. He commanded one of the Army's first units to enter Fallujah and served as the city's de facto mayor. Mr. Vaught heads the firm's FLSA litigation section, where he spearheads new litigation against employers who are not fairly compensating their employees.

## Associates

**Christopher C. Colley** works with Baron & Budd clients who suffer from mesothelioma, primarily out of the firm's Baton Rouge office. Mr. Colley worked with the Dallas-based law firm Silber Pearlman until the firm consolidated with Baron & Budd in 2008. He earned his law degree from the Texas Tech University School of Law.

**Chad Cotton** is an attorney with Baron & Budd's asbestos litigation section, representing individuals with mesothelioma and other asbestos cancers. He concentrates his practice on the liability of employers and the owners of the facilities where his clients were exposed to asbestos. Mr. Cotton earned his J.D. from Southern Methodist University's Dedman School of Law.

**Irma Espino** is an attorney with Baron & Budd's water contamination litigation section, where she works primarily with clients who have been harmed by the Gulf Oil Spill. Espino originally joined the firm in 2002 as a case manager and later paralegal for pharmaceutical cases. In 2004, she left the firm to attend law school at the University of Miami School of Law, where she received honors in Litigation Skills and Trial Advocacy Program and was a member of the Business Law Review. She rejoined Baron & Budd in 2010.

**Frank C. Fleming** is an attorney who works on probate issues for the firm's asbestos clients. Before joining Baron & Budd, Mr. Fleming had a solo law practice in Dallas. Mr. Fleming earned his J.D. at Southern Methodist University.

BARON & BUDD, P.C.

**Ann Harper** has spent her career representing people who have developed mesothelioma and other serious illnesses caused by asbestos exposure. She works in Baron & Budd's settlement department, where she oversees the firm's Client Care department and works closely with the firm's clients to pursue claims through asbestos bankruptcy trust funds.

**Alana Kalantzakis** joined Baron & Budd in 2009 after completing her legal education at Southern Methodist University.

**Mitchell McCrea** is an attorney in the law firm's water clitigation section. Growing up on his family's ranches and farm in southern New Mexico, Texas and California, Mr. McCrea was constantly aware of water's ever-increasing value and scarcity. Following graduate studies on environmental history and the history of the American West at the University of New Mexico, Mr. McCrea determined he could best make a positive impact on the world's natural resources if he was armed with a law degree. He graduated *cum laude* from Texas Tech University Law School.

**Natasha Mehta** works in Baron & Budd's commerical litigation section, which she joined in 2011. Ms. Mehta earned her J.D. at the University of California.

**Marty A. Morris** works with the firm's asbestos litigation group, representing people with mesothelioma and other asbestos-related diseases. Mr. Morris was an attorney with a well-known commercial litigation firm for several years before joining Baron & Budd in 1999. He earned his J.D. at South Texas College of Law, where he was honored with the Order of the Coif. He was also a member of the South Texas Law Review and the Advocacy Program.

**Mark Pifko** represents clients in complex and class action litigation matters. Mr. Pifko's practice focuses on cases involving false advertising, fraud and scientific and technical disputes. He has been on both the prosecution and defense sides of a number of class action lawsuits and other complex legal matters concerning a variety of consumer goods, including food products, consumer electronics, dietary supplements, vehicles, software and other items.

**M. Cristina Sanchez** is an attorney with the firm's water contamination litigation section, representing municipalities, water providers and private well owners seeking clean-up costs for polluted drinking water supplies. She earned her J.D. at Southern Methodist University's Dedman School of Law, where she was the National Champion, recipient of the Best Brief Award and Second Place Oralist in the 2002 Hispanic National Bar Association Moot Court Competition. She also won First Place in the 2001 Southern Methodist University Client Counseling Competition and served as Chief Counsel for SMU's Criminal Defense Legal Clinic in 2002.

**Thomas M. Sims** has worked on a variety of environmental cases, ranging from water contamination to air pollution. In the Tucson, Arizona groundwater contamination case, Mr. Sims served as trial counsel in two lengthy bench trials that led to favorable verdicts for his clients. Mr. Sims also served on the legal team that was awarded the 2006 Public Justice "Trial Lawyer of the Year" Award for their work on this Tucson water contamination case. Mr. Sims earned his law degree, with honors, from the University of Texas School of Law.

**Peter Smith** brings a wealth of real estate and commercial expertise to Baron and

BARON & BUDD, P.C.®

Budd. Whether it's representing individuals or corporations in trial or arbitration, Mr. Smith works to reach the best solution for his clients. His practice focuses on cases involving property, partnership disputes, fraud, antitrust, breach of contract, breach of fiduciary duty, unfair business practices and copyright. In one of his notable cases, Mr. Smith worked on an action for the American Skiing Company, the owner of the Canyons Ski Resort in Park City, Utah, to compel the resort's landlord to agree to a lease in a $123 million transaction. He also worked on a trial team that successfully defended the estate of actor John Ritter in an action brought to compel specific performance of a contract to purchase three citrus farms owned by the Ritter estate.

**Natalie J. Velasco** began her career working as an adminstrative assistant at a plainittifs' law firm, where she later discovered a passion for the law. Ms. Velasco works with clients throuoghout the settlement process. She earned her J.D. at Southern Methodist University Dedman School of Law.



# Melissa K. Hutts

Melissa Hutts, a Baron & Budd shareholder, is an accomplished trial lawyer who has won significant jury awards in Texas and Louisiana on behalf of workers who developed mesothelioma and other asbestos-related diseases.  In addition to handling occupational injury cases, she has litigated pharmaceutical injuries, sexual harassment and consumer mass tort cases.  Melissa has published and lectured on a variety of topics, including products liability, premises liability and sexual harassment. She is a former member of the board of directors of the Dallas Trial Lawyers Association, a past associate director of Texas Trial Lawyers Association, and past co-chair of Texas Trial Lawyers Association Advocates.

## Education

Southern Methodist University (J.D. 1991)
University of Illinois (B.A. 1988)

## Bar & Court Admissions

Texas
Missouri
United States District Court for the Northern District of Texas

## Professional Associations

American Association for Justice
Texas Trial Lawyers Association
Dallas Trial Lawyers Association
Dallas Bar Association
Dallas Women Lawyers Association

## Presentations

"Bad Faith Litigation in Texas" (July 1994).

"Sexual Torts: Emerging Theories of the 90's," Strategies for Success in Personal Injury Cases in Texas: Hot Tips for Hot Times, Seminar sponsored by Texas Trial Lawyers Association (May 1993).

## Publications

*Sexual Torts: Emerging Theories of the '90s,* 57 TEXAS BAR JOURNAL 1060 (November 1994).

*Premises Liability's Evolution in the 1990s,* 54 TEXAS BAR JOURNAL 1062 (November 1994).

*Silicone Implants: The Coming Legal Tidal Wave?* 26 TRIAL LAWYERS FORUM 3 (1992).

*Silicone Implants: Tolling of Statute of Limitations,* 20 BARRISTER 37 1 (Spring 1993).

## Significant Trials

*Seddon v. Owens-Corning Fiberglas Corp., et al,* No. 92-056605-K (192nd Jud. Dist., Dallas County, Texas).

*Smith v. Synkoloid Co.,* No. 95-04-1709-D (103rd Jud. Dist. Ct., Cameron County, Texas).

*Fitts, et al v. Keene Corp., et al,* No. 92-10123 (353rd Jud. Dist. Ct., Travis County, Texas).

*Vail v. Owens-Corning Fiberglas Corp., et al,* No. 45907, *consolidated with Killingsworth v. Owens-Corning Fiberglas Corp., et al,* No. 46280 (18th Jud Dist. Ct., Iberville Parish, Louisiana).

# RENÉE MELANÇON

Renée Melançon is an experienced appellate attorney who has briefed and argued before the appellate courts of California, Delaware, Louisiana and New York and has defended six multi-million dollar verdicts on appeal. She is engaged with the litigation and trial teams at all stages of litigation. Renée is experienced in mature torts and burgeoning litigation, such as that involving Chinese drywall, bank overdraft, TCE and MTBE. She is licensed in Texas and Louisiana and admitted to practice before the United States District Court for the Eastern District of Louisiana.

In 2006, Renée was part of the legal team recognized by Trial Lawyers for Public Justice by its Trial Lawyer of the Year Award. She has been recognized as a Rising Star of Texas Law by Texas Super Lawyers (Key Professional Media) in 2006 and 2009. She is also a member of Amicus Curiae Committee of the American Association for Justice.

## SELECTED OPINIONS

*General Motors Corp. v. Grenier*, 981 A.2d 531 (Del. 2009).

*Spillman v. Anco Insulations,* 994 So.2d 132 (La. App. 1 Cir. Sept. 9, 2008), *writ denied*, 18 So.3d 93 (La. 2009).

*Rando v Anco Insulations*, 16 So.3d 1065 (La. 5/22/09), *aff'g* 2008 WL 2068080 (La. App. 1 Cir. 5/2/08).

*Norris v. Crane Co.*, B196031, 2008 WL 638361 (Cal. App. 2 Dist. Mar. 11, 2008).

*Abram v. EPEC Oil Co.*, 936 So.2d 209 (La. App. 4 Cir. 2006), *writ denied*, 942 So.2d 537 (La. 2006).

*Thomas v. A.P. Green Indus.*, 933 So.2d 843 (La. App. 4 Cir. 2006).

## EDUCATION

| | |
|---|---|
| **University of Arizona** | J.D., M.A. Psychology, December 1997 |
| Honors: | Order of the Coif |
| | Graduated *Magna Cum Laude* |
| | ARIZONA LAW REVIEW, member |
| | PSYCHOLOGY, PUBLIC POLICY, & LAW, student editor |
| | |
| **University of Florida**, | B.S. Psychology, May 1992, |
| Honors: | Graduated *Cum Laude* |
| | Phi Beta Kappa |

## PUBLICATIONS

Co-Author, *Toxic Torts and Mass Torts in* Survey of Developments in Texas Law, SMU L. REV. (2008)

Co-Author, *Explaining Sexual Harassment Judgments: Looking Beyond Gender of the Rater*, 28(1) LAW AND HUMAN BEH. 69 (2004).

Author, *Women and the Environment: Interview with Dr. Azizan Baharuddin*, 54(2) MALAY. NATURALIST 20 (2000).

Co-Author, *The Utility of the Reasonable Woman Legal Standard in Hostile Work Environment Sexual Harassment Cases: A Multimethod, Multistudy Examination,* 5 PSYCHOL., PUB. POL'Y, & L. 596 (1999).

Author, *Arizona's Insane Response to Insanity*, 30 ARIZ. L. REV. 287 (1998),
*cited in Clark v. Arizona*, 548 U.S. 735, 126 S.Ct. 2709, 2719 n.6, 165 L.Ed.2d 842(2006).

1    Gene J. Stonebarger, State Bar No. 209461
     gstonebarger@stonebargerlaw.com
2    STONEBARGER LAW, APC
     75 Iron Point Circle, Suite 145
3    Folsom, CA 95630
     Telephone:    (916) 235-7140
4    Facsimile:    (916) 235-7141

5    *Attorneys for Plaintiffs and the Class*

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                          )
                                            )
11                                          )
                                            )
12   IN RE: EASYSAVER REWARDS              )
     LITIGATION                             )   LEAD CASE NO.: 09-CV-2094-MMA-BLM
13                                          )
                                            )   **CLASS ACTION**
14                                          )
                                            )   **DECLARATION OF GENE J.**
15                                          )   **STONEBARGER IN SUPPORT OF**
                                            )   **PLAINTIFFS' APPLICATION FOR**
16                                          )   **ATTORNEYS' FEES AND COSTS**
                                            )
17                                          )
                                            )
18                                          )
                                            )
19   _____       )

20

21        I, Gene J. Stonebarger declare:

22        1.      I am an attorney licensed to practice by the State of California, and the founding

23   member of the law firm Stonebarger Law, APC, and am one of the attorneys for Plaintiffs and

24   the Class in this proceeding.

25        2.      I make this declaration in support of Class Counsel's application for an award of

26   attorneys' fees and expenses in connection with services rendered by counsel for Plaintiffs in this

27   litigation, of my own personal knowledge and, if called as a witness, I could and would testify

28   competently to the matters stated below.

-1-

**372**

3.      The tasks undertaken by my firm can be summarized as follows:

- Research on Defendant; Legal Research regarding Causes of Action; Drafting Complaint, Amended Complaints and Consolidated Complaints  41.4 hours

- Travel and Attendance at meetings with Counsel                              12.3 hours

- Legal Research Regarding Issues raised in Motion to Dismiss                 20.2 hours

- Legal Research Regarding Affirmative Defenses raised in Answers             6.4 hours

- Prepare for ENE and Mediation; Travel and Attend ENE and Mediation         45.6 hours

- Review and Analysis of Discovery Responses; Research regarding Discovery responses                                                           10.2 hours

- Review and Research regarding Miscellaneous Briefs, Pleadings, Stipulations                                                                 64.7 hours

- Miscellaneous Correspondence                                               35.7 hours

4.      The schedule attached hereto as Exhibit 1 is a summary indicating the hours worked by the partners, associates, and professional support staff who were involved in this litigation at my firm, by category, through the date of this declaration (additional time will be spent in preparation for the settlement hearing, any further proceedings, and in implementing the settlement), and the lodestar calculation based upon my firm's current billing rates. Time spent in preparing this application for fees is not included.  The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for in camera review.  I have spent 236.5 hours, at the rate of $650 per hour on this litigation from the inception of the case through November 26, 2012.  The total lodestar amount based on the firm's current rates is $153,725.00.

5.      My hourly rate of $650 has been previously approved by both California state and federal Courts, and this rates closely reflect the fair market rate for attorneys of similar experience engaged in similar type practice.  Specifically, several courts in 2012 have expressly approved my hourly rate of $650, including the following cases: *Vaughan, et al. v. Home Depot U.S.A., Inc.*, District Court for the Eastern District of California, Case No. 2-11-cv-1041-GEB-

Declaration of Gene J. Stonebarger

CASE NO.: 09-CV-2094-MMA-BLM

1  CKD (2012); *Swaney v. Lowe's HIW, Inc.*, District Court for the Northern District of California,

2  Case No. CV-11-03231 (2012); *Pabst v. Genesco, Inc.*, Court for the Northern District of

3  California, Case No. CV-11-04881 (2012); *Pompa v. Target Corporation*, District Court for the

4  Central District of California, Case No. CV-10-0634 (2012); *Sunseri v. Maidenform Brands,*

5  *Inc.,* Napa County Superior Court, Case No. 26-52359 (2012); *Giacometti v. True Religion*

6  *Apparel, Inc.,* Placer County Superior Court, Case No. S-CV-0027951 (2012); *LaMasa v.*

7  *IndyMac Resources, Inc.*, Stanislaus County Superior Court, Case No. 626836 (2012); and

8  *Nelson v. Destination Maternity Corporation,* San Francisco Superior Court, Case No. CGC-11-

9  508949 (2012).

10       6.    As detailed in Exhibit 2, my firm has incurred a total of $10,798.22 in

11  unreimbursed expenses in connection with the prosecution of this litigation.  The expenses

12  incurred in this action are reflected on the books and records of my firm. These books and

13  records are prepared from expense vouchers, check records and other source materials and

14  represent an accurate recordation of the expenses incurred.

15       7.    With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is

16  a brief biography of my firm.

17       I declare under penalty of perjury under the laws of the United States of America that the

18  foregoing is true and correct to the best of my knowledge.

19       Executed on this 26th date of November, 2012.

20                      */s/* Gene J. Stonebarger

21

22

23

24

25

26

27

28

-3-

**374**

EXHIBIT 1

EXHIBIT 1

**IN RE: EASYSAVER REWARDS LITIGATION**

**STONEBARGER LAW, APC**

**TIME REPORT – Inception through November 26, 2012**

| Name/Position[1] | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Gene J. Stonebarger (P) | 236.5 | $650 | $153,725.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | 236.5 | $650 | $153,725.00 |

---

[1] Partner (P), Associate (A), Legal Assistant (L)

-1-

**376**

EXHIBIT 2

**377**

EXHIBIT 2

**IN RE: EASYSAVER REWARDS LITIGATION**

**STONEBARGER LAW, APC**

**TIME REPORT – Inception through November 26, 2012**

| Type of Expense | Amount |
|---|---|
| Assessments | $10,000.00 |
| Outside Copies | |
| In-house Reproduction/Copies | |
| Court Costs & Filing Fees | |
| Court Reporters & Transcripts | |
| Computer Research | |
| Telephone & Facsimile | |
| Postage/Express Delivery/Courier | |
| Professional Fees (investigator, accountant, etc.) | |
| Experts | |
| Witness / Service Fees | |
| Travel: Airfare | $504.80 |
| Travel: Lodging/Meals | $263.42 |
| Travel: Car rental/cabfare/parking | $30.00 |
| Miscellaneous | |
| **TOTALS** | **$10,798.22** |

-1-

**378**

EXHIBIT 3

**379**

75 Iron Point Circle, Suite 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141
www.stonebargerlaw.com

# Stonebarger Law

## A Professional Corporation

**Gene J. Stonebarger**
*Attorney at Law*
gstonebarger@stonebargerlaw.com

**STONEBARGER LAW, APC**, is a law firm dedicated to representing the interests of individuals and small businesses throughout the Country in all aspects of civil litigation. The firm specializes in Class Action Litigation. Our Attorneys have successfully served as Lead or Co-Lead Class Counsel prosecuting numerous Class Actions to Judgment against large corporations for violations of California consumer protection statutes, recovering tens of millions of dollars in benefits for individuals across the Country. Our Attorneys have also successfully represented many small businesses as both plaintiffs and defendants in various litigation venues. Stonebarger Law prides itself on the ability of our Attorneys to achieve excellent results for our clients through aggressive, precise, efficient and honest representation.

## GENE J. STONEBARGER, ESQ.

### BIOGRAPHICAL INFORMATION

Gene J. Stonebarger is the founder of Stonebarger Law, APC. Mr. Stonebarger received a 2012 California Lawyer Attorney of the Year Award (the "CLAY Award") from California Lawyer magazine for the significant impact his legal work made in the area of Consumer Rights in 2011. Mr. Stonebarger argued the seminal privacy rights case entitled *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524 (2011), wherein the California Supreme Court issued a unanimous decision in favor of Plaintiff and Appellant protecting the privacy rights of California consumers, reversing the decisions of the two lower Courts and remanding the case for further proceedings. Mr. Stonebarger had the distinct honor of being the first attorney to present oral argument before Chief Justice Cantil-Sakauye as she began her tenure at the helm of the California Supreme Court and of California's vast judicial branch.

**380**

Mr. Stonebarger was awarded the Buck Scholarship in 1993 upon graduation from Linden High School and then went on to receive a Bachelor of Science Degree from U.C. Davis in 1997 and the Degree of Juris Doctor from the University of San Diego School of Law in 2000. Mr. Stonebarger began his legal career working at the prestigious Damrell law firm, where he handled complex civil litigation matters and Class Actions. In January, 2004, Mr. Stonebarger co-founded Lindsay & Stonebarger, APC. Mr. Stonebarger founded Stonebarger Law, APC in January, 2010. Mr. Stonebarger currently specializes his practice in the areas of Class Action and Complex Business Litigation. He is admitted to practice law before all courts of the State of California, the United States District Courts in the Northern, Eastern, Central and Southern Districts of California, as well as the United States Court of Appeals for the Fifth and Ninth Circuits, and the Supreme Court of the United States.

Mr. Stonebarger has successfully represented clients in numerous litigation forums in both Federal and State Court, including but not limited to, the Judicial Council of California, the Judicial Panel on Multidistrict Litigation, The Department of Consumer Affairs, California Courts of Appeal, Trial Courts throughout the State of California and Federal District Courts across the country. Mr. Stonebarger is a member of the American Association for Justice, the State Bar of California, the Consumer Attorneys of California, the Sacramento County Bar Association and the Capitol City Trial Lawyers Association. Mr. Stonebarger is also a licensed Real Estate Broker through the California Department of Real Estate.

EDUCATION

2000 - University of San Diego School of Law (J.D.)
1997 - University of California, Davis (B.S.)

LEGAL EXPERIENCE

2010-Present: Stonebarger Law, APC (Folsom)
2004-2010:    Lindsay & Stonebarger, APC (Sacramento, Folsom)
2000-2004:    Damrell, Nelson, Schrimp, Pallios, Pacher & Silva (Modesto)

JURISDICTIONS ADMITTED TO PRACTICE

2011- United States Supreme Court
2000- U.S. Court of Appeals for the Ninth Circuit
2010- U.S. Court of Appeals for the Fifth Circuit
2008- U.S. District Court, Central District of California

2006- U.S. District Court, Southern District of California
2001- U.S. District Court, Eastern District of California
2001- U.S. District Court, Northern District of California
2000 - California Supreme Court

PROFESSIONAL MEMBERSHIPS

State Bar of California
Consumer Attorneys of California
Sacramento County Bar Association
Capitol City Trial Lawyers Association
American Association for Justice
Real Estate Broker through the California Department of Real Estate

LEGISLATIVE TESTIMONY

- Assembly Committee on Judiciary regarding AB 1219, May 10, 2011
- Assembly Committee on Banking regarding AB 1219, May 2, 2011

SPEAKING ACTIVITIES

- American Conference Institute, Data Privacy & Information Security, Dallas, Texas, June 3-4, 2010
- San Francisco Bar Association Song-Beverly Act Panel, August 23, 2011
- American Conference Institute, Privacy & Security of Consumer and Employee Information, Washington, D.C., February 1-2, 2012

PUBLISHED OPINIONS

- *Pineda v. Williams-Sonoma Stores, Inc.,* 51 Cal.4th 524 (2011)
- *Alvarez v. Brookstone Company, Inc.* 202 Cal.App.4th 1023 (2011)
- *Folgelstrom v. Lamps Plus, Inc.,* 195 Cal.App.4th 986 (2011)
- *Powers v. Pottery Barn, Inc.,* 177 Cal.App.4th 1039 (2009)

# RICHARD D. LAMBERT, ESQ.

<u>BIOGRAPHICAL INFORMATION</u>

Richard D. Lambert is an associate of the firm. Mr. Lambert graduated from Grace M. Davis High School in 2000. Mr. Lambert attended Occidental College earning his Bachelor of Arts degree in Economics in 2004. Mr. Lambert attended California Western School of Law, receiving his Juris Doctor *Magna Cum Laude* in 2007. While in law school, Mr. Lambert was an Associate Editor of the California Western Law Review & International Law Journal, an Academic Honors Instructor, and earned three Awards for Academic Achievement (Evidence, Alternative Dispute Resolution, & Trial Practice).

Mr. Lambert's Class Action practice is focused predominantly in the areas labor and employment, consumer protection, and privacy rights litigation. In addition to his Class Action practice, Mr. Lambert also handles Complex Business Litigation matters. He is admitted to practice law before all courts of the State of California. Mr. Lambert is a member of the State Bar of California, the Consumer Attorneys of California, California Employment Lawyers Association, and the Sacramento County Bar Association.

<u>EDUCATION</u>

2007 - California Western School of Law (J.D.), *Magna Cum Laude*
2004 - Occidental College (B.A.), *Omicron Delta Epsilon Honors*

<u>LEGAL EXPERIENCE</u>

2010-Present:  Stonebarger Law, APC (Folsom)
2007-2010:    Lindsay & Stonebarger, APC (Folsom)

<u>JURISDICTIONS ADMITTED TO PRACTICE</u>

2011 - U.S. District Court, Southern District of California
2011 - U.S. District Court, Central District of California
2010 - U.S. District Court, Northern District of California
2009 - U.S. District Court, Eastern District of California
2007 - California Supreme Court

PROFESSIONAL MEMBERSHIPS

State Bar of California
Consumer Attorneys of California
Sacramento County Bar Association
California Employment Lawyers Association
Phi Alpha Delta, Sacramento State Chapter

PUBLISHED OPINIONS

- *Pineda v. Williams-Sonoma Stores, Inc.,* 51 Cal.4th 524 (2011)
- *Alvarez v. Brookstone Company, Inc.* 202 Cal.App.4th 1023 (2011)
- *Folgelstrom v. Lamps Plus, Inc.,* 195 Cal.App.4th 986 (2011)
- *Powers v. Pottery Barn, Inc.,* 177 Cal.App.4th 1039 (2009)

**ELAINE W. YAN, ESQ.**

BIOGRAPHICAL INFORMATION

Elaine W. Yan is an associate of the firm. Ms. Yan graduated from Acalanes High School in 2004. Ms. Yan attended University of California, San Diego, earning her Bachelor of Arts degree in Political Science-Public Law with a minor in Human Development in 2008. Ms. Yan attended University of California, Davis School of Law (King Hall), where she received her Juris Doctor in 2011 and was elected to the Order of Coif. While in law school, Ms. Yan earned two Witkin Awards for Academic Achievement (Criminal Law and Family Law).

Ms. Yan is a member of the State Bar of California. She is admitted to practice law before all courts of the State of California and the United States District Courts in the Northern, Eastern, Central and Southern Districts of California.

EDUCATION

2011 - University of California Davis School of Law (J.D.), *Order of the Coif*
2008 - University of California San Diego (B.A.)

LEGAL EXPERIENCE

2011-Present: Stonebarger Law, APC (Folsom)

**384**

JURISDICTIONS ADMITTED TO PRACTICE

2012 - U.S. District Court, Northern District of California
2011 - U.S. District Court, Eastern District of California
2011 - U.S. District Court, Central District of California
2011 - U.S. District Court, Southern District of California

PROFESSIONAL MEMBERSHIPS

State Bar of California


**PRIVACY RIGHTS CLASS ACTION LITIGATION**

Attorneys at Stonebarger Law have successfully served as Lead or Co-Lead Class Counsel prosecuting numerous Class Actions to Judgment against large corporations for violations of California Civil Code section 1747.08, protecting the privacy rights of consumers, recovering tens of millions of dollars in benefits for individuals across the country, including in the following cases:

- *Matsuo v. American Golf Corporation*, San Joaquin County Superior Court, Case No. CV024865
- *Buzby v. Best Buy Co., Inc.*, San Diego County Superior Court, Case No. GIN040241
- *Children's Place Cases*, Stanislaus County Superior Court, J.C.C.P. No. 4418
- *Castaneda v. Dillard's, Inc.*, San Joaquin County Superior Court, Case No. CV026899
- *Barajas v. The Container Store, Inc.*, San Diego County Superior Court, Case No. GIN 041129
- *Ben Bridge Jeweler Cases*, Sacramento County Superior Court, J.C.C.P. No. 4474
- *Mendez v. Carter's, Inc.*, Sacramento County Superior Court, Case No. 05AS005580
- *O'Keefe v. West Marine, Inc.*, San Diego County Superior Court, Case No. GIC 876869
- *Barajas v. Dixieline Lumber Co.*, San Diego County Superior Court, Case No. GIC 841991
- *Cost Plus Credit Card Cases*, Sacramento County Superior Court, J.C.C.P. No. 4507
- *Wood v. Coach, Inc.*, Contra Costa County Superior Court, Case No. C-07-01146
- *Bell v. Genesco, Inc.*, San Diego County Superior Court, Case No. 37-2008-00081672 CU-BT-CTL

**385**

- *Lautenlager v. Sam Ash Music Corporation*, San Diego County Superior Court, Case No. 37-2008-00088948-CU-BT-CLT
- *Andonia v. The TJX Companies, Inc.*, San Diego County Superior Court, Case No. GIC875253
- *Burger v. J.C. Penney Company, Inc.*, San Diego County Superior Court, Case No. 37-2008-00083751-CU-BT-CTL
- *Cole v. Sport Chalet, Inc.*, San Diego County Superior Court, Case No. 37-2008-00081675 CU-BT-CTL
- *Cole v. The Sports Authority, Inc.*, San Diego County Superior Court, Case No. 37-2008-00081686 CU-BT-CTL
- *Johnson v. Lerner New York*, San Diego County Superior Court, Case No. 37-2008-00080567-CU-BT-CTL
- *Anderson v. United Retail*, San Diego County Superior Court, Case No. 37-2008-00089685-CU-BT-CTL
- *Spangler v. Bass Pro Outdoor World, LLC*, San Bernardino County Superior Court, Case No. CIVSS 810285
- *Fogelstrom v. Everfast, Inc.*, San Diego County Superior Court, Case No. 37-2008-00086675-CU-BT-CTL
- *Korn v. Polo Ralph Lauren Corporation*, United States District Court, Eastern District of California Case, No.  07-CV-02745-FCD-JFM
- *Anderson v. Tuesday Morning Corporation*, San Diego County Superior Court, Case No. 37-2008-00088654-CU-BT-CTL
- *Miller v. Road Runner Sports, Inc.*, San Diego County Superior Court, Case No. 37-2008-00093271-CU-BT-CTL
- *Diebel v. BCBG MAX AZRIA GROUP, Inc.*, San Diego County Superior Court, Case No. 37-2008-00085129-CU-BT-CTL
- *Fogelstrom v. Tween Brands, Inc.*, San Diego County Superior Court, Case No. 37-2008-00060767-CU-BT-NC
- *In Re: Payless Shoesource, Inc. California Song-Beverly Credit Card Act Litigation*, Eastern District of California, Case No. 09-MD-02022 FCD (GGH)
- *Sturgeon v. Jones Retail Corporation,* Southern District of California, Case No.  09-CV-00507-WQH (WVG)
- *Nelson v. Destination Maternity Corporation,* San Francisco County Superior Court, Case No. CGC-11-508949
- *Giacometti v. True Religion Apparel, Inc.,* Placer County Superior Court, Case No. S-CV0027951

- *Vaughan, et al. v. Home Depot U.S.A., Inc.*, District Court for the Eastern District of California, Case No. 2-11-cv-1041-GEB-CKD
- *Swaney v. Lowe's HIW, Inc.*, District Court for the Northern District of California, Case No. CV-11-03231
- *Pabst v. Genesco, Inc.*, Court for the Northern District of California, Case No. CV-11-04881

## CONSUMER CLASS ACTION LITIGATION

Attorneys at Stonebarger Law have successfully served as Class Counsel prosecuting numerous Class Actions to Judgment against large corporations for violations of California consumer protection statutes, recovering millions of dollars in benefits for individuals across the country, including in the following cases:

- *Christopher v. Baskin-Robbins*, USA, LLC, San Diego County Superior Court, Case No. 37-2007-00069556-CU-BT-CTL
- *Kedem v. Toys 'R' Us, Inc.*, Santa Clara County Superior Court, Case No. 1-09-CV-141570
- *In Re: Heartland Payment Systems, Inc. Data Security Breach Litigation*, Southern District of Texas, Case No. 4:09-MD-2046 (Mr. Stonebarger served as a member of the Executive Committee in the Consumer Track Actions in this MDL proceeding relating to a security breach whereby consumer credit card information was compromised)

## LENDER MISCONDUCT CLASS ACTION LITIGATION

Attorneys at Stonebarger Law have successfully served as Lead Class Counsel prosecuting Class Actions to Judgment against large lending institutions for violations of California and Federal statutes, including in the following case:

- *Shelton v. GMAC, LLC*, Placer County Sup. Ct., Case No. SCV21807 (Mr. Stonebarger served as Lead Class Counsel in this class action alleging that Defendant Sent 1099-C Cancelation Of Debt Forms To Debtors And Then Subsequently Attempted To Collect On The Canceled Debts)

Stonebarger Law serves as Counsel in pending Class Action lawsuits filed against large lending institutions for violations of California and Federal statutes, including the following cases:

- *In re Citibank HELOC Reduction Litigation,* Northern District of California, Case No. C 09-0350-MMC (Mr. Stonebarger serves as a member of the Executive Committee in this nationwide class action alleging illegal reductions of Home Equity Lines of Credit)
- *Singh v. Citimortgage, Inc., et al.,* Eastern District of California, Case No. 2:11-cv-00793-KJM-GGH (Mr. Stonebarger serves as a member of the Executive Committee in this nationwide class action alleging failure to honor loan modifications)

## EMPLOYMENT CLASS ACTION LITIGAITON

Stonebarger Law has successfully served as Co-Lead Class Counsel prosecuting Class Actions to Judgment against large companies for violations of California and Federal employment laws, including the following cases:

- *Kool v. Target Corporation*, Eastern District of California, Case No. 2:10-CV-02950-LKK-EFB (Wage and hour class action on behalf of pharmacists)
- *Martin v. Warehouse Demo Services, Inc.,* Northern District of California, Case No. CV-10-04539 MMC (Wage and hour class action on brought on behalf of hourly employees working demonstration tables at Costco's stores across the State)
- *La Masa v. IndyMac Resources, Inc.*, Stanislaus County Superior Court, Case No. 626836 (Wage and hour class action on behalf of former IndyMac employees)

Stonebarger Law serves as Counsel in numerous pending Class Action lawsuits filed against large companies for violations of California and Federal employment laws, including the following cases:

- *Chase, et al. v. Rite Aid Corp.*, Los Angeles County Superior Court, Case No. BC381055 (Coordinated wage and hour class action on behalf of pharmacists employed by Rite Aid)
- *Duke v. Adventist Health System/West, et al.,* Sacramento County Superior Court, Case No. 34-2010-00073533-CU-OE-GDS (Wage and hour class action on behalf of former nurses working at St. Helena Hospital Clearlake)
- *Reed v. The Cheesecake Factory Restaurants, Inc., et al.,* Placer County Superior Court, Case No. SCV2773 (Class action brought on behalf of The Cheesecake Factory employees for being required to purchase uniforms in violation of California Law)
- *Anderson v. Apple American Group, LLC*, Sacramento County Superior Court, Case No. 34-2010-00093705 (Class action brought on behalf of Applebee's employees for being required to purchase uniforms in violation of California Law)

- *Carder v. Continental Airlines, Inc.*, Southern District of Texas, Case No. 4:09-cv-03173 (Class action brought on behalf of Continental employees and applicants who are/were United States Military Reservists for Continental's violations of USERRA)

1    Jennie Lee Anderson, State Bar No. 203586
     Lori E. Andrus, State Bar No. 205816
2    ANDRUS ANDERSON LLP
     155 Montgomery Street, Suite 900
3    San Francisco, CA 94104
     Telephone:  (415) 986-1400
4    Facsimile:  (415) 986-1474
     jennie@andrusanderson.com
5    lori@andrusanderson.com

6    James R. Patterson, State Bar No. 211102
     Alisa A. Martin, State Bar No. 224037
7    PATTERSON LAW GROUP
     402 West Broadway, 29th Floor
8    San Diego, CA 92101
     Telephone:  (619) 756-6990
9    Facsimile:  (619) 756-6991
     jim@pattersonlawgroup.com
10   alisa@pattersonlawgroup.com

11   *Co-Lead Interim Class Counsel for the Proposed Class*

12

              **UNITED STATES DISTRICT COURT**

13           **SOUTHERN DISTRICT OF CALIFORNIA**

14

15

16   IN RE: EASYSAVER REWARDS
     LITIGATION
17

18

19

20

21

22

23

24        I, Jennie Lee Anderson declare:

25         1.      I am an attorney licensed to practice by the State of California, and a member of

26   the law firm Andrus Anderson LLP. I am one of four Court-appointed Interim Co-Lead Class

27   Counsel representing the named Plaintiffs and the putative class in the above-captioned case.

28         2.      I make this declaration in support of Class Counsel's application for an award of

The right side of the caption:

)
)
)
)
)
) LEAD CASE NO.: 09-CV-2094-MMA-BLM
)
) **<u>CLASS ACTION</u>**
)
) **DECLARATION OF JENNIE LEE**
) **ANDERSON IN SUPPORT OF**
) **PLAINTIFFS' APPLICATION FOR**
) **ATTORNEYS' FEES AND COSTS**
)
)
)
)

---

ANDERSON DECL. ISO PLAINTIFFS' APPLICATION
FOR ATTORNEYS' FEES AND COSTS - 1
09-CV-02094-AJB (WVG)

**390**

attorneys' fees and expenses in connection with services rendered by counsel for Plaintiffs in this litigation, of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

3.     As Interim Co-Lead Class Counsel, I participated in all strategic and management decision-making in the case.  Additionally, specific tasks undertaken by me and the members of my firm can be summarized as follows:

    a.   Conducted extensive pre-filing research;

    b.   Drafted the complaint and edited and conducted research in connection with each amended complaint;

    c.   Developed case strategy and drafted multiple case management and Early Neutral Evaluation related submissions;

    d.   Drafted multiple briefs in the case, including but not limited to (i) oppositions to Defendants' motions to dismiss, (ii) motion for class certification, (iii) motion to consolidate, (iv) opposition to Defendants' motion to stay, (v) motion for preliminary approval, and (vi) briefs relating to proceeding before the Judicial Panel on Multidistrict Litigation;

    e.   Edited, conducted research for and assisted in drafting multiple other briefs, including but not limited to Plaintiffs' opposition to Defendants' motion to strike, multiple discovery motions and subsequent oppositions to motions to dismiss;

    f.   Interviewed and fielded telephone inquiries from putative class members;

    g.   Participated in regular in-person and telephonic meetings with Co-Lead Class Counsel.  Coordinated with co-counsel regarding assignments and supervised management of the case;

    h.   Prepared for and took three corporate depositions and second chaired all other depositions noticed by Plaintiffs in the case in both California and Maryland;

    i.   Reviewed and coded documents produced by defendants and nonparties;

    j.   Identified and analyzed potential exhibits for depositions;

    k.   Conducted research regarding additional claims and choice of law issues, drafted

1        memoranda relating to the same;

2        l.  Prepared for and participated in multiple hearings and case management

3          conferences;

4        m.  Met with named Plaintiffs regarding status of litigation;

5        n.  Researched and drafted multiple letters regarding compliance with the California

6          Legal Remedies Act, met and conferred with defendant regarding the same;

7        o.  Participated in negotiation of protective order;

8        p.  Met and conferred with defense counsel regarding motion practice and multiple

9          discovery issues;

10       q.  Retained and consulted with experts in the case;

11       r.  Worked directly with experts regarding discovery issues, depositions,

12         interpretation of computer code and damages models,

13       s.  Drafted expert disclosures;

14       t.  Developed and drafted party and nonparty discovery;

15       u.  Served, met and conferred regarding and enforced more than 22 nonparty

16         subpoenas;

17       v.  Prepared affidavits relating to nonparty discovery;

18       w.  Researched discovery issues and drafted memoranda regarding the same;

19       x.  Prepared for and participated in all mediation sessions and settlement discussions;

20       y.  Researched and evaluated issues for motion for summary judgment, prepared

21         memoranda regarding the same;

22       z.  Researched intervention issues pertaining to related cases;

23       aa. Created and maintained a litigation fund account;

24       bb. Negotiated settlement terms including issues relating to class notice with defense

25         counsel; and

26       cc. Worked and will continue to work with claims administrator and Defendants

27         regarding notice and class claims.

28      4.    The schedule attached hereto as Exhibit 1 is a summary indicating the hours

1   worked by the partners, associates, and professional support staff who were involved in this

2   litigation at my firm, organized by task category, through the date of this declaration (additional

3   time will be spent in preparation for the settlement hearing, any further proceedings, and in

4   implementing the settlement), and the lodestar calculation based upon my firm's current billing

5   rates.  Time spent in preparing this application for fees is not included.  The schedule was

6   prepared from contemporaneous, daily time records regularly prepared and maintained by my

7   firm, which are available at the request of the Court for *in camera* review.  My firm has spent

8   more than 1,355 hours on this litigation from the inception of the case through November 21,

9   2012.  The total lodestar amount based on the firm's current rates is $766,821.50.  The hourly

10  rates set forth in Exhibit 1 are my firm's regular hourly rates and similar to the rates charged by

11  litigation firms in the area for complex litigation.

12        5.      As detailed in Exhibit 2, my firm has incurred a total of $39,769.32 in

13  unreimbursed expenses in connection with the prosecution of this litigation.  The expenses

14  incurred in this action are reflected on the books and records of my firm. These books and

15  records are prepared from expense vouchers, check records and other source materials and

16  represent an accurate recordation of the expenses incurred.

17        6.      With respect to the standing and qualifications of counsel in this case, attached

18  hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were

19  principally involved in this litigation

20        7.      My firm managed and maintained a litigation fund in connection with this

21  litigation.  Exhibit 4 attached hereto is a summary of expenses paid from the joint litigation fund,

22  which Interim Co-Lead Class Counsel funded by leveling assessments totaling $110,000.  A total

23  of $103,002.24 of expenses has been paid from the litigation fund, leaving a reserve of

24  $6,997.76.  Any amounts left in reserve at the time of final approval shall be offset from the cost

25  amounts to be paid to each firm from the settlement fund on a pro rata basis.

26        8.      I have reviewed the Declarations of James R. Patterson, Isam C. Khoury, Bruce

27  Steckler and Gene J. Stonebarger In Support of Plaintiffs' Application for Attorneys' Fees and

28  Costs, filed concurrently herewith.  Based on these declarations and the exhibits thereto, the

ANDERSON DECL. ISO PLAINTIFFS' APPLICATION
FOR ATTORNEYS' FEES AND COSTS - 4      **393**
09-CV-02094-AJB (WVG)

firms spent 7706.4 hours litigating the case so far, with a collective lodestar of $4,264,116.50. Based on these same declarations, the total costs advanced by counsel in the case (minus the amount in reserve in the litigation fund) are $223,398.27.

9.     Throughout this case, my law firm expended a substantial time and costs to prosecute a nationwide class action suit on a purely contingency fee basis, with no guarantee of compensation or reimbursement.  This commitment also prevented my firm from taking on other matters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 26th date of November, 2012.

                                    _/s/  Jennie Lee Anderson_____
                                    Andrus Anderson LLP
                                    Interim Co-Lead Class Counsel

# EXHIBIT 1

IN RE: EASYSAVER REWARDS LITIGATION
ANDRUS ANDERSON LLP
TIME REPORT - Inception through November 29, 2012

| Name (Status) | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Inception to Date Hours | Inception to Date Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Andrus, Lori (P) | $675 | 40.4 | 22.8 | | 34.8 | 1.8 | | 0.6 | | 6.6 | 30.7 | 0.3 | | 115.2 | $77,760.00 |
| Anderson, Jennie (P) | $675 | 187.3 | | 3.3 | 16.4 | 83.7 | 39.2 | 23.3 | 20.8 | 51.1 | 256.1 | 69.7 | | 773.7 | $522,247.50 |
| Marlowe, Jennifer (A) | $450 | 6.7 | | | | | | | | 29.6 | 105.1 | | | 141.4 | $63,630.00 |
| Moy, Jessica (A) | $360 | 1.0 | | | 0.2 | | | | | | 36.1 | | | 37.3 | $13,428.00 |
| Pacheco, Jaime (PL) | $260 | 3.4 | | | | | | | | 3.6 | 30.4 | | | 37.4 | $9,724.00 |
| Tosdal, Sara (A) | $350 | | | | | | | 0.9 | | 1.5 | 6.5 | | | 8.9 | $3,115.00 |
| McEwan, Ryan (A) | $340 | 3.2 | | | 100.5 | 66.0 | | 6.3 | | 2.1 | 3.6 | | | 181.7 | $61,778.00 |
| May, Caitlin (LC) | $250 | | | | | | | | | 10.7 | 2.5 | | | 13.2 | $3,300.00 |
| Jacobsen, Laurie (PI) | $170 | | | | | | | | | | 2.5 | | | 2.5 | $425.00 |
| Lopez, Maria (PL) | $260 | | | | | | | | | | 0.6 | | | 0.6 | $156.00 |
| Good, Kelli (PL) | $260 | 4.6 | | | 3.7 | 12.7 | | | | 2.8 | 12.7 | 6.8 | | 43.3 | $11,258.00 |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| **TOTAL** | | 246.6 | 22.8 | 3.3 | 155.6 | 164.2 | 39.2 | 31.1 | 20.8 | 108.0 | 486.8 | 76.8 | - | 1,355.2 | $766,821.50 |

Categories:
1.0  Attorney Meetings/Strategy
2.0  Court Appearance
3.0  Client Meeting
4.0  Draft Discovery Requests or Responses
5.0  Deposition Preparation
6.0  Attend Deposition - Conduct/Defend
7.0  Document Review
8.0  Experts - Work or Consult
9.0  Research
10.0  Motions/Pleadings
11.0  Settlement
12.0  Trial

Status:
(P)  Partner
(OC) Of Counsel
(A)  Associate
(LC) Law Clerk
(PL) Paralegal
(I)  Investigator
(PI) Paralegal Intern

396

# EXHIBIT 2

EXHIBIT 2

**IN RE: EASYSAVER REWARDS LITIGATION**

**ANDRUS ANDERSON LLP**

**COST REPORT – Inception through November 29, 2012**

| Type of Expense | Amount |
|---|---|
| Assessments | $27,500.00 |
| Outside Copies | $10.00 |
| In-house Reproduction/Copies | $3,408.50 |
| Court Costs & Filing Fees | $0.00 |
| Court Reporters & Transcripts | $0.00 |
| Computer Research | $1,269.13 |
| Telephone & Facsimile | $550.08 |
| Postage/Express Delivery/Courier | $851.17 |
| Professional Fees (Vendors, litigation support, accountant, etc.) | $0.00 |
| Experts | $0.00 |
| Witness / Service Fees | $0.00 |
| Travel: Airfare | $2,940.14 |
| Travel: Lodging/Meals | $1,901.41 |
| Travel: Car rental/cabfare/parking | $1,252.91 |
| Miscellaneous | $85.98 |
| **TOTALS** | **$39,769.32** |

**398**

# EXHIBIT 3

# ANDRUS ✿ ANDERSON LLP

155 Montgomery Street · Suite 900, San Francisco, California 94104
T: 415.986.1400 · F: 415.986.1474 · www.andrusanderson.com

## The Firm

The law firm of Andrus Anderson LLP ("Andrus Anderson") has a diverse and thriving practice representing plaintiffs in cases involving unlawful business and employment practices, personal injury and mass tort, defective products, antitrust violations and consumer protection. Our clients include individuals, classes and/or groups of individuals, and small businesses nationwide.

## Current Cases And Recent Successes

Andrus Anderson currently represents individuals in personal injury, consumer fraud, mass tort, product liability and employment matters, and has considerable class action and complex litigation experience, as the following partial list of recent and ongoing matters demonstrates:

a. *In re EasySaver Rewards Litigation,* Case No. 09-cv-02094-MMA, pending in the United States District Court for the Southern District of California. Andrus Anderson has been appointed Interim Co-Lead Class Counsel in the case. Andrus Anderson represents consumers who were the victims of a so-called "rewards" program, in which they were enrolled without their knowledge or consent and then subjected to monthly membership fees, though no benefits were conferred. Plaintiffs are pursuing claims on behalf of a nationwide and California Class.

b. *Ralston v. Mortgage Investors Group, Inc., et al.*, Case No. 08-00536 JF, pending in the United States District Court for the Northern District of California. Andrus Anderson has been appointed co-lead counsel in the case. On March 30, 2012, the Court certified a class of

**400**

California homeowners in this lawsuit against Countrywide Home Loans Inc. and Mortgage Investors Group for failure to comply with the disclosure requirements in violation of state law. The lawsuit alleges defendants sold certain Pay Option ARM loans, while failing to disclose, among other critical information, the true interest rate on the loan and that negative amortization was certain to occur if the borrower adhered to the payment schedule provided by the defendants.

c.  *Fox v. Nissan North American Inc.,* Case No. GCG-09-490470.  Andrus Anderson is lead counsel in this case pending before the San Francisco Superior Court.  The lawsuit involves a class of California owners of 2001 -2005 Nissan Pathfinders, Altimas and Sentras.  Plaintiffs allege that the vehicle were manufactured with defective power valve screws that are prone to loosen and detach, resulting in engine failure and/or loss of control of the vehicles.  Following the Superior Court sustaining a demurrer, Andrus Anderson appealed and, in 2012, the California Court of Appeal reversed and remanded for further proceedings.

d.  *Tietsworth v. Sears Roebuck and Co.,* Case No. 09-00288-JF-PSG, pending in the United States District Court for the Northern District of California.  Andrus Anderson is lead counsel in this class action challenging the manufacturer and seller of defective high-end washing machines.

e.  *In re TFT-LCD (Flat Panel) Antitrust Litigation,* MDL No. 07-cv-01827 SI, pending in the United States District Court for the Northern District of California.  Andrus Anderson represents an indirect purchaser and proposed class in an antitrust case against the major manufacturers of Thin Film Transistor Liquid Crystal Display ("TFT-LCD") products alleging that defendants engaged in contract, combination or conspiracy to artificially inflate the prices of TFT-LCD products, such as flat screen televisions.  Ms. Anderson and her cocounsel recently

achieved settlements worth more than $1 billion on behalf of the indirect purchaser classes they represent.

f.   *In re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917 SC, pending in the United States District Court for the Northern District of California.  Andrus Anderson represents an indirect purchaser and proposed class in an antitrust case against the major manufacturers of CRTs and CRT products, including televisions and monitors alleging that defendants engaged in contract, combination or conspiracy to artificially inflate the prices of TFT-LCD products, such as flat screen televisions.

g.   *Smith v. ServiceMaster Holding Corp., et al.*, Case No. 2:11-cv-02943-JPM-dkv, pending in the United States District Court for the Western District of Tennessee. Andrus Anderson represents termite control technicians and pest control technicians in a wage and hour suit against Terminix.  Plaintiffs claim that Terminix does not pay for all hours worked or for overtime in violation of the Fair Labor Standards Act.

h.   *Kyriakakos v. Veolia Water North America, Inc.*, Case No. 10-00751, pending in Alameda County Superior Court, State of California.  Andrus Anderson represents wastewater and water treatment plant operator, lab technicians and mechanics in a wage and hour suit against Veolia.  Plaintiffs allege that Veolia does not pay its workers for all hours worked conducting remote monitoring tasks, time spent donning, doffing, and showering, and that Veolia violates California law with its meal and rest break policies.

i.   *Yaz, Yasmin and Ocella Contraceptive Cases Coordinated Proceeding (JCCP) No. 4608*, pending in Los Angeles County Superior Court, State of California.  Andrus Anderson represents dozens of clients bringing claims against Bayer Corporation, among others, for their injuries

resulting from the use of Yaz, Yasmin or Ocella birth control.  Andrus Anderson partner Lori E. Andrus has been appointed to the Plaintiffs' Steering Committee in the case.

j.   *Honda/Michelin PAX Tire Litigation.*  Andrus Anderson represented consumers in *Olson v. American Honda Motor Company, Inc.,* Case No. RG07341165, Alameda Superior Court; and the following federal cases consolidated into Multidistrict Litigation No. 1911, before Judge Roger Titus in the District of Maryland, where Andrus Anderson was appointed Co-Lead Class Counsel (*Williams v. American Honda Motor Co., Inc.*, Case  No.1:07-cv-05933, filed in the Northern District of Illinois; *Palmer v. American Honda Motor Co., Inc.*, Case No. CV07-1904-PHX-DGC, filed in the District of Arizona; *Longo v. American Honda Motor Co., Inc.*, Case No. 07-CIV-9399, filed in the Southern District of New York; and *Smith v. American Honda Motor Co., Inc.*, Case No .07-61524, filed in the Southern District of Florida).  The litigation involved consumers who purchased or leased Honda and Acura vehicles equipped with the PAX$^{®}$ Tire and Wheel Assembly System.  Plaintiffs alleged that Honda misrepresented and failed to disclose the defective nature of the PAX Systems causing injury to plaintiffs and class members.  The firm achieved a nationwide settlement, given final approval on June 25, 2009, wherein class members were reimbursed for premature wear on their tires, received an extended warranty on PAX tires installed on their vehicles for the life of the vehicles, and additional safety features, including the opportunity to obtain a spare tire kit and enhanced emergency service.  The litigation was expanded to include owners of certain Nissan vehicles equipped with the PAX Systems and tires.

k.   *Milligan v. Toyota Motor Sales, U.S.A., Inc.,* Case No. 09-05418 RS, United States District Court for the Northern District of California, and *Washington v. Toyota Motor Sales, U.S.A., Inc.*, Superior Court of California, County of Santa Clara, Case No. 1-10-CV-164200.  Andrus Anderson was appointed co-lead class counsel by District Court Judge Richard Seeborg

in relation to a class action settlement on behalf of a class of 2001-2003 Toyota RAV4 vehicle owners who experienced problems with the engine control modules ("ECMs") or ECM-related damage to the transmissions. The settlement provided for an extended warranty and full reimbursement for class members who paid out-of-pocket to repair or replace the ECMs and/or transmissions.

l.  *In re Ortho Evra Products Liability Litigation*, MDL No. 1742, United States District Court for the Northern District of Ohio. Andrus Anderson represented more than twenty individual clients and was actively involved in the Multi-District Litigation ("MDL") regarding the Ortho Evra birth control patch and women's health problems resulting from the use of the Ortho Evra birth control patch. Andrus Anderson partner Lori Andrus was a member of the MDL Plaintiffs' Steering Committee. The Ortho Evra patch, manufactured by Ortho-McNeil and Johnson & Johnson, has been found to increase the risk of stroke and dangerous blood clots, and has been linked to strokes, heart attacks, and deaths in women.

m.  *Nelson et al., v. California State University, East Bay Foundation, Inc.,* Case No. RG09442869, Alameda County Superior Court, State of California. Andrus Anderson was lead counsel in this wage and hour litigation on behalf of English as a second language (ESL) teachers. In their complaint, current and former ESL teachers alleged that Cal State did not pay them for all hours worked. Andrus Anderson obtained back pay for their clients and negotiated major changes in the practices and policies at California State University, East Bay, to ensure the ESL teachers are fairly compensated going forward.

n.  *Adams v. Inter-con Security Systems, Inc.*, Case No. C-06-5428, United States District Court for the Northern District of California. Andrus Anderson and their co-counsel represented security guard employees in a multi-state class action seeking damages for unpaid hours worked

off the clock in violation of the Fair Labor Standards Act and several states' labor laws. The lawsuit resulted in a $4 million settlement for class members who were required to attend daily security briefings and orientation sessions without pay.

    o. *Simons v. Waste Management of Alameda County Inc.,* Case No. RG 0733746, filed in Alameda County Superior Court. Andrus Anderson represented consumers in Alameda County who prepaid for and experienced interruptions in their garbage collection service during the July 2007 labor lock out. The lawsuit resulted in a settlement wherein Waste Management issued full or partial credits to all customers who experienced interruptions in collection services in connection with the July 2007 lock out.

    p. *Garcia v. Service Master Global Holdings, Inc.,* Case No. CV075754, Marin County Superior Court. Andrus Anderson and co-counsel represented nine Filipino American employees against the Terminix companies and its supervisors and managers, for unlawful harassment and discrimination, and violations of state labor statutes and common law.

## Attorney Biographies

### *LORI ERIN ANDRUS*

    Born in Lafayette, Louisiana, Andrus Anderson partner Lori E. Andrus is a member of the bar of the District of Columbia and of the California bar and is admitted to practice in the United States District Courts for the districts of Northern, Southern, Central and Eastern Districts of California. Ms. Andrus has received Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards. Ms. Andrus earned her Bachelor of Arts degree from the Boston University, *cum laude,* and graduated, with honors, from Duke University School of Law. Between college and law school, Ms. Andrus worked for two Members of Congress in

Washington, D.C., first for U.S. Representative Rick Boucher from Virginia, then for U.S Representative James Hayes, from Louisiana.

Prior to co-founding Andrus Anderson, Ms. Andrus was a partner at the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, where she litigated multiple class actions and complex matters in state and federal courts across the country in the areas of mass tort, product liability, loan discrimination, consumer fraud and employment.

Examples of class and complex litigation cases Ms. Andrus has worked on in the past include the following:

### *Mass Tort/Personal Injury*

*West v. G & H Seed Co*., CV No. 99-C-4984-A (Louisiana State Court, St. Landry Parish), a class action brought on behalf of crawfish farmers whose crops were killed by defendants' pesticides.  After class certification was affirmed on appeal, *see* 832 So.2d 274 (La. App. 2002), the Court approved $45 million settlement.

*In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL 1708 (D. Minn.), personal injury lawsuits on behalf of Guidant patients across the United States seeking damages for the injuries they suffered due to Guidant's alleged negligence with respect to the manufacturing and sale of defective defibrillators.  Ms. Andrus served as the Co-Chair of the Science/Experts Committee in the MDL.

*In re Baycol Products Litigation*, MDL No. 1431 (D. Minn.), mass tort litigation involving Baycol's serious side effects, including rhabdomyolysis.  While she was an associate at Lieff, Cabraser, Heimann & Bernstein, Ms. Andrus assisted with litigation brought on behalf of hundreds of injured clients, and helped obtained favorable settlements with Bayer A.G. and Bayer Corporation.

*In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.). While she was an associate at Lieff, Cabraser, Heimann & Bernstein, Ms. Andrus assisted in the litigation of individual personal injury lawsuits against Merck, the manufacturer of Vioxx, for false promotion of Vioxx's safety and failure to disclose the drug's dangerous side effects.

*In re Bextra/Celebrex Marketing Sales Practices and Products Liability Litigation*, MDL 1699 (N.D.Cal.), personal injury and consumer litigation arising out of the sale and marketing of the COX-2 inhibitors Bextra, Celebrex, and Parecoxib manufactured by Pfizer, Inc and its predecessor companies Pharmacia Corporation and G.D. Searle, Inc. Ms. Andrus worked on this litigation while she was a partner at Lieff, Cabraser, Heimann & Bernstein.

*Fen-Phen ("Diet Drugs") Litigation*. While she was an associate at Lieff, Cabraser, Heimann & Bernstein, Ms. Andrus assisted in litigation on behalf of dozens of individuals pursuing personal injury claims due to injuries from the "Fen-Phen" diet drugs fenfluramine (Pondimin) and/or dexfenfluramine (Redux).

### Discriminatory Lending Practices

*Thompson v. WFS Financial, Inc*., Case No. RG 03088926 (Alameda County Sup. Ct.), *Pakeman v. American Honda Finance Corp.*, Case No. RG03088920 (Alameda County Sup. Ct.), and *Finance Charge Markup Cases*, J.C.C.P. No. 4346 (San Francisco County Sup. Ct.). These three nationwide class actions under the federal Equal Credit Opportunity Act alleged discriminatory lending in the automobile financing industry, resulting in industry-wide changes to automobile financing practices and the settlements provided for refinancing of $2 billion in outstanding loans and other benefits valued in excess of $200 million.

### Consumer Protection and Product Liability

*McManus, et al. v. Fleetwood Enterprises, Inc.,* Civil Action No. SA-99-CA-464-FB (U.S.D.C. W.D. Texas), nationwide settlement class of Fleetwood motor home owners who alleged that Fleetwood failed to adequately inform consumers of the need for auxiliary braking systems for safe stopping.

*Providian Credit Card Cases*, JCCP No. 4085 (San Francisco County Sup. Ct.) Nationwide settlement class of Providian credit cardholders who alleged that Providian had engaged in widespread misconduct by charging cardholders unlawful, excessive interest and late charges, and by promoting and selling to cardholders "add-on products" promising illusory benefits and services, resulting in a $105 million settlement.

*In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, Case Nos. 03-1379, 03-1564 (S.D. Ind.) and *Bridgestone/Firestone Tire Cases I & II*, J.C.C.P. Nos. 4266 & 4270 (Sacramento Sup. Ct.). Litigation regarding the combination of defective automobile design, making Ford Explorers prone to rollover, and Firestone's defective tire design.

### JENNIE LEE ANDERSON

Born in Indianapolis, Indiana, Andrus Anderson partner Jennie Lee Anderson has extensive experience representing consumers and employees in individual and class actions. Ms. Anderson has proven herself an effective advocate and currently serves as lead or co-lead counsel in multiple state and nationwide class actions including, but not limited to, *In re EasySaver Rewards Litigation, Ralston v. Mortgage Investors Group and Countrywide Home Loans, Inc.*, *Milligan v. Toyota Motor Sales, U.S.A., Inc., Fox v. Nissan North America, Inc.* and *Tietsworth v. Sears Roebuck and Co.,* each of which is summarized above.

Ms. Anderson has been recognized as Northern California Super Lawyer in 2011 and 2012, is the immediate past chair of the American Association for Justice Class Action Litigation

Group and the currently Secretary of the American Association for Justice's Business Torts Section.  She is a frequent author and lecturer on a variety of topics regarding class actions and complex litigation.

Ms. Anderson earned her Bachelor of Arts degree from the University of Wisconsin-Madison and her Juris Doctor degree from University of California, Hastings College of the Law.   In law school, Ms. Anderson served as a judicial extern to the Honorable Martin J. Jenkins, District Court Judge for the Northern District of California, and was a legal intern for Legal Aid of Cambodia in Phnom Penh, Cambodia.  A member of the California bar, Ms. Anderson is also admitted to practice in the United States District Court for the Northern, Southern, Central and Eastern Districts of California and the Ninth Circuit Court of Appeals.

Prior to co-founding Andrus Anderson, Ms. Anderson practiced complex litigation in the San Francisco offices of Lieff, Cabraser, Heimann & Bernstein, LLP and Lerach Coughlin Stoia Geller Rudman & Robbins, LLP (now Robbins, Geller, Rudman & Dowd, LLP) where she prosecuted multiple class action and complex cases on behalf of plaintiffs in the areas of consumer protection, employment, securities, product liability and antitrust.  In addition, Ms. Anderson has considerable knowledge of habeas corpus proceedings, having represented indigent inmates on death row at the Habeas Corpus Resource Center in San Francisco.

In addition the cases highlighted above, a few examples of complex and class action cases on which Ms. Anderson worked prior to co-founding Andrus Anderson include the following:

### *Consumer Protection and Product Liability*

*Cellphone Termination Fee Cases*, J.C.C.P. No. 4332 (Alameda County Sup. Ct.). Coordinated lawsuits against the six major wireless telephone service providers in California

alleging that the early termination fee provisions in defendants' contracts are illegal penalties under California Law, designed to unfairly tether consumers to long term contracts and prevent customers from changing their wireless service providers.

*Richison v. American Cemwood Corp*., No. 005532 (San Joaquin County Superior Ct.). Nationwide class of approximately 30,000 owners of homes and other structures on which defective Cemwood Shakes were installed, resulting in settlements totaling $140 million.

*In re Firearms Cases*, J.C.C.P. No. 4095 (San Diego County Sup. Ct.).  This lawsuit was brought on behalf of twelve cities and counties in California against the gun industry to reduce handgun violence across the State.  The litigation resulted in five gun industry defendants agreeing to change the way they do business in California in an effort to prevent firearms from being sold in the underground market.

### Antitrust and Business Torts

*Microsoft Private Antitrust Litigation*.  Multiple statewide antitrust cases against Microsoft Corporation, alleging that Microsoft engaged in anticompetitive conduct and/or violated state deceptive and unfair business practices statutes to harm competition and monopolize the markets for Intel-compatible, personal computer operating system software, as well as word processing and spreadsheet software, resulting in several multi-million dollar settlements.

*Natural Gas Antitrust Cases*, J.C.C.P Nos. 4221, 4224, 4226 & 4228 (Cal. Sup. Ct.). Class action on behalf of purchasers of natural gas alleging that defendant El Paso Natural Gas Company manipulated the market for natural gas pipeline transmission capacity into California to enable its energy trading subsidiary to acquire the capacity, and then used the capacity to drive up natural gas prices on the spot market, ultimately resulting in a $1.5 billion settlement.

### JESSICA MOY

Ms. Moy is an associate at Andrus Anderson LLP.  Her practice focuses on representing plaintiffs in federal matters with an emphasis in antitrust, unfair competition and complex commercial litigation.  Ms. Moy also practices in the areas of employment discrimination and consumer protection.

Ms. Moy is originally from Silver Spring, Maryland and attended Haverford College in Pennsylvania where she earned high honors and double-majored in English Literature and East Asian Studies. She spent her junior year abroad studying English Literature at Oxford University in England.

As a Zeidman Fellowship recipient, Ms. Moy spent seven months studying Chinese language at Beijing Normal University in Beijing, China. Thereafter, she worked for the United States Department of Justice's Antitrust Division, Litigation II Section in Washington, DC as part of the Department's Honors Paralegal Program. While at the Antitrust Division, she assisted with the investigation and litigation of vertical and horizontal mergers, appraised divestiture options, and assessed potential purchasers of international assets.

Ms. Moy earned her Juris Doctor degree from the University of California, Hastings College of the Law. During law school, she was an oral advocate finalist and awarded "Best Brief" in the Philip C. Jessup International Law Moot Court competition, acted as an Articles Editor for Hastings Constitutional Law Quarterly, and served as an Executive Board Member of Hastings's Asian/Pacific-American Law Students Association. In addition, Ms. Moy externed for the Honorable Maria-Elena James in the Northern District of California, San Francisco Division and was recognized with the CALI Excellence for the Future Award and the Witkin Award for Academic Excellence in Trial Advocacy.

# EXHIBIT 4

EXHIBIT 4

**IN RE: EASYSAVER REWARDS LITIGATION**

**LITIGATION FUND**

**COST REPORT – Inception through November 29, 2012**

| **TOTAL ASSESSMENTS** | **$110,000.00** |
|---|---|

| **Type of Expense** | **Amount** |
|---|---|
| Outside Copies | $927.18 |
| Mediation | $8,625.00 |
| Court Reporters & Transcripts | $40,734.53 |
| Postage/Express Delivery/Courier | $2,875.00 |
| Professional Fees (Vendors, litigation support, accountant, etc.) | $22,374.24 |
| Experts | $26,593.98 |
| Witness / Service Fees | $716.31 |
| Miscellaneous (Bank fees) | $156.00 |
| **TOTALS** | **$103,002.24** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re EasySaver Rewards Litigation | ) | Case No. 3:09-cv-02094-AJB (WVG) |
| | ) | |
| | ) | |
| | ) | |
| | ) | **DECLARATION OF JENNIFER M.** |
| | ) | **KEOUGH REGARDING BRIAN** |
| | ) | **PERRYMAN AND AARON MEYER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

JENNIFER M. KEOUGH declares and states as follows:

1.       I am Chief Operating Officer of The Garden City Group, Inc. ("GCG").   The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

2.       As addressed in my Declaration dated January 11, 2013, GCG was selected and engaged in the above-captioned litigation (the "Litigation") to serve as Claims Administrator for the Settlement as described in the Settlement Agreement and Release (the "Settlement Agreement") preliminarily approved by this Court in its Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification, executed June 26, 2012 and the Order extending certain deadlines under the Court's June 26, 2012 Order (Dkt. Nos. 252, 254)  (the "Preliminary Approval Orders").

3.       I submit this Declaration in order to provide the Court and parties in the above-captioned matter with information relating to Settlement Class Members Brian Perryman and Aaron Meyer.

4.      On December 17, 2012, Plaintiffs' Counsel informed GCG that Class Member Brian Perryman filed an Objection to the Proposed Settlement and the Notice of Intent to Appear (Dkt. 258) on December 7, 2012 through his attorney.  The objection was not provided to GCG by the Class Member or his personal attorney; Plaintiffs' Counsel provided a copy of the objection to GCG.

5.      Based on the records provided to GCG by defendant Regent Group, Inc. dba Encore Marketing International, Inc. ("EMI"), Brian Perryman is a Class Member in the Settlement residing at 5538 10th Street N., Arlington, VA 22205.

6.      On November 29, 2012, Brian Perryman filed a timely, valid claim online through the Settlement website, www.membershipprogramsettlement.com (the "Settlement Website," maintained by GCG pursuant to the Preliminary Approval Orders and Paragraph 3.3(a) of the Settlement Agreement).

7.      Per Paragraph 2.1(d) of the Settlement Agreement, "Settlement Payments to Class Members," and according to the data provided to GCG by EMI, Mr. Perryman did not use or request a benefit or service  provided through any of the Membership Programs (other than the dollar-off-code for a future Provide Commerce website purchase), was actually enrolled in a Membership Program, was charged both an activation fee and at least one monthly membership fee, and did not receive a complete refund or chargeback of the monthly membership fees he paid. From these parameters and the monthly membership fees paid by Mr. Perryman, his claim is valued at $121.55.

8.      Based on claims submitted, and taking into account all fees, costs, and incentive awards to potentially be paid from the Gross Cash Fund, all Authorized Claimants, including Mr. Perryman, will receive a full refund of all monthly charges for which they have not previously received a refund or chargeback.

9.      Based on the records provided to GCG by defendant EMI, Aaron Meyer is a Class Member in the Settlement residing at 6474 Glenwood Trace, Zionsville, IN 46077. According to these records, Mr. Meyer never was charged a single monthly membership fee.

1    I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct.

3    Executed this 17th day of January, 2013, at Seattle, Washington.

4

5    _____

6    Jennifer M. Keough

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Bailey
19 May 2011      Exh. No.:
Harry A. Palter, CA CSR No. 7708      **4**





PRO-ROM-0071778

APPEAL,CLOSED,ENE,LEAD,MDL,NON-COMPLIANCE,PROTO,SEALDC

### U.S. District Court
### Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:09-cv-02094-AJB-WVG

In Re: Easysaver Rewards Litigation
Assigned to: Judge Anthony J. Battaglia
Referred to: Magistrate Judge William V. Gallo
Related Cases: 3:09-cv-02111-AJB-WVG
              3:12-cv-00516-AJB-WVG
Case in other court: USCA, 13-55373
Cause: 28:1391 Personal Injury

Date Filed: 09/24/2009
Date Terminated: 02/21/2013
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Josue Romero**
*on behalf of himself and all other
similarly situation*

represented by **Alisa Ann Martin**
Patterson Law Group, LLP
402 West Broadway
29th Floor
San Diego, CA 92101
(619) 977-3290
Fax: (619) 756-6991
Email: alisa@pattersonlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce W. Steckler**
The Steckler Law Firm
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
(972) 387-4040
Fax: (972) 387-4041
Email: bruce@stecklerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gene J. Stonebarger**
Stonebarger Law, APC
75 Iron Point Circle
Suite 145
Folsom, CA 95630
(916) 235-7140
Fax: (916) 235-7141
Email:
gstonebarger@stonebargerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### 418

**Isam C Khoury**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101
(619)595-3001
Fax: (619)595-3000
Email: ikhoury@ckslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R Patterson**
Patterson Law Group, APC
402 West Broadway
29th Floor
San Diego, CA 92101
(619)398-4760
Fax: (619)756-6991
Email: jim@pattersonlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
Andrus Anderson LLP
155 Montgomery Street
Suite 900
San Francisco, CA 94104
(415) 986-1400
Fax: (415) 986-1474
Email: jennie@andrusanderson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly Dawn Neilson**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101
(619)595-3001
Email: kneilson@ckslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
Baron & Budd PC
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
(214)521-3605

**419**

Fax: (214)520-1181
Email: msbaiti@baronbudd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D Singer**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101
(619)595-3001
Fax: (619)595-3000
Email: msinger@ckslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Deanna Hunt**                    represented by **Alisa Ann Martin**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Bruce W. Steckler**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *PRO HAC VICE*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **James R Patterson**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jennie Lee Anderson**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Kimberly Dawn Neilson**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Kimberly Kenyon**                 represented by **Bruce W. Steckler**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *PRO HAC VICE*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jennie Lee Anderson**

**420**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alisa Ann Martin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James R Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Dawn Neilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gina Bailey**                    represented by    **Bruce W. Steckler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alisa Ann Martin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James R Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Dawn Neilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**421**

**Plaintiff**

**ALISSA HERBST**
*individually and on behalf of a class of*
*persons similarly situated*

represented by  **Diane E. Sammons**
Nagel Rice, LLP
103 Eisenhower Parkway
Suite 103
Roseland, NJ 07068
(973) 618-0400
Fax: (973) 618-9194
Email: dsammons@nagelrice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay J. Rice**
Nagel Rice, LLP
103 Eisenhower Parkway
Suite 103
Roseland, NJ 07068
(973) 618-0400
Fax: (973) 618-9194
Email: jrice@nagelrice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Grant Jenkins**

represented by  **Alisa Ann Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce W. Steckler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gene J. Stonebarger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Isam C Khoury**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*

**422**

*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bradley Berentson**                    represented by    **Alisa Ann Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce W. Steckler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gene J. Stonebarger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Isam C Khoury**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Lawler**                    represented by    **Alisa Ann Martin**
(See above for address)

**423**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Cox**                    represented by   **Alisa Ann Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan Walter**              represented by   **Alisa Ann Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Dickey**           represented by   **Alisa Ann Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**424**

**Jennie Lee Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mazin A. Sbaiti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Provide Commerce, Inc.**              represented by    **Leo P Norton**
                                                          Cooley Godward Kronish LLP
                                                          4401 Eastgate Mall
                                                          San Diego, CA 92121-9109
                                                          (858)550-6083
                                                          Fax: (858)550-6420
                                                          Email: lnorton@cooley.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael G Rhodes**
                                                          Cooley Godward Kronish
                                                          4401 Eastgate Mall
                                                          San Diego, CA 92121-9109
                                                          (858)550-6000
                                                          Fax: (858)550-6420
                                                          Email: rhodesmg@cooley.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michelle C Doolin**
                                                          Cooley Godward
                                                          4401 Eastgate Mall
                                                          San Diego, CA 92121-1909
                                                          (858)550-6000
                                                          Fax: (858)550-6420
                                                          Email: mdoolin@cooley.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Regent Group, Inc.**                  represented by    **Ethan Thomas Boyer**
*a California Corporation*                                Kirby Noonan Lance and Hoge
*doing business as*                                       350 Tenth Avenue
Encore Marketing International                            Suite 1300
                                                          San Diego, CA 92101

**425**

(619)231-8666
Fax: (619)231-9593
Email: eboyer@knlh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacie C. Zolna**
Myron M. Cherry & Associates, LLC
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312)372-2100
Fax: (312)853-0279
Email: jzolna@cherry-law.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael L Kirby**
Kirby Noonan Lance and Hoge LLP
Diamond View Towers
350 Tenth Avenue
Suite 1300
San Diego, CA 92101
(619)231-8666
Fax: (619)231-9593
Email: mkirby@knlh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Myron Milton Cherry**
Mryon M. Cheery & Associates, LLC
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312)372-2100
Fax: (312)853-0279
Email: mcherry@cherry-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Encore Marketing International, Inc.**     represented by **Jacie C. Zolna**
*a Delaware Corporation*                                  (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Myron Milton Cherry**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

**426**

*ATTORNEY TO BE NOTICED*

**Defendant**

**Doe Defendants A - Z**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/24/2009 | 1 | COMPLAINT with Jury Demand against Provide Commerce, Inc. (Filing fee $350, receipt number 005614), filed by Bobbi Sledge.(smy) (av1). (Entered: 09/24/2009) |
| 09/24/2009 | 2 | Summons Issued as to Provide Commerce, Inc. (smy) (Entered: 09/24/2009) |
| 10/06/2009 | 3 | SUMMONS Returned Executed by Bobbi Sledge. Provide Commerce, Inc. served on 9/25/2009, answer due 10/15/2009. (Anderson, Jennie)(leh). (Entered: 10/06/2009) |
| 10/07/2009 | 4 | MOTION to Appoint Counsel *Interim Class Counsel* by Bobbi Sledge. (Anderson, Jennie) Modified on 10/8/2009 - Per chambers, atty to refile this motion with attachments (Docs. # 5, 6, 7 and 8) (mdc) (Entered: 10/07/2009) |
| 10/07/2009 | 5 | MOTION to Appoint Counsel *Memorandum of Points and Authorities in Support of Motion to Appoint Interim Class Counsel* by Bobbi Sledge. (Anderson, Jennie) Modified on 10/8/2009 (tkl). Per Chambers, atty to re-efile motion. Motion terminated. (Entered: 10/07/2009) |
| 10/07/2009 | 6 | DECLARATION re 4 MOTION to Appoint Counsel *Interim Class Counsel*, 5 MOTION to Appoint Counsel *Memorandum of Points and Authorities in Support of Motion to Appoint Interim Class Counsel of Jennie Lee Anderson in Support Thereof* by Plaintiff Bobbi Sledge. (Attachments: # 1 Exhibit A) (Anderson, Jennie) Attny to refile Motion and attachments (lao). (Entered: 10/07/2009) |
| 10/07/2009 | 7 | DECLARATION re 4 MOTION to Appoint Counsel *Interim Class Counsel*, 5 MOTION to Appoint Counsel *Memorandum of Points and Authorities in Support of Motion to Appoint Interim Class Counsel of Bruce W. Steckler in Support Thereof* by Plaintiff Bobbi Sledge. (Attachments: # 1 Exhibit A) (Anderson, Jennie) Modified on 10/8/2009. Attorney to re-file document with motion per chambers (cap). (Entered: 10/07/2009) |
| 10/07/2009 | 8 | CERTIFICATE OF SERVICE by Bobbi Sledge re 4 MOTION to Appoint Counsel *Interim Class Counsel*, 7 Declaration, 6 Declaration, 5 Memorandum of Points and Authorities (Anderson, Jennie) (ag). (Entered: 10/07/2009) |
| 10/08/2009 | 9 | DOCUMENT WITHDRAWN PER ATTY - MOTION to Appoint Counsel *Notice of Motion and Motion to Appoint Interim Class Counsel* by Bobbi Sledge. (Attachments: # 1 Memo of Points and Authorities In Support of Motion to Appoint Interim Class Counsel, # 2 Declaration of Jennie Lee Anderson In Support Motion to Appoint Interim Class Counsel, # 3 Declaration of Bruce W. Steckler In Support of Motion to Appoint Interim Class Counsel, # 4 Certificate of Service)(Anderson, Jennie) Modified on 10/21/2009, motion withdrawn per atty filing; termed motion; edited text |

**427**

| | | (leh). (Entered: 10/08/2009) |
|---|---|---|
| 10/15/2009 | 10 | Joint MOTION for Extension of Time to File Response/Reply *to Complaint* by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo) (leh). (Entered: 10/15/2009) |
| 10/16/2009 | 11 | ORDER granting 10 Joint Motion for Extension of Time to Respond to Complaint. Provide Commerce's deadline to respond to the complaint is 7 days after the Court rules on Plaintiff's motion to appoint interim class counsel, unless the Court orders or the plaintiffs in this case and the related case jointly agree that a consolidated or other superseding complaint be filed, or the Court orders a different deadline to respond in connection with its ruling on the motion to appoint interim class counsel. Signed by Judge Michael M. Anello on 10/16/2009. (leh) (jrl). (Entered: 10/16/2009) |
| 10/16/2009 | 12 | PRO HAC VICE APPOINTED: Bruce W. Steckler appearing for Plaintiff Bobbi Sledge (All non-registered users served via U.S. Mail Service)(mkz) (Entered: 10/16/2009) |
| 10/19/2009 | 13 | Joint MOTION to Appoint Counsel *Notice of Joint Motion to Appoint Interim Class Counsel* by Bobbi Sledge. (Attachments: # 1 Memo of Points and Authorities in Support of Joint Motion to Appoint Interim Class Counsel, # 2 Declaration of James R. Patterson in Support of Joint Motion, # 3 Declaration of Isam C. Khoury in Support of Joint Motion, # 4 Declaration of Jennie Lee Anderson in Support of Joint Motion, # 5 Certificate of Service)(Anderson, Jennie)(leh). (Entered: 10/19/2009) |
| 10/19/2009 | 14 | Joint MOTION to Consolidate Cases *Notice of Joint Motion to Consolidate Related Cases* by Bobbi Sledge. (Attachments: # 1 Memo of Points and Authorities in Support of Joint Motion to Consolidate Related Cases, # 2 Proof of Service Certificate of Service)(Anderson, Jennie) Modified on 10/20/2009 atty contacted re: s/ signature(leh). (Entered: 10/19/2009) |
| 10/20/2009 | 15 | PRO HAC VICE APPOINTED: J. Burton LeBlanc, IV appearing for Plaintiff Bobbi Sledge. (All non-registered users served via U.S. Mail Service)(mkz) (Entered: 10/20/2009) |
| 10/20/2009 | 16 | PRO HAC VICE APPOINTED: Melissa K. Hutts appearing for Plaintiff Bobbi Sledge. (All non-registered users served via U.S. Mail Service)(mkz) (Entered: 10/20/2009) |
| 10/20/2009 | 17 | DECLARATION of Bruce W. Steckler in Support of re 13 Joint MOTION to Appoint Counsel *Notice of Joint Motion to Appoint Interim Class Counsel* by Plaintiff Bobbi Sledge. (Anderson, Jennie) (leh). (Entered: 10/20/2009) |
| 10/20/2009 | 18 | NOTICE of Withdrawal of Document by Bobbi Sledge re 9 MOTION to Appoint Interim Class Counsel (Anderson, Jennie) Modified on 10/21/2009 to edit text(leh). (Entered: 10/20/2009) |
| 10/23/2009 | 19 | NOTICE of Appearance by Michelle C Doolin on behalf of Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Doolin, Michelle)(leh). (Entered: 10/23/2009) |
| 10/23/2009 | 20 | NOTICE of Appearance by Michael G Rhodes on behalf of Provide |

**428**

| | | Commerce, Inc. (Attachments: # 1 Proof of Service)(Rhodes, Michael) (leh). (Entered: 10/23/2009) |
|---|---|---|
| 11/02/2009 | 21 | RESPONSE in Opposition re 14 Joint MOTION to Consolidate Cases *Notice of Joint Motion to Consolidate Related Cases* filed by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (leh). (Entered: 11/02/2009) |
| 11/02/2009 | 22 | RESPONSE in Opposition re 13 Joint MOTION to Appoint Counsel *Notice of Joint Motion to Appoint Interim Class Counsel* filed by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo)(leh). (Entered: 11/02/2009) |
| 11/06/2009 | 23 | REPLY to Response to Motion re 13 Joint MOTION to Appoint Counsel *Notice of Joint Motion to Appoint Interim Class Counsel* filed by Bobbi Sledge. (Anderson, Jennie)(leh). (Entered: 11/06/2009) |
| 11/06/2009 | 24 | REPLY to Response to Motion re 14 Joint MOTION to Consolidate Cases *Notice of Joint Motion to Consolidate Related Cases* filed by Bobbi Sledge. (Anderson, Jennie)(leh). (Entered: 11/06/2009) |
| 11/13/2009 | 25 | <u>Minute Order Vacating Motions Hearing</u>: Currently set for hearing on November 16, 2009 are Plaintiffs' 13 Joint MOTION to Appoint Counsel and 14 Joint MOTION to Consolidate Cases. The Court has reviewed the papers submitted in support and in opposition to these motions, and determined that a hearing is not necessary. Accordingly, the hearing is vacated, **no appearances are required**, and the Court shall issue written rulings forthwith. So Ordered by Judge Michael Anello on 11/13/2009. (amk) (Entered: 11/13/2009) |
| 11/13/2009 | 26 | ORDER granting 14 Joint Motion to Consolidate Cases, Cases associated - 09cv2111-MMA(BLM). Parties added to case from member case. All future filings will be done in the lead case. ORDER granting 13 Joint Motion to Appoint Counsel. Attorneys James Patterson and Jennie Lee Anderson shall serve as Defendants point persons for communication with Plaintiffs lead counsel. Plaintiffs shall file a consolidated order within 30 days from the entry of this Order. Defendants shall answer or otherwise respond to the consolidated complaint within 30 days of the filing of the consolidated complaint. Signed by Judge Michael M. Anello on 11/13/2009. (Attachments: # 1 Transfer Letter) (leh) (jrl). (Entered: 11/13/2009) |
| 12/14/2009 | 27 | CONSOLIDATED CLASS ACTION COMPLAINT with Jury Demand against Encore Marketing International, Inc., Provide Commerce, Inc., Regent Group, Inc., filed by Bobbi Sledge, Josue Romero. (Attachments: # 1 Proof of Service)(Khoury, Isam) Modified on 12/15/2009 atty contacted re: wrong s/ user (leh). (Entered: 12/14/2009) |
| 01/13/2010 | 28 | NOTICE of Request for Telephonic Conference Re: Proposed Motion to Dismiss by Encore Marketing International, Inc., Regent Group, Inc. (Attachments: # 1 Declaration of Compliance With Meet and Confer Requirements)(Zolna, Jacie) (leh). (Entered: 01/13/2010) |
| 01/13/2010 | 29 | NOTICE of Request For Telephone Conference Re: Proposed Motion To Dismiss by Provide Commerce, Inc. (Attachments: # 1 Exhibit 1 Declaration Of Leo P. Norton Re Compliance With Meet And Confer Requirements For |

**429**

| | | |
|---|---|---|
| | | Proposed Motion To Dismiss, # 2 Proof of Service)(Norton, Leo)(leh). (Entered: 01/13/2010) |
| 01/19/2010 | 30 | Minute Order Setting Telephonic Conference: Pursuant to the request of Defendants and this Court's Civil Chambers Rules, the Court hereby sets a Telephonic Conference Re: Defendants' Proposed Motions to Dismiss on **Monday, January 25, 2010 at 11:30 a.m.** before Judge Anello. Counsel for Defendant Provide Commerce, Inc. shall be responsible for coordinating and initiating the telephonic conference. If a conferencing service is used to assist with the call, dial-in instructions may be submitted directly to Chambers via Judge Anello's e-file email address: efile_anello@casd.uscourts.gov. So Ordered By Judge Michael M. Anello on 1/19/2010. (amk) (Entered: 01/19/2010) |
| 01/25/2010 | 31 | NOTICE of Appearance by Myron M. Cherry on behalf of Encore Marketing International, Inc., Regent Group, Inc. (Cherry, Myron) (leh). (Entered: 01/25/2010) |
| 01/25/2010 | 32 | Minute Entry for proceedings held before Judge Michael M. Anello: Telephonic Conference with counsel held on 1/25/2010. Court grants Defendants leave to file motions to dismiss. Hearing on motions set for 3/22/2010 at 2:30 PM. Briefing shall be in accordance with Civil Local Rule 7.1.e. Court grants Defendants and Plaintiffs extension of page limitations -- five (5) additional pages for Defendants' memoranda in support of motions and for Plaintiffs' memoranda in support of oppositions. Plaintiffs represented by attorneys with Andrus Anderson LLP; Baron & Budd PC; Harrison Patterson O'Connor & Kinkead LLP; Lindsay and Stonebarger; Cohelan Khoury & Singer. Defendants represented by attorneys with Cooley Godward Kronish LLP; Mryon M. Cheery & Associates, LLC; Kirby Noonan Lance and Hoge LLP. (amk) (Entered: 01/25/2010) |
| 02/22/2010 | 33 | MOTION to Dismiss *the Consolidated Class Action Complaint and Memorandum in Support Thereof* by Encore Marketing International, Inc., Regent Group, Inc.. (Attachments: # 1 Declaration Declaration of Lee Carson in Support of Defendant Regent Group, Inc.'s Motion to Dismiss the Consolidated Class Action Complaint, # 2 Exhibit Exhibit 1 to Declaration of Lee Carson)(Zolna, Jacie) Modified on 2/23/2010 atty contacted re: missing hearing date, time; missing pos, atty to file pos(leh). (Entered: 02/22/2010) |
| 02/22/2010 | 34 | MOTION to Dismiss *Consolidated Complaint* by Provide Commerce, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice, # 3 Declaration of Leo P. Norton In Support Of Motion To Dismiss, # 4 Declaration of Joshua Rabinovitz In Support Of Motion To Dismiss, # 5 Exhibit 1 through 9 To Declaration Of Joshua Rabinovitz, # 6 Exhibit 10 To Declaration of Joshua Rabinovitz, # 7 Exhibit 11 To Declaration Of Joshua Rabinovitz, # 8 Proof of Service)(Norton, Leo)(leh). (Entered: 02/22/2010) |
| 02/22/2010 | 35 | Notice of Party with Financial Interest and Corporate Disclosure Statement by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo) Modified on 2/23/2010 to edit text (leh). (Entered: 02/22/2010) |
| 02/23/2010 | 36 | CERTIFICATE of Service re 33 MOTION to Dismiss *the Consolidated Class* |

# 430

| | | |
|---|---|---|
| | | *Action Complaint and Memorandum in Support Thereof* by Encore Marketing International, Inc., Regent Group, Inc. (Zolna, Jacie)(leh). (Entered: 02/23/2010) |
| 02/23/2010 | [37](#) | Corporate Disclosure Statement/ Notice of Party with Financial Interest by Encore Marketing International, Inc., Regent Group, Inc.. (Zolna, Jacie) Modified on 2/24/2010 to edit text(leh). (Entered: 02/23/2010) |
| 02/24/2010 | [38](#) | MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* by Encore Marketing International, Inc., Regent Group, Inc.. (Attachments: # [1](#) Declaration of Lee Carson in Support of Defendant Regent Group, Inc.'s Motion to Dismiss the Consolidated Class Action Complaint, # [2](#) Exhibit 1 to Declaration of Lee Carson, # [3](#) Proof of Service)(Zolna, Jacie)(leh). (Entered: 02/24/2010) |
| 03/03/2010 | [39](#) | Joint MOTION to Continue *Hearing on Defendants' Motions to Dismiss and Setting of Briefing Schedule* by Encore Marketing International, Inc., Provide Commerce, Inc., Regent Group, Inc., Josue Romero, Deanna Hunt, Kimberly Kenyon, Gina Bailey. (Anderson, Jennie)(leh). (Entered: 03/03/2010) |
| 03/04/2010 | [40](#) | ORDER granting [39](#) Joint Motion to Continue Hearing on Defendants' Motions to Dismiss and Setting of Briefing Schedule. It is hereby ordered that the hearing on Defendants' Motions to Dismiss shall be continued to 5/10/2010. Plaintiffs shall have up to 3/26/2010 to file their responses in opposition. Defendants shall have up to 4/14/2010 to file their reply memoranda. Signed by Judge Michael M. Anello on 3/4/2010. (leh) (kaj). (Entered: 03/04/2010) |
| 03/18/2010 | [41](#) | NOTICE OF RELATED CASE(S) by Provide Commerce, Inc. (Attachments: # [1](#) Proof of Service)(Norton, Leo) Low Number Order Not Prepared - Case in Diff. District(leh). (Entered: 03/18/2010) |
| 03/19/2010 | [42](#) | NOTICE of MDL Filing: Defendant Provide Commerce, Inc.'s Motion to Transfer for Coordinated or Consolidated Proceedings Under 28 U.S.C. 1407 (Attachments: # [1](#) Memorandum, # [2](#) Schedule of Actions, # [3](#) Appendix of Exhibits, # [4](#) Appendix of Exhibits (pt 1 of 2), # [5](#) Corporate Disclosure Statement, # [6](#) Proof of Service)(kaj) (Entered: 03/22/2010) |
| 03/26/2010 | [43](#) | RESPONSE in Opposition re [34](#) MOTION to Dismiss *Consolidated Complaint* filed by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero. (Anderson, Jennie)(leh). (Entered: 03/26/2010) |
| 03/26/2010 | [44](#) | DECLARATION in Support of [43](#) Response in Opposition to [34](#) MOTION to Dismiss *Consolidated Complaint* filed by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Anderson, Jennie) Modified on 3/29/2010 to edit text(leh). (Entered: 03/26/2010) |
| 03/26/2010 | [45](#) | OBJECTION by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero *to Provide Commerce Inc.'s Request for Judicial Notice In Support of Motion to Dismiss Consolidated Complaint*. (Anderson, Jennie)(leh). (Entered: 03/26/2010) |
| | | |

**431**

| 03/26/2010 | 46 | RESPONSE in Opposition re 38 MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* filed by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero. (Steckler, Bruce)(leh). (Entered: 03/26/2010) |
|---|---|---|
| 04/07/2010 | 47 | NOTICE of MDL Filing: Defendant Provide Commerce, Inc.'s Notice of Appearance (Attachments: # 1 Corporate Disclosure Statement, # 2 Proof of Service)(kaj) (Entered: 04/08/2010) |
| 04/13/2010 | 48 | MOTION to Strike *The Declaration of Lee Carson, Attached As an Exhibit to Defendant Regent Group, Inc.'s Motion to Dismiss the Consolidated Class Action Complaint, and Plaintiffs' Memorandum in Support Thereof* by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero. (Steckler, Bruce) (leh). (Entered: 04/13/2010) |
| 04/14/2010 | 49 | REPLY to re 45 Objection *to Provide Commerce, Inc.'s Request For Judicial Notice* filed by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service) (Norton, Leo)(leh). (Entered: 04/14/2010) |
| 04/14/2010 | 50 | REPLY to Response to Motion re 38 MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* filed by Regent Group, Inc.. (Zolna, Jacie)(leh). (Entered: 04/14/2010) |
| 04/14/2010 | 51 | REPLY to Response to Motion re 34 MOTION to Dismiss *Consolidated Complaint Reply In Support Of Defendant Provide Commerce, Inc.'s Motion To Dismiss Consolidated Complaint* originally filed as RESPONSE in Support by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (leh). Modified on 4/15/2010 to reflect Reply per Attny (lao). (Entered: 04/14/2010) |
| 04/22/2010 | 52 | NOTICE of MDL Filing: Reply in Support of Defendant Provide Commerce, Inc.'s Motion to Transfer for Coordinated or Consolidated Proceedings Under 28 U.S.C. 1407 (Attachments: # 1 Proof of Service)(kaj) (Entered: 04/22/2010) |
| 05/04/2010 | 53 | Minute Order Taking Matters Under Submission: Currently set for hearing before the Court on May 10, 2010 are: Defendant Provide Commerce, Inc.'s 34 Motion to Dismiss Consolidated Complaint; Defendant Regent Group, Inc.'s (d/b/a/ Encore Marketing International) 38 (Corrected) Motion to Dismiss the Consolidated Class Action Complaint; and Plaintiffs' 48 Motion to Strike the Declaration of Lee Carson, Attached As an Exhibit to Defendant Regent Group, Inc.'s Motion to Dismiss. The Court in its discretion takes these matters under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Accordingly, no appearances are required and the previously scheduled motion hearing shall be taken off calendar. So Ordered by Judge Anello on May 4, 2010. Signed by Judge Michael M. Anello on 5/04/2010.(dmr) (Entered: 05/04/2010) |
| 05/07/2010 | 54 | RESPONSE in Opposition re 48 MOTION to Strike *The Declaration of Lee* |

**432**

| | | |
|---|---|---|
| | | *Carson, Attached As an Exhibit to Defendant Regent Group, Inc.'s Motion to Dismiss the Consolidated Class Action Complaint, and Plaintiffs' Memorandum in Support Thereof* filed by Encore Marketing International, Inc., Regent Group, Inc.. (Attachments: # 1 Exhibit 1)(Zolna, Jacie) Modified on 5/10/2010 atty contacted re: doc untimely, motion taken under submission already(leh). (Entered: 05/07/2010) |
| 05/10/2010 | 55 | Notice of Document Discrepancy and Order Thereon by Judge Michael M. Anello Accepting Document: 54 Response in Opposition to Motion Strike the Declaration of Lee Carson from Defendants Encore Marketing International, Inc., Regent Group, Inc.. Non-compliance with local rule(s), Civ. L. Rule 7.1 or 47.1: Date noticed for hearing not in compliance with rules/documents are not timely. IT IS HEREBY ORDERED: The document is accepted despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record. Signed by Judge Michael M. Anello on 5/10/2010. (leh) (Entered: 05/10/2010) |
| 05/28/2010 | 56 | PRO HAC VICE APPOINTED: Mazin A. Sbaiti appearing for Plaintiffs Josue Romero, Bobbi Sledge. (All non-registered users served via U.S. Mail Service)(mkz) (Entered: 05/28/2010) |
| 06/02/2010 | 57 | NOTICE of Recent Decision and Request for Judicial Notice re RESPONSE in Opposition re 38 MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof* MOTION to Dismiss *(Corrected) the Consolidated Class Action Complaint and Memorandum in Support Thereof,* 34 MOTION to Dismiss *Consolidated Complaint Notice of Recent Decision and Supplemental Request for Judicial Notice* filed by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero, Bobbi Sledge. (Attachments: # 1 Declaration of James R. Patterson, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Patterson, James) Modified on 6/3/2010 to edit text (mkz). (Entered: 06/02/2010) |
| 06/04/2010 | 58 | NOTICE of MDL Filing: Order Denying Transfer (kaj) (Entered: 06/07/2010) |
| 06/11/2010 | 59 | REPLY to Response to Motion re 34 MOTION to Dismiss *Consolidated Complaint* filed by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo)(leh). (Entered: 06/11/2010) |
| 06/14/2010 | 60 | Response to 57 Notice of Recent Decision and Supplemental Request for Judicial Notice in Opposition to 38 Motion to Dismiss filed by Regent Group, Inc.. (Zolna, Jacie) Modified on 6/15/2010 to edit text(leh). (Entered: 06/14/2010) |
| 08/13/2010 | 61 | ORDER: Granting in Part and Denying in Part 34 Motion to Dismiss; Denying 38 Motion to Dismiss; Granting 48 Motion to Strike. For the reasons stated herein, the Court: denies Defendant Provide's request for Judicial Notice; Grants Plaintiffs' Motion to Strike EMI's Exhibits; Grants Plaintiffs' supplemental request for judicial notice; Denies Defendant EMI's Motion to Dismiss; and Grants in Part and Denies in Part Defendant Provide's Motion to Dismiss. Plaintiff's Twelfth Cause of Action and Thirteenth Cause of Action are dismissed with prejudice. Signed by Judge Michael M. Anello on 8/13/2010. (leh) (jrl). (Entered: 08/16/2010) |
| | | |

## 433

| 08/30/2010 | 62 | ANSWER to 27 Consolidated Class Action Complaint by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo) (leh). (Entered: 08/30/2010) |
| 08/31/2010 | 63 | NOTICE AND ORDER for Early Neutral Evaluation Conference: It is hereby ordered that an Early Neutral Evaluation of this case will be held on 9/27/2010 at 9:30 AM in the Chambers of Magistrate Judge Barbara Lynn Major. Signed by Magistrate Judge Barbara Lynn Major on 8/31/2010.(leh) (jrl). (Entered: 08/31/2010) |
| 09/02/2010 | 64 | Ex Parte MOTION for Extension of Time to File Answer *to Consolidated Class Action Complaint* by Regent Group, Inc.. (Attachments: # 1 Declaration of Jacie C. Zolna in Support of Ex Parte Application to Extend Time to Answer, # 2 Exhibit Proposed Order)(Zolna, Jacie) Modified on 9/3/2010 atty contacted re: proposed orders should be emailed to Chambers, not e-filed in system (leh). (Entered: 09/02/2010) |
| 09/03/2010 | 65 | ORDER granting 64 Ex Parte Motion for Extension of Time to File Answer to Consolidated Class Action Complaint. Defendant, Regent Group, Inc., shall file its answer by 9/10/2010. Signed by Judge Michael M. Anello on 9/3/2010.(leh)(jrl). (Entered: 09/03/2010) |
| 09/09/2010 | 66 | ANSWER to 27 Consolidated Class Action Complaint, by Regent Group, Inc. (Attachments: # 1 Proof of Service)(Zolna, Jacie)(leh). (Entered: 09/09/2010) |
| 09/16/2010 | 67 | Ex Parte MOTION for Order to Excuse Plaintiffs Deanna Hunt and Kimberly Kenyon From Personally Attending the Early Neutral Evaluation Conference on September 27, 2010 by Deanna Hunt, Kimberly Kenyon. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Alisa A. Martin, # 3 Proof of Service)(Martin, Alisa)(leh). (Entered: 09/16/2010) |
| 09/20/2010 | 68 | RESPONSE in Opposition re 67 Ex Parte MOTION for Order to Excuse Plaintiffs Deanna Hunt and Kimberly Kenyon From Personally Attending the Early Neutral Evaluation Conference on September 27, 2010 filed by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo)(leh). (Entered: 09/20/2010) |
| 09/21/2010 | 69 | ORDER: (1) Vacating Early Neutral Evaluation Conference; and (2) Denying as Moot 67 Ex Parte Motion for Order to Excuse Plaintiffs Deanna Hunt and Kimberly Kenyon From Personally Attending the Early Neutral Evaluation Conference on September 27, 2010. Due to this Court's pending recusal, the Early Neutral Evaluation conference currently scheduled for 9/27/2010 at 9:30 a.m. in the chambers of the Honorable Barbara L. Major is hereby Vacated. All future conference or hearing dates will be rescheduled by the newly-assigned Magistrate Judge. Signed by Magistrate Judge Barbara Lynn Major on 9/21/2010. (All non-registered users served via U.S. Mail Service)(leh)(jrl). (Entered: 09/21/2010) |
| 09/22/2010 | 70 | Minute Order: Magistrate Judge Barbara Lynn Major recuses from this case and request another magistrate judge be randomly drawn and assigned. Magistrate Judge William V. Gallo randomly assigned to this case. The new case number is 09CV2094-MMA (WVG).(smy) (Entered: 09/22/2010) |

**434**

| 09/23/2010 | 71 | NOTICE AND ORDER for Early Neutral Evaluation Conference: It is hereby ordered that an Early Neutral Evaluation of this case will be held on 12/15/2010 ay 2:00 PM in Courtroom F before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 9/23/2010.(All non-registered users served via U.S. Mail Service)(leh) (jrl). (Entered: 09/24/2010) |
| --- | --- | --- |
| 10/27/2010 | 72 | MINUTE ORDER: The parties are ordered to submit to the Court a joint statement no later than 11/4/2010 and shall comply with provisions related thereto contained in the Local Rules and Chambers Rules. Signed by Magistrate Judge William V. Gallo on 10/26/2010.(All non-registered users served via U.S. Mail Service)(leh) (jrl). (Entered: 10/27/2010) |
| 11/04/2010 | 73 | JOINT HEARING STATEMENT by Gina Bailey. (Anderson, Jennie) Modified on 11/5/2010 atty contacted re: missing pos, atty to file pos (leh). (Entered: 11/04/2010) |
| 11/04/2010 | 74 | DECLARATION re 73 Joint Hearing Statement by Plaintiff Gina Bailey. (Anderson, Jennie) Modified on 11/5/2010 atty contacted re: missing pos, atty to file pos (leh). (Entered: 11/04/2010) |
| 11/05/2010 | 75 | CERTIFICATE OF SERVICE by Bobbi Sledge re 73 Joint Hearing Statement, 74 Declaration *of Jennie Lee Anderson Re Joint Statement Re Pre-ENE Discovery Pursuant To Chamber Rules Re Joint Statements* (Anderson, Jennie)(leh). (Entered: 11/05/2010) |
| 11/12/2010 | 76 | ORDER re 73 Joint Hearing Statement : The Court denies Plaintiffs' request for an order compelling a pre-ENE Rule 26(f) conference. Signed by Magistrate Judge William V. Gallo on 11/12/2010.(leh) (jrl). (Entered: 11/15/2010) |
| 11/22/2010 | 77 | Ex Parte MOTION excuse personal appearance at ENE on December 15, 2010 by Deanna Hunt, Kimberly Kenyon. (Martin, Alisa)(leh). (Entered: 11/22/2010) |
| 11/22/2010 | 78 | ORDER Setting Deadline to File Opposition to Plaintiffs' Ex Parte Motion re 77 Ex Parte MOTION excuse personal appearance at ENE on December 15, 2010 filed by Kimberly Kenyon, Deanna Hunt. Given the impending Thanksgiving holiday and the proximity of the ENE itself, all oppositions to Plaintiffs' ex parte motion are due by 11/24/2010 at noon at the latest. Signed by Magistrate Judge William V. Gallo on 11/22/2010.(leh) (Entered: 11/23/2010) |
| 11/23/2010 | 79 | RESPONSE in Opposition re 77 Ex Parte MOTION excuse personal appearance at ENE on December 15, 2010 filed by Regent Group, Inc.. (Zolna, Jacie) (leh). (Entered: 11/23/2010) |
| 11/23/2010 | 80 | RESPONSE in Opposition re 67 Ex Parte MOTION for Order to Excuse Plaintiffs Deanna Hunt and Kimberly Kenyon From Personally Attending the Early Neutral Evaluation Conference on September 27, 2010 filed by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo)(leh). (Entered: 11/23/2010) |
| 11/23/2010 | 81 | ORDER granting in part and denying in part 77 Ex Parte Motion to excuse |

## 435

| | | |
|---|---|---|
| | | personal appearance at ENE on December 15, 2010. The Court orders as follows: (1) Ms. Kenyon shall participate telephonically at the ENE on 12/15/2010 at 9:00 AM.; (2) Ms. Kenyon shall be on the telephone for the entire duration of the ENE, or until the undersigned excuses her.; (3) The remaining named Plaintiffs, including Ms. Hunt, shall appear in person.; (4) Plaintiffs' counsel shall contact the undersigned's chambers by 12/10/2010 and provide a telephone number at which Ms. Kenyon can be contacted. The Court will initiate the call. Signed by Magistrate Judge William V. Gallo on 11/23/2010. (leh) (jrl). (Entered: 11/24/2010) |
| 11/29/2010 | 82 | AMENDED ORDER on 77 Ex Parte MOTION excuse personal appearance at ENE on December 15, 2010 filed by Kimberly Kenyon, Deanna Hunt. Good cause having been shown by Ms. Kenyon only, the Court grants in part and denies in part Plaintiffs' request and Orders as follows: (1) Ms. Kenyon shall participate telephonically at the ENE on 12/15/2010 at 2:00 PM; (2) Ms. Kenyon shall be on the telephone for the entire duration of the ENE, or until the undersigned excuses her;(3) The remaining named Plaintiffs, including Ms. Hunt, shall appear in person; and (4) Plaintiffs' counsel shall contact the undersigned's chambers by 12/10/2010, and provide a telephone number at which Ms. Kenyon can be contacted. The Court will initiate the call. Signed by Magistrate Judge William V. Gallo on 11/29/2010.(All non-registered users served via U.S. Mail Service)(leh) (jrl). (Entered: 11/29/2010) |
| 12/03/2010 | 83 | Ex Parte MOTION Relief from Court's November 29, 2010 Order Requiring Hunt's Personal Appearance at ENE by Deanna Hunt. (Attachments: # 1 Declaration of Deanna Hunt)(Patterson, James) Modified on 12/6/2010, atty contacted re: missing pos, atty to file pos (leh). (Entered: 12/03/2010) |
| 12/03/2010 | 84 | ORDER Setting Deadline to File Opposition to 83 Ex Parte MOTION Relief from Court's November 29, 2010 Order Requiring Hunt's Personal Appearance at ENE filed by Deanna Hunt. All oppositions are due by 12/7/2010 at noon at the latest. Signed by Magistrate Judge William V. Gallo on 12/3/2010.(leh) (Entered: 12/03/2010) |
| 12/07/2010 | 85 | RESPONSE in Opposition re 83 Ex Parte MOTION Relief from Court's November 29, 2010 Order Requiring Hunt's Personal Appearance at ENE filed by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo) (leh). (Entered: 12/07/2010) |
| 12/07/2010 | 86 | ORDER denying 83 Ex Parte Motion Relief from Court's November 29, 2010 Order Requiring Hunt's Personal Appearance at ENE. Ms. Hunt is again ordered to appear in person. Signed by Magistrate Judge William V. Gallo on 12/7/2010. (leh) (jrl). (Entered: 12/07/2010) |
| 12/10/2010 | 87 | Ex Parte MOTION Objection To December 7, 2010 Order Of Magistrate Judge Requiring Plaintiff Hunt To Personally Appear At The December 15, 2010 Ene, Or, In The Alternative, Ex Parte Request For Leave To Amend Complaint To Dismiss Plaintiff Hunt And Substitute In New Class Representative by Deanna Hunt. (Patterson, James) (lao). (Entered: 12/10/2010) |
| 12/10/2010 | 88 | ORDER Overruling and Denying 87 Plaintiffs' Objection and Ex Parte |

**436**

| | | |
|---|---|---|
| | | Motion: Plaintiffs' objection to the Magistrate's order instructing Ms. Hunt to appear at the ENE is OVERRULED, as such matters are within the sole discretion of the Magistrate Judge. Plaintiffs' ex parte request to substitute a new (unidentified) class representative in Ms. Hunt's place is DENIED without prejudice. If Plaintiffs desire to amend their complaint to remove Ms. Hunt and substitute a different class representative in her stead, they may move to do so in accordance with Fed. R. Civ. Proc. 15 and pursuant to Civil Local Rule 7.1.e.1. IT IS SO ORDERED by Judge Michael M. Anello on 12/10/2010. (dmr) (Entered: 12/10/2010) |
| 12/16/2010 | 89 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Early Neutral Evaluation Conference held on 12/15/2010(ajf) (Entered: 12/16/2010) |
| 12/16/2010 | 90 | ORDER Following Early Neutral Evaluation: Settlement of this case could not be reached. Based thereon, the Court orders a telephonic Case Management Conference set for 2/14/2011 at 8:00 AM in the Chambers of Magistrate Judge William V. Gallo. Counsel shall, and the parties may, attend the conference. Plaintiffs' counsel shall coordinate the conference call and provide the Court and Defendants a conference dial-in number at least 7 days in advance of the teleconference. Signed by Magistrate Judge William V. Gallo on 12/16/2010. (leh) (jrl). (Entered: 12/16/2010) |
| 02/04/2011 | 91 | Joint MOTION for Leave to File *First Amended Consolidated Class Action Complaint* by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero, Bobbi Sledge. (Attachments: # 1 Exhibit "1")(Patterson, James)(leh). (Entered: 02/04/2011) |
| 02/09/2011 | 92 | ORDER Granting 91 Joint Motion to Allow Plaintiffs to File Amended Complaint. Plaintiffs shall file their First Amended Consolidated Class Action Complaint, attached as Exhibit 1 to the Joint Motion, on or before February 11, 2011. Defendants shall file their response to Plaintiff's First Amended Consolidated Class Action Complaint on or before March 11, 2011. Signed by Judge Michael M. Anello on 2/9/11. (jer) (jrl). (Entered: 02/09/2011) |
| 02/10/2011 | 93 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Bobbi Sledge, Josue Romero, Deanna Hunt, Kimberly Kenyon, Gina Bailey. (Patterson, James)(jpp). (Entered: 02/10/2011) |
| 02/14/2011 | 94 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Case Management Conference held on 2/14/2011(ajf) (Entered: 02/14/2011) |
| 02/23/2011 | 95 | Case Management Conference SCHEDULING ORDER: It is hereby ordered that the Court will hold a Mandatory Settlement Conference set for 5/13/2011 at 9:00 AM in the Chambers of Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 2/23/2011.(All non-registered users served via U.S. Mail Service)(leh) (jrl). (Entered: 02/23/2011) |
| 02/23/2011 | 96 | Amended Case Management SCHEDULING ORDER: It is hereby ordered that a Mandatory Settlement Conference is set for 5/13/2011 at 9:00 AM in the Chambers of Magistrate Judge William V. Gallo. Plaintiffs' motion for class certification, if any, shall be filed by 9/9/2011. Any opposition shall be filed by 10/7/2011. Any reply shall be filed by 10/28/2011. Signed by Magistrate |

**437**

| | | Judge William V. Gallo on 2/23/2011.(leh) (jrl). (Entered: 02/24/2011) |
|---|---|---|
| 03/11/2011 | 97 | ANSWER to 93 First Amended Consolidated Complaint by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo)(leh) (Entered: 03/11/2011) |
| 03/11/2011 | 98 | *Regent Group, Inc.'s* ANSWER to 93 First Amended Consolidated Complaint by Regent Group, Inc. (Attachments: # 1 Proof of Service)(Zolna, Jacie) (leh). (Entered: 03/11/2011) |
| 03/14/2011 | 99 | ORDER of TRANSFER: This matter is hereby transferred from the calendar of the Honorable Michael M. Anello to the calendar of United States District Judge Anthony J. Battaglia. The initials AJB shall replace MMA in all future pleadings. All pending motion hearing and pretrial conference dates on the calendar of Judge Anello are hereby Vacated. All hearings calendared before the assigned magistrate judge remain set. The new case number is 09CV2094-AJB(WVG). Signed by Judge Michael M. Anello on 3/14/2011.(All non-registered users served via U.S. Mail Service)(leh) (jcj). (Entered: 03/14/2011) |
| 04/08/2011 | 100 | Joint MOTION for Protective Order by Provide Commerce, Inc.. (Attachments: # 1 Proof of Service)(Norton, Leo)(cge). (Entered: 04/08/2011) |
| 04/08/2011 | 101 | ORDER. Upon review of the parties proposed protective order, the Court is considering striking the full sentence that appears on lines 22 through 25 on page 7. If the parties wish to defend this passage, they may submit a joint letter-brief. If the parties do not submit a response by April 12, 2011, the Court may strike the above passage. Signed by Magistrate Judge William V. Gallo on 04/08/11.(cge) (mam). (Entered: 04/08/2011) |
| 04/11/2011 | 102 | Amended Case Management Conference ORDER: It is hereby ordered that the Mandatory Settlement Conference shall be conducted on 5/20/2011 at 9:00 AM in the Chambers of Magistrate Judge William V. Gallo. Counsel shall submit confidential settlement statements directly to Chambers by 5/12/2011 and not filed with the Clerk of Court. Signed by Magistrate Judge William V. Gallo on 4/11/2011.(All non-registered users served via U.S. Mail Service) (leh)(jrd) (Entered: 04/11/2011) |
| 04/13/2011 | 103 | ORDER granting 100 Joint Motion for Stipulated Protective Order. The Court grants the Joint Motion and hereby adopts the Stipulated Protective Order as the order of this court. Signed by Magistrate Judge William V. Gallo on 04/13/11. (cge) (av1). (Entered: 04/14/2011) |
| 05/11/2011 | 104 | Ex Parte MOTION To Excuse Parker and Kenyon from attending the Mandatory Settlement Conference on May 20, 2011 by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero, Bobbi Sledge. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Alisa A, Martin, # 3 Declaration of Plaintiff Albert Parker)(Martin, Alisa) (cge). (Entered: 05/11/2011) |
| 05/13/2011 | 105 | RESPONSE in Opposition re 104 Ex Parte MOTION To Excuse Parker and Kenyon from attending the Mandatory Settlement Conference on May 20, 2011 filed by Provide Commerce, Inc. (Attachments: # 1 Exhibit A, # 2 Proof of Service)(Norton, Leo) (cge). (Entered: 05/13/2011) |

**438**

| 05/16/2011 | 106 | ORDER on Ex Parte Motion granting in part and denying in part 104 Motion to Excuse Parker and Kenyon from attending the Mandatory Settlement Conference on May 20, 2011. Mr. Parker shall participate telephonically at the MSC on 05/20/11. The remaining named Plaintiffs, including Ms. Kenyon, shall appear in person. Signed by Magistrate Judge William V. Gallo on 05/16/11. (cge) (cap). (Entered: 05/16/2011) |
|---|---|---|
| 05/20/2011 | 107 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Mandatory Settlement Conference held on 5/20/2011(ajf) (Entered: 05/20/2011) |
| 05/23/2011 | 108 | ORDER TO SHOW CAUSE: Telephonic Order to Show Cause Hearing set for 6/27/2011 02:00 PM before Magistrate Judge William V. Gallo. Order to Show Cause Response due by 6/20/2011. Signed by Magistrate Judge William V. Gallo on 05/23/11.(cge) (av1). (Entered: 05/23/2011) |
| 05/23/2011 | 109 | ORDER Setting Settlement Conference. Mandatory Settlement Conference was held on 05/20/11. An additional limited Settlement Conference has been set for 6/20/2011 06:00 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 05/23/11.(cge) (av1). (Entered: 05/23/2011) |
| 05/25/2011 | 110 | SECOND AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Josue Romero. (Patterson, James) Modified text on 5/26/2011, motion for leave to file document still pending 111 , QC mailer sent to atty (cge). (Entered: 05/25/2011) |
| 05/25/2011 | 111 | Joint MOTION for Leave to File *Second Amended Consolidated Class Action Complaint* by Josue Romero. (Attachments: # 1 Exhibit)(Patterson, James) (cge). (Entered: 05/25/2011) |
| 05/26/2011 | 112 | ORDER granting 111 Joint Motion for Leave to File Second Amended Consolidated Class Action Complaint. Signed by Judge Anthony J. Battaglia on 05/26/11. (cge)(mam). (Entered: 05/26/2011) |
| 05/31/2011 | 113 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Accepting Document: 110 SECOND AMENDED COMPLAINT from Plaintiff Josue Romero. Non-compliance with local rule OTHER: Joint motion for leave to file document still pending (doc. no. 111). IT IS HEREBY ORDERED: The document is accepted despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record(jer) (jrl). (Entered: 05/31/2011) |
| 06/03/2011 | 114 | DOCUMENT STRICKEN PER DOCKET ENTRY 119 - Joint MOTION to Consolidate Cases *Pursuant to the Court's November 13, 2009 Order* by Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero, Bobbi Sledge. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Neilson, Kimberly) QC mailer sent re incorrect s/ with login (cge). (Main Document 114 replaced on 6/9/2011) (cge). Modified text to indicated document stricken, NEF regenerated on 6/9/2011 (cge). (Entered: 06/03/2011) |
| 06/07/2011 | 115 | STATUS REPORT *on Open Issues with Written Discovery* by Regent Group, Inc. (Attachments: # 1 Exhibit A-E)(Cherry, Myron)(cge). (Entered: |

| | | |
|---|---|---|
| | | 06/07/2011) |
| 06/07/2011 | 116 | NOTICE by Provide Commerce, Inc. *Letter Brief Regarding Discovery Disputes* (Attachments: # 1 Exhibit Exhibits A to C, # 2 Proof of Service Certificate of Service)(Norton, Leo) (cge). (Entered: 06/07/2011) |
| 06/07/2011 | 117 | NOTICE by Gina Bailey, Kimberly Kenyon, Josue Romero *of Discovery Disputes with EMI* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sbaiti, Mazin) (cge). (Entered: 06/07/2011) |
| 06/07/2011 | 118 | NOTICE by Gina Bailey, Kimberly Kenyon, Josue Romero *of Discovery Disputes with Provide Commerce* (Attachments: # 1 Exhibit A)(Sbaiti, Mazin) (cge). (Entered: 06/07/2011) |
| 06/09/2011 | 119 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Rejecting Document: Joint Motion to Consolidate Cases from Plaintiffs Gina Bailey, Deanna Hunt, Kimberly Kenyon, Josue Romero, Bobbi Sledge. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation, OTHER: Document inappropriately submitted as a Joint Motion. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties. Signed by Judge Anthony J. Battaglia on 06/09/11.(cge) (mam). (Entered: 06/09/2011) |
| 06/09/2011 | | Motions and Judge Association terminated: 114 Joint MOTION to Consolidate Cases *Pursuant to the Court's November 13, 2009 Order* filed by Kimberly Kenyon, Josue Romero, Deanna Hunt, Bobbi Sledge, Gina Bailey. (cge)(mam). (Entered: 06/09/2011) |
| 06/13/2011 | 120 | SECOND AMENDED SCHEDULING ORDER Regulating Pre-Class Certification Discovery. The Court's April 11, 2011 scheduling order (Doc No. 102) is amended only to include the related case 11cv0349 AJB (WVG). Signed by Magistrate Judge William V. Gallo on 06/13/11.(cge) (cap). (Entered: 06/13/2011) |
| 06/17/2011 | 121 | CONSOLIDATION ORDER, Cases associated,11cv0349 AJB (WVG). Signed by Judge Anthony J. Battaglia on 06/16/11. All future docketing will be done in the lead case.(All non-registered users served via U.S. Mail Service)(cge) Modified text on 6/17/2011 (cge). (av1). (Entered: 06/17/2011) |
| 06/17/2011 | 122 | Ex Parte MOTION to Expedite *Decision on Plaintiffs' Discovery Disputes Raised With the Court on June 7, 2011 and Memorandum in Support Thereof* by Gina Bailey, Kimberly Kenyon, Josue Romero. (Sbaiti, Mazin) (cge). (Entered: 06/17/2011) |
| 06/20/2011 | 123 | Ex Parte MOTION Order Continuing Scheduling Order Deadlines re 120 Scheduling Order by Provide Commerce, Inc. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Leo P. Norton, # 3 Exhibit A to Norton Declaration, # 4 Exhibit B (Part I) to Norton Declaration, # 5 Exhibit B (Part II) to Norton Declaration, # 6 Exhibit B (Part III) to Norton Declaration, # 7 Exhibits C-F to Norton Declaration, # 8 Proof of Service ) (Norton, Leo) (cge). (Entered: 06/20/2011) |
| | | |

**440**

| 06/20/2011 | 124 | MOTION to Stay *Action Temporarily* by Provide Commerce, Inc. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Leo P. Norton , # 3 Declaration of Jonathan Sills # 4 Proof of Service)(Norton, Leo) (cge). (Entered: 06/20/2011) |
| --- | --- | --- |
| 06/20/2011 | 125 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Settlement Conference (with Defendants and their insurance carriers only) held on 6/20/2011(ajf) (Entered: 06/20/2011) |
| 06/20/2011 | 126 | DOCUMENT STRICKEN PER DOCKET ENTRY 128 - Application to Withdraw Plaintiff Kimberly Kenyon as a Named Class Representative in Response to Order to Show Cause (Doc #108) by Kimberly Kenyon. (Sbaiti, Mazin) Modified text to indicated document stricken on 6/21/2011 (cge). (Main Document 126 replaced on 6/21/2011) (cge). (Entered: 06/20/2011) |
| 06/20/2011 | 127 | ORDER Setting Briefing Schedule re 124 Motion to Stay. Responses due by 7/5/2011, Replies due by 7/12/2011. Motion Hearing set for 8/12/2011 01:30 PM in Courtroom 12 before Judge Anthony J. Battaglia. Signed by Judge Anthony J. Battaglia on 06/20/11.(All non-registered users served via U.S. Mail Service)(cge) (mam). (Entered: 06/21/2011) |
| 06/21/2011 | 128 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Rejecting Document: Application to Withdraw Plaintiff Kimberly Kenyon as a Named Class Representative from Plaintiff Kimberly Kenyon. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties. Signed by Judge Anthony J. Battaglia on 06/21/11.(All non-registered users served via U.S. Mail Service)(cge) (mam). (Entered: 06/21/2011) |
| 06/22/2011 | 129 | MINUTE ORDER re Order to Show Cause. In light of Plaintiff Kenyon's apparent desire to be removed as a named class representative in response to the Court's May 23, 2011, Order to Show Cause (Doc. No. 108), the associated OSC hearing currently on calendar for June 27, 2011, at 2:00 p.m. is vacated. The Court shall take no further action on its Order to Show Cause unless Ms. Kenyon remains a named plaintiff. Signed by Magistrate Judge William V. Gallo on 6/22/11.(All non-registered users served via U.S. Mail Service)(jer) (jcj). (Entered: 06/22/2011) |
| 06/22/2011 | 130 | DOCUMENT STRICKEN PER DOCKET ENTRY 143 - Stipulation of Voluntary Dismissal of Plaintiff Kimberly Kenyon Without Prejudice Under Rule 41(a)(1)(A)(ii)(Sbaiti, Mazin) Document not filed as a joint motion, discrepancy order prepared. (cge). (Main Document 130 replaced on 6/29/2011) (cge). Modified text to indicate document stricken on 6/29/2011 (cge). (Entered: 06/22/2011) |
| 06/22/2011 | 131 | ORDER Following Settlement Conference. On July 18, 2011, at 9:00 a.m. Counsel for Defendants and the participating insurance carriers shall participate in a status teleconference with the Court to report on their progress towards resolving coverage and settlement issues. Signed by Magistrate Judge William V. Gallo on 6/22/2011.(All non-registered users served via U.S. Mail |

**441**

| | | Service)(jer) (jcj). (Entered: 06/22/2011) |
|---|---|---|
| 06/22/2011 | 132 | RESPONSE in Opposition re 122 Ex Parte MOTION to Expedite *Decision on Plaintiffs' Discovery Disputes Raised With the Court on June 7, 2011 and Memorandum in Support Thereof* filed by Provide Commerce, Inc. (Attachments: # 1 Declaration of Leo P.Norton, # 2 Proof of Service)(Norton, Leo) Modified text on 6/23/2011 (cge). (Entered: 06/22/2011) |
| 06/22/2011 | 133 | ANSWER to 110 Amended Complaint by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (cge). (Entered: 06/22/2011) |
| 06/22/2011 | 134 | NOTICE of Joinder by Regent Group, Inc. re 124 MOTION to Stay *Action Temporarily* (Cherry, Myron) (cge). (Entered: 06/22/2011) |
| 06/22/2011 | 135 | NOTICE of Joinder by Regent Group, Inc. re 123 Ex Parte MOTION Order Continuing Scheduling Order Deadlines re 120 Second Amended Scheduling Order (Cherry, Myron) Modified on 6/23/2011 (cge). (Entered: 06/22/2011) |
| 06/22/2011 | 136 | RESPONSE in Opposition re 122 Ex Parte MOTION to Expedite *Decision on Plaintiffs' Discovery Disputes Raised With the Court on June 7, 2011 and Memorandum in Support Thereof* filed by Regent Group, Inc.(Cherry, Myron) (cge). (Entered: 06/22/2011) |
| 06/23/2011 | 137 | REPLY to Response to Ex Parte Motion re 123 Ex Parte MOTION Order Continuing Scheduling Order Deadlines re 120 Scheduling Order, and opposition to Encore Marketing Joinder of same filed by Gina Bailey, Josue Romero. (Attachments: # 1 Declaration Sbaiti)(Sbaiti, Mazin) No proof of service, QC mailer sent. (cge). (Entered: 06/23/2011) |
| 06/24/2011 | 138 | REPLY to Response to Motion re 123 Ex Parte MOTION Order Continuing Scheduling Order Deadlines re 120 Scheduling Order filed by Regent Group, Inc.(Attachments: # 1 Declaration of Jacie C. Zolna)(Cherry, Myron) Modified entry to remove duplicate text on 6/27/2011 (cge). (Entered: 06/24/2011) |
| 06/24/2011 | 139 | AMENDED SCHEDULING ORDER re 123 Ex Parte Motion for Order Continuing Scheduling Order Deadlines. Signed by Magistrate Judge William V. Gallo on 06/24/11. (All non-registered users served via U.S. Mail Service) (cge) (jrl). (Entered: 06/24/2011) |
| 06/28/2011 | 140 | ANSWER to 110 Amended Complaint by Regent Group, Inc. (Zolna, Jacie) Modified entry to remove duplicate text on 6/29/2011 (cge). (Entered: 06/28/2011) |
| 06/29/2011 | 141 | NOTICE *of Withdrawal of Attorney Randee M. Mattloff, Esq.* by ALISSA HERBST (Sammons, Diane) No proof of service (cge). (Entered: 06/29/2011) |
| 06/29/2011 | 142 | NOTICE *of Withdrawal of Attorney Elliott Louis Pell, Esq.* by ALISSA HERBST (Sammons, Diane) No proof of service, QC mailer sent to atty (cge). (Entered: 06/29/2011) |
| 06/29/2011 | 143 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Rejecting Document: Stipulation of Voluntary Dismissal of Plaintiff Kimberly Kenyon from Plaintiff Kimberly Kenyon. Non-compliance with |

**442**

| | | local rule(s), OTHER: Any stipulation must be filed as a joint motion (Local Rule 7.2). IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties. (All non-registered users served via U.S. Mail Service) (cge) (cap). Modified text to remove signature information on 7/7/2011 (cge). (Entered: 06/29/2011) |
|---|---|---|
| 06/30/2011 | 144 | ORDER on Discovery Disputes. The parties shall proceed as instructed in Appendices A through D to this Order and shall comply no later than 07/22/11. Signed by Magistrate Judge William V. Gallo on 06/30/11.(cge) (jrl). (Entered: 06/30/2011) |
| 06/30/2011 | 145 | CERTIFICATE OF SERVICE by ALISSA HERBST re 142 Notice of Withdrawal , 141 Notice of Withdrawal (Sammons, Diane) (cge). (Entered: 06/30/2011) |
| 06/30/2011 | 146 | Joint MOTION for Leave to File *Third Amended Consolidated Class Action Complaint* by Gina Bailey, Josue Romero. (Sbaiti, Mazin) (cge). (Entered: 06/30/2011) |
| 06/30/2011 | 147 | DOCUMENT WITHDRAWN PER DOCKET ENTRY 148 - AMENDED COMPLAINT with Jury Demand *Third Amended Consolidated Class Action Complaint* against Encore Marketing International, Inc., Provide Commerce, Inc., Regent Group, Inc., filed by Josue Romero, Gina Bailey. (Sbaiti, Mazin) (cge). (Entered: 06/30/2011) |
| 06/30/2011 | 148 | NOTICE OF WITHDRAWAL OF DOCUMENT by Gina Bailey, Josue Romero *of Third Amended Consolidated Class Action Complaint (Document 147)*. (Sbaiti, Mazin) (cge). (Entered: 06/30/2011) |
| 06/30/2011 | 149 | NOTICE Regarding Exhibit Attachment by Gina Bailey, Josue Romero re 146 Joint MOTION for Leave to File *Third Amended Consolidated Class Action Complaint* (Attachments: # 1 Exhibit Proposed Third Amended Consolidated Class Action Complaint)(Sbaiti, Mazin (cge). (Entered: 06/30/2011) |
| 07/05/2011 | 150 | Minute Order: The Court vacates the portion of its June 22, 2011, Order regarding Defendants' obligation to produce documents. (See Doc. No. 131 at 1:23-26.) The teleconference scheduled in paragraph 4 remains on calendar. Signed by Judge William V.Gallo on 07/05/11. (cge) (Entered: 07/05/2011) |
| 07/05/2011 | 151 | RESPONSE in Opposition re 124 MOTION to Stay *Action Temporarily Conditionally Under Seal* filed by Gina Bailey, Josue Romero. (Anderson, Jennie) (cge). (Entered: 07/05/2011) |
| 07/05/2011 | 152 | AFFIDAVIT in Opposition re 124 MOTION to Stay *Action Temporarily* filed by Gina Bailey, Josue Romero. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Anderson, Jennie) (cge) (Entered: 07/05/2011) |
| 07/05/2011 | 153 | Application to File Documents Under Seal by Gina Bailey, Josue Romero. (Attachments: # 1 Declaration of Jennie Lee Anderson)(Anderson, Jennie) (cge). (Entered: 07/05/2011) |
| 07/12/2011 | 154 | REPLY to Response to Motion re 124 MOTION to Stay *Action Temporarily* |

**443**

| | | filed by Provide Commerce, Inc. (Attachments: # 1 Declaration of Leo P. Norton, # 2 Exhibit A to Norton Declaration, # 3 Exhibit B (Part I of II) to Norton Declaration, # 4 Exhibit B (Part II of II) to Norton Declaration, # 5 Proof of Service)(Norton, Leo) (cge) (Entered: 07/12/2011) |
|---|---|---|
| 07/12/2011 | 155 | Declaration of Jonathan Sills in Support re 153 Application to File Documents Under Seal filed by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) Incorrect event, modified text to correct event, supplemental document without court order, discrepancy order prepared (cge). (Entered: 07/12/2011) |
| 07/14/2011 | 156 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Accepting Document: Declaration in Support of 153 Application to Seal from Defendant Provide Commerce, Inc. Non-compliance with local rule (s), OTHER: Supplemental documents require court order. IT IS HEREBY ORDERED: The document is accepted despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record. (cge) (jrl). (Entered: 07/15/2011) |
| 07/18/2011 | 157 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference (with Defendants and their insurance carriers) held on 7/18/2011(ajf) (Entered: 07/18/2011) |
| 07/19/2011 | 158 | ORDER Following Status Conference. Follow-up Telephonic Status Conference set for 8/5/2011 07:30 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 07/19/11.(cge) (jrl). (Entered: 07/19/2011) |
| 07/20/2011 | 159 | Ex Parte MOTION for Reconsideration re 144 Order *Resolving Discovery Disputes* by Gina Bailey, Josue Romero. (Sbaiti, Mazin) (cge). (Entered: 07/20/2011) |
| 07/21/2011 | 160 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Telephonic Discovery Conference held on 7/21/2011. Provide Commerce may have until August 1, 2011, to comply with the Court's June 30, 2011, Order. EMI/Regent Group may have until July 26, 2011, to do the same. Any response to Plaintiffs' ex parte motion for reconsideration/clarification of portions of the June 30, 2011, Order is due no later than August 4, 2011.(ajf) (Entered: 07/21/2011) |
| 07/26/2011 | 161 | NOTICE by Josue Romero *of Substitution of Counsel* (Patterson, James) (cge). (Entered: 07/26/2011) |
| 07/27/2011 | 162 | ORDER granting 146 Joint Motion for Leave to File Third Amended Complaint. Plaintiffs shall file the proposed Third Amended Consolidated Class Action Complaint attached to the joint motion within five (5) days of this Order. Defendants shall file their response within 35 days of the filing of the First Amended Consolidated Class Action Complaint. Defendants are further relieved of answering the Second Amended Consolidated Class Action Complaint. Signed by Judge Anthony J. Battaglia on 07/27/11. (cge) (jrl). (Entered: 07/27/2011) |
| 07/27/2011 | 163 | ORDER granting 153 Application to File Documents Under Seal. Signed by |

**444**

| | | Judge Anthony J. Battaglia on 07/27/11. (cge) (jrl). (Entered: 07/27/2011) |
|---|---|---|
| 07/28/2011 | 164 | THIRD AMENDED Consolidated Class Action Complaint with Jury Demand against All Defendants, filed by Josue Romero, Gina Bailey. (Sbaiti, Mazin) Modified text to indicate 'Third Amended,' removed duplicative text on 7/29/2011 (cge). (Entered: 07/28/2011) |
| 08/03/2011 | 165 | ORDER denying Defendant Provide Commerce, Inc.'s 124 Motion to Temporarily Stay Action. Signed by Judge Anthony J. Battaglia on 08/03/11. (cge)(jrl). (Entered: 08/03/2011) |
| 08/04/2011 | 166 | RESPONSE to Motion re 159 Ex Parte MOTION for Reconsideration re 144 Order *Resolving Discovery Disputes* filed by Encore Marketing International, Inc., Regent Group, Inc. (Cherry, Myron) (cge). (Entered: 08/04/2011) |
| 08/05/2011 | 167 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference (w/ Defendants and their insurance carriers) held on 8/5/2011(ajf) (Entered: 08/05/2011) |
| 08/12/2011 | 168 | ORDER Setting Telephonic Status Conference. Telephonic Status Conference set for 8/17/2011 10:30 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 08/12/11.(cge) (jrl). (Entered: 08/12/2011) |
| 08/15/2011 | 169 | ORDER Rescheduling Status Conference. Telephonic Status Conference set for 8/17/11 at 10:30 AM is rescheduled to 8/17/2011 11:30 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 08/15/11.(cge) (jrl). (Entered: 08/15/2011) |
| 08/17/2011 | 170 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference (w/Provide Commerce & Underwriters only) held on 8/17/2011(ajf) (Entered: 08/17/2011) |
| 08/24/2011 | 171 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Discovery Conference held on 8/24/2011(ajf) (Entered: 08/24/2011) |
| 08/25/2011 | 172 | MINUTE ORDER: In-person Settlement Conference set for 9/7/2011 02:00 PM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 08/25/11.(cge) (jrl). (Entered: 08/26/2011) |
| 08/31/2011 | 173 | MOTION to Dismiss *the Claims Asserted by Plaintiff Albert Parker in the Third Amended Consolidated Class Action Complaint* by Regent Group, Inc. (Attachments: # 1 Memo of Points and Authorities, # 2 Exhibit 1 to Memo of Points and Authorities, # 3 Declaration of Stacy Bransfield, # 4 Exhibit 1 to Declaration of Stacy Bransfield, # 5 Request for Judicial Notice, # 6 Declaration of Jacie C. Zolna in Support of Request for Judicial Notice, # 7 Exhibit 1-4 to Declaration of Jacie C. Zolna, # 8 Proof of Service)(Cherry, Myron) 1 (cge). (Entered: 08/31/2011) |
| 08/31/2011 | 174 | ORDER BY JUDGE BATTAGLIA, Set Deadlines as to 173 MOTION to Dismiss the Claims Asserted by Plaintiff Albert Parker in the Third Amended Consolidated Class Action Complaint. Oppositions due by 9/21/2011, Replies due by 9/30/2011, no sur-replies shall be filed without leave of Court. Motion hearing set for 12/9/2011 at 1:30 PM in Courtroom 12 before Judge Anthony |

## 445

| | | J. Battaglia. (sc) (Entered: 08/31/2011) |
|---|---|---|
| 09/01/2011 | 175 | ORDER granting in part and denying in part 159 Ex Parte Motion for Reconsideration. Signed by Magistrate Judge William V. Gallo on 09/01/11. (cge) (jrl). (Entered: 09/01/2011) |
| 09/01/2011 | 176 | ANSWER to 164 Amended Complaint *and Affirmative Defenses w/Certificate of Service* by Encore Marketing International, Inc., Regent Group, Inc. (Cherry, Myron) (cge). (Entered: 09/01/2011) |
| 09/01/2011 | 177 | MOTION to Dismiss *The Third Amended Complaint As To Plaintiff Albert Parker* by Provide Commerce, Inc. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice, # 3 Exhibit 1 to Request for Judicial Notice, # 4 Proof of Service)(Norton, Leo) (cge). (Entered: 09/01/2011) |
| 09/02/2011 | 178 | MINUTE ORDER vacating settlement conference set for 09/07/11 at 02:00 PM before Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 09/02/11.(cge) (jrl). (Entered: 09/02/2011) |
| 09/14/2011 | 179 | MOTION to File Documents Under Seal (With attachments)(Sbaiti, Mazin) (cge). (lmt). (Entered: 09/14/2011) |
| 09/14/2011 | 180 | [Filed as Sealed Document on 9/16/11] - SEALED LODGED Proposed Document re: 179 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Sbaiti, Mazin) (lmt). Modified on 9/16/2011 (lmt). (Main Document 180 replaced on 9/16/2011) (lmt). (Attachment 1 replaced on 9/16/2011) (lmt). (Attachment 2 replaced on 9/16/2011) (lmt). (Attachment 3 replaced on 9/16/2011) (lmt). (Attachment 4 replaced on 9/16/2011) (lmt). (Attachment 5 replaced on 9/16/2011) (lmt). (Attachment 6 replaced on 9/16/2011) (lmt). (Entered: 09/14/2011) |
| 09/15/2011 | 181 | MINUTE ORDER. Settlement Conference set for 10/7/2011 from 02:00 PM - 04:30 PM before Magistrate Judge William V. Gallo. Plaintiff Bradley Barentson granted leave to appear by telephone. Defendants and their counsel are excused from this conference. Signed by Magistrate Judge William V. Gallo on 09/15/11.(cge) (jrl). (Entered: 09/15/2011) |
| 09/16/2011 | 182 | ORDER granting 179 Motion to File Documents Under Seal. Signed by Magistrate Judge William V. Gallo on 9/16/11. (lmt) (Entered: 09/16/2011) |
| 09/19/2011 | 184 | ORDER BY JUDGE BATTAGLIA, Set/Reset Deadlines as to 173 and 177 MOTIONS to Dismiss the Claims Asserted by Plaintiff Albert Parker in the Third Amended Complaint. Oppositions/Motion to Amend due by 10/5/2011 and may exceed 25 page limit, Replies/Oppositions due by 10/19/2011 and may exceed 25 page limit, Replies due by October 26, 2011; no sur-replies shall be filed. Motions will be heard on 12/9/2011 at 1:30 PM in Courtroom 12 before Judge Anthony J. Battaglia.(sc) (Entered: 09/19/2011) |
| 09/21/2011 | 185 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Discovery Conference held on 9/21/2011. All parties are temporarily relieved from compliance with expert report deadline currently set for September 23, |

**446**

| | | 2011.(ajf) (Entered: 09/21/2011) |
|---|---|---|
| 09/22/2011 | 186 | SUPPLEMENTAL BRIEFING by Plaintiffs Gina Bailey, Josue Romero re 180 Sealed Lodged Proposed Document,, *to Plaintiffs' Motion to Extend the Schedule Deadlines Under Rule 16 and to Compel Discovery Filed on September 14, 2011 (Docket No. 180)*. (Sbaiti, Mazin)(kaj). (Entered: 09/22/2011) |
| 09/26/2011 | 187 | ORDER Compelling Deposition of Albert Parker. Deposition shall be completed no later than 10/19/11. Signed by Magistrate Judge William V. Gallo on 09/26/11.(cge) (jrl). (Entered: 09/26/2011) |
| 09/28/2011 | 188 | RESPONSE in Opposition re 179 MOTION to File Documents Under Seal *and Motion to Extend the Schedule Deadlines Under Rule 16 and to Compel Discovery* filed by Regent Group, Inc. (Attachments: # 1 Exhibit A-D, # 2 Exhibit E, # 3 Exhibit F-I)(Cherry, Myron) (cge). (Entered: 09/28/2011) |
| 09/28/2011 | 189 | RESPONSE in Opposition re 179 MOTION to File Documents Under Seal *and Motion to Extend the Schedule Deadlines Under Rule 16 and to Compel Discovery* filed by Provide Commerce, Inc. (Attachments: # 1 Declaration of Leo P. Norton, # 2 Exhibit A to Declaration of Leo P. Norton, # 3 Proof of Service)(Norton, Leo) (cge). (Entered: 09/28/2011) |
| 10/05/2011 | 190 | Joint MOTION for Extension of Time to File Response/Reply as to 184 Terminate Motion and R&R Deadlines/Hearings, Order, Set Motion and R&R Deadlines/Hearings, by Gina Bailey, Encore Marketing International, Inc., Provide Commerce, Inc., Regent Group, Inc., Josue Romero. (Sbaiti, Mazin) QC mailer sent re proposed order (cge). (Entered: 10/05/2011) |
| 10/05/2011 | 191 | MOTION to File Documents Under Seal (With attachments)(Patterson, James) (lmt). (Entered: 10/05/2011) |
| 10/05/2011 | 192 | [Filed as Sealed Document on 10/6/11] - SEALED LODGED Proposed Document re: 191 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Patterson, James)(lmt). (Main Document 192 replaced on 10/6/2011) (lmt). (Attachment 1 replaced on 10/6/2011) (lmt). (Attachment 2 replaced on 10/6/2011) (lmt). (Attachment 3 replaced on 10/6/2011) (lmt). Modified on 10/6/2011 (lmt). (Entered: 10/05/2011) |
| 10/06/2011 | 193 | SUR-REPLY - re 179 MOTION to File Documents Under Seal *and in Opposition to Plaintiffs Motion to Extend the Schedule Deadlines Under Rule 16 and to Compel Discovery* filed by Regent Group, Inc.(Cherry, Myron) No provision for acceptance (cge). (Entered: 10/06/2011) |
| 10/06/2011 | 194 | ORDER granting 191 Motion to File Documents Under Seal. Signed by Magistrate Judge William V. Gallo on 10/6/11. (lmt) (jcj). (Entered: 10/06/2011) |
| 10/06/2011 | 196 | MOTION to File Documents Under Seal (With attachments)(Neilson, Kimberly) (leh). (Entered: 10/06/2011) |
| 10/06/2011 | 197 | [FILED AS SEALED DOCUMENT ON 10/17/2011] - SEALED LODGED Proposed Document re: 196 MOTION to File Documents Under Seal. |

| | | Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Neilson, Kimberly)(leh). Modified on 10/18/2011 to add file date of lodgment (leh). (Entered: 10/07/2011) |
|---|---|---|
| 10/07/2011 | 198 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Settlement Conference (with Plaintiffs only) held on 10/7/2011(ajf) (Entered: 10/07/2011) |
| 10/13/2011 | 199 | DECLARATION *of Barry Natter in Support of Plaintiffs Application to File Documents Under Seal Pursuant to Stipulated Protective Order* re 196 MOTION to File Documents Under Seal, 197 Sealed Lodged Proposed Document by Defendant Regent Group, Inc. (Attachments: # 1 Proof of Service)(Zolna, Jacie) Supplemental documents filed w/out leave of court, discrepancy prepared. Modified on 10/14/2011 (cge). (Entered: 10/13/2011) |
| 10/13/2011 | 200 | DECLARATION *of Hannah Blum in Support of Plaintiffs' Application to File Documents Under Seal Pursuant to Protective Order* re 196 MOTION to File Documents Under Seal by Defendant Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) Supplemental documents filed w/out leave of court, discrepancy prepared (cge). (Entered: 10/13/2011) |
| 10/14/2011 | 201 | AMENDED SCHEDULING ORDER Regulating Pre-Class Certification Discovery: Plaintiffs' motion for class certification, if any, shall be filed on or before February 15, 2012. Any opposition shall be filed no later than 30 calendar days from the filing date of the class certification motion. Any reply shall be filed no later than 21 calendar days from the filing date of each opposition. Signed by Magistrate Judge William V. Gallo on 10/14/11.(cge) (jrl). (Entered: 10/14/2011) |
| 10/14/2011 | 202 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Accepting Document: Declaration of Barry Natter from Defendant Regent Group, Inc.. Non-compliance with local rule(s), OTHER: Supplemental document requires leave of court prior to filing. IT IS HEREBY ORDERED: The document is accepted despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record. (cge) (jrl). (Entered: 10/17/2011) |
| 10/14/2011 | 203 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Accepting Document: Declaration of Hannah Blum from Defendant Provide Commerce, Inc. Non-compliance with local rule(s), OTHER: Supplemental document requires leave of court prior to filing. IT IS HEREBY ORDERED: The document is accepted despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record. (cge) (jrl). (Entered: 10/17/2011) |
| 10/17/2011 | 204 | Joint MOTION to Continue *Deadline to Comply with Order Compelling Deposition of Albert Parker* by Josue Romero. (Patterson, James) (cge). (Entered: 10/17/2011) |
| 10/17/2011 | 205 | ORDER granting 196 Motion to File Documents Under Seal. Signed by Judge Anthony J. Battaglia on 10/17/2011. (All non-registered users served via U.S. Mail Service)(leh) (Entered: 10/18/2011) |
| | | |

**448**

| 10/18/2011 | 207 | ORDER granting 204 Joint Motion to Extend Deadline to Comply with Order Compelling Deposition of Albert Parker. Signed by Magistrate Judge William V. Gallo on 10/18/11. (cge) (jrl). (Entered: 10/18/2011) |
| --- | --- | --- |
| 10/20/2011 | 208 | REPLY to Response to Motion re 173 MOTION to Dismiss *the Claims Asserted by Plaintiff Albert Parker in the Third Amended Consolidated Class Action Complaint*, 196 MOTION to File Documents Under Seal *and Response in Opposition to Plaintiffs Motions to Intervene, Voluntarily Dismiss Plaintiff Albert Parker and to Amend the Consolidated Complaint* filed by Regent Group, Inc. (Attachments: # 1 Exhibit A-D, # 2 Exhibit E-G)(Cherry, Myron) (aef). Modified on 10/21/2011- QC email sent to atty re document not on time; Doc. 190 Motion requests extension of time but it has not been ruled on yet (aef). (Entered: 10/20/2011) |
| 10/20/2011 | 216 | RESPONSE in Opposition re 177 MOTION to Dismiss *The Third Amended Complaint As To Plaintiff Albert Parker* filed by Regent Group, Inc. (cge) (Entered: 11/10/2011) |
| 10/21/2011 | 209 | REPLY to Response to Motion re 177 MOTION to Dismiss *The Third Amended Complaint As To Plaintiff Albert Parker*, 196 MOTION to File Documents Under Seal *and Opposition to Plaintiffs' Motions for Leave to Amend and to Voluntarily Dismiss Plaintiff Parker* filed by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (mtb). (Entered: 10/21/2011) |
| 10/21/2011 | 210 | DOCUMENT STRICKEN PER 212 - MOTION to Strike 197 Sealed Lodged Proposed Document, *Exhibits 2-12 to Declaration of Mazin A. Sbaiti in Support of Plaintiffs' October 6, 2011 Omnibus Filings and Portions of Plaintiffs' Omnibus Filing* by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (Modified on 10/24/2011 - Okay per chambers. (mdc) Main Document 210 replaced on 10/28/2011 per docket 212 . Modified text to indicate document stricken on 10/28/2011) (cge) (Entered: 10/21/2011) |
| 10/21/2011 | 217 | RESPONSE in Opposition re 173 MOTION to Dismiss *the Claims Asserted by Plaintiff Albert Parker in the Third Amended Consolidated Class Action Complaint* filed by Provide Commerce, Inc. (cge) (Entered: 11/10/2011) |
| 10/25/2011 | 211 | ORDER granting in part Plaintiffs' Motion to Compel and Amend Scheduling Order re 183 SEALED MOTION filed by ALISSA HERBST, Kimberly Kenyon, Josue Romero, Deanna Hunt, Bobbi Sledge, Gina Bailey. Signed by Magistrate Judge William V. Gallo on 10/25/11.(cge) (jrl). (Entered: 10/26/2011) |
| 10/28/2011 | 212 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia Rejecting Document: Motion to Strike from Defendant Provide Commerce, Inc.. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties.(cge) (jrl). (Entered: 10/28/2011) |
| 10/28/2011 | 213 | REPLY to Response to Motion re 196 MOTION to File Documents Under |

**449**

| | | |
|---|---|---|
| | | Seal *Plaintiffs Omnibus Filings* filed by Gina Bailey, Josue Romero. (Attachments: # 1 Declaration Sbaiti with Exhibits)(Sbaiti, Mazin) (cge) (Entered: 10/28/2011) |
| 11/10/2011 | 214 | Joint MOTION to Continue *to Extend Deadline to Comply With October 26, 2011 Order* by Regent Group, Inc. (Zolna, Jacie)(cge) (Entered: 11/10/2011) |
| 11/10/2011 | 215 | ORDER by Judge Battaglia: Granting 190 Motion for Extension of Time to File Response/Reply. The Court notes that the parties have already filed their replies and oppositions to the Motions to Dismiss (Doc. Nos. 173 and 177. (sc) (Entered: 11/10/2011) |
| 11/14/2011 | 218 | ORDER granting 214 Joint Motion to Continue. The Court extends the November 14, 2011 deadline to comply with its October 26, 2011 order. Defendant Regent Group, Inc. shall produce an initial production of information by November 21, 2011 and the remaining production of that information by December 2, 2011. Signed by Magistrate Judge William V. Gallo on 11/10/11. (cge) (jrl). (Entered: 11/14/2011) |
| 12/07/2011 | 219 | ORDER granting voluntary dismissal of Plaintiff Parker 206 ; denying motions to dismiss as moot 173 , 177 ; and granting motion to amend consolidated complaint 206 . Plaintiffs shall file their amended complaint on or before December 14, 2011. The parties shall meet and confer regarding the additional discovery needed by Defendants only as to the Newly Added Plaintiffs and contact Judge Gallo's chambers on or before December 21, 2011. Signed by Judge Anthony J. Battaglia on 12/07/11. (cge) (jrl). (jrl). (Entered: 12/07/2011) |
| 12/14/2011 | 220 | ORDER granting 161 Joint Motion to Substitute Attorney. James Patterson of Patterson Law Group, APC substituted in place of Harrison, Patterson & O'Connor. Signed by Judge Anthony J. Battaglia on 12/14/11. (cge) (Entered: 12/14/2011) |
| 12/14/2011 | 221 | FOURTH AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Grant Jenkins, Bradley Berentson, Josue Romero, Gina Bailey. (Patterson, James) Modified text on 12/15/2011 (cge). (Entered: 12/14/2011) |
| 12/21/2011 | 222 | Minute ORDER setting Status Conference for 12/27/2011 08:00 AM before Magistrate Judge William V. Gallo. Proposed schedules or briefs due 12/22/11. Signed by Magistrate Judge William V. Gallo on 12/21/11.(cge) (jcj). (Entered: 12/21/2011) |
| 12/23/2011 | 223 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: The Status Conference set for December 27, 2011, at 8:00 a.m. is VACATED. Scheduling Order will issue based on briefing received.(ajf) (Entered: 12/23/2011) |
| 12/23/2011 | 224 | AMENDED SCHEDULING ORDER: Court's 10/14/2011 Scheduling Order is amended. Parties may conduct general discovery as to the four new Plaintiffs and any new claims and allegations added by the Fourth Amended Complaint, but only insoafar as such new discovery relates to class certification. This limited additional discovery shall be completed by |

**450**

| | | |
|---|---|---|
| | | 4/20/2012. All discovery pertaining to expert witnesses shall be completed by 6/8/2012. Plaintiffs' motion for class certification shall be filed by 6/22/2012. Any oppositoin shall be filed no later than 30 calendar days from the filing date of the class certification motion. Any reply shall be filed no later than 21 calendar days from the filing of each opposition. Motions will not be heard or calendared unless counsel for the moving party has obtained an interior hearing date from the law clerk of the judge hearing the motion. Signed by Magistrate Judge William V. Gallo on 12/23/2011. (jah) (Entered: 12/23/2011) |
| 01/03/2012 | 225 | Joint MOTION for Extension of Time to File Answer re 221 Amended Complaint by Provide Commerce, Inc. (Attachments: # 1 Proof of Service)(Norton, Leo) (cge). (Entered: 01/03/2012) |
| 01/04/2012 | 226 | ORDER granting 225 Joint Motion to Extend Time to Respond to the Fourth Amended Consolidated Complaint. Provide Commerce, Inc. answer due 1/24/2012; Regent Group, Inc. answer due 1/24/2012. Signed by Judge Anthony J. Battaglia on 01/04/12. (cge) (jrl). (Entered: 01/04/2012) |
| 01/24/2012 | 227 | MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint* by Regent Group, Inc. (Attachments: # 1 Memo of Points and Authorities , # 2 Exhibit 1-3 to Memo of Points and Authorities, # 3 Declaration of Rob Tucker , # 4 Exhibit 1-4 to Declaration of Rob Tucker, # 5 Defendant Regent Group, Inc.s Request for Judicial Notice , # 6 Declaration of Jacie C. Zolna, # 7 Exhibit 1-2 to Declaration of Jacie C. Zolna, # 8 Exhibit 3-5 of Declaration of Jacie C. Zolna, # 9 Proof of Service)(Cherry, Myron) Modified to remove duplicate text on 1/25/2012 (cge). (Entered: 01/24/2012) |
| 01/24/2012 | 228 | MOTION to Dismiss *Fourth Amended Complaint As To Plaintiffs Jennifer Lawler, John Walters, Daniel Cox, And Christopher Dickey* by Provide Commerce, Inc. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice, # 3 Exhibit 1 through 7 to Request for Judicial Notice, # 4 Declaration of Hannah Blum, # 5 Proof of Service)(Norton, Leo) (cge). (Entered: 01/24/2012) |
| 01/25/2012 | 229 | ORDER by Judge Battaglia, Set briefing schedule as to 228 MOTION to Dismiss *Fourth Amended Complaint As To Plaintiffs Jennifer Lawler, John Walters, Daniel Cox, And Christopher Dickey*, 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint*. Oppositions due by 2/13/2012, Replies due by 2/23/2012, no sur-replies will be filed. Motion Hearing set for 4/13/2012 at 1:30 PM in Courtroom 12 before Judge Anthony J. Battaglia.(sc) (Entered: 01/25/2012) |
| 02/09/2012 | 230 | Joint MOTION for Leave to File Excess Pages by Gina Bailey, Bradley Berentson, ALISSA HERBST, Deanna Hunt, Grant Jenkins, Kimberly Kenyon, Albert Parker, Josue Romero, Bobbi Sledge. (Attachments: # 1 Proof of Service)(Neilson, Kimberly) (cge). (Entered: 02/09/2012) |
| 02/13/2012 | 231 | ORDER granting 230 Joint Motion for Leave to File Excess Pages. Signed by Judge Anthony J. Battaglia on 2/13/12. (cge) (jrl). (Entered: 02/13/2012) |
| 02/13/2012 | 232 | RESPONSE in Opposition re 228 MOTION to Dismiss *Fourth Amended Complaint As To Plaintiffs Jennifer Lawler, John Walters, Daniel Cox, And* |

**451**

| | | |
|---|---|---|
| | | *Christopher Dickey*, 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint REDACTED VERSION* filed by Gina Bailey, Bradley Berentson, Grant Jenkins, Josue Romero, Jennifer Lawler, Daniel Cox, Jonathan Walter, Christopher Dickey. (Sbaiti, Mazin) (cge). (Entered: 02/13/2012) |
| 02/13/2012 | 233 | MOTION to File Documents Under Seal (With attachments)(Sbaiti, Mazin) (atty contacted re cert of service) (lmt). (Entered: 02/13/2012) |
| 02/14/2012 | 234 | CERTIFICATE OF SERVICE by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter re 233 MOTION to File Documents Under Seal (Sbaiti, Mazin) (cge). (Entered: 02/14/2012) |
| 02/22/2012 | 235 | NOTICE Regarding Exhibit Attachment by Gina Bailey re 233 MOTION to File Documents Under Seal *Filed on behalf of Defendants Pursuant to Court Instruction* (Attachments: # 1 Affidavit Exhibit A - Blum Decl., # 2 Affidavit Exhibit B - Natter Decl.)(Sbaiti, Mazin) (cge). (Entered: 02/22/2012) |
| 02/23/2012 | 236 | REPLY to Response to Motion re 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint* filed by Regent Group, Inc. (Attachments: # 1 Exhibit A)(Cherry, Myron) (cge). (Entered: 02/23/2012) |
| 02/23/2012 | 237 | REPLY to Response to Motion re 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint* filed by Provide Commerce, Inc. (Attachments: # 1 Declaration of Leo P. Norton, # 2 Exhibit A through C to Declaration of Leo P. Norton, # 3 Proof of Service) (Norton, Leo) (cge). (Entered: 02/23/2012) |
| 03/27/2012 | 238 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference held on 3/27/2012(ajf) (Entered: 03/27/2012) |
| 03/27/2012 | 239 | AMENDED SCHEDULING ORDER : The Court shall convene a telephonic Status Conference set for 4/13/2012 at 8:00 AM to discuss the status of settlement discussions. The Court will initiate the call. Plaintiffs' motion for class certification, if any, shall be filed by 6/22/2012. Signed by Magistrate Judge William V. Gallo on 3/27/2012.(All non-registered users served via U.S. Mail Service)(leh) (jcj). (Entered: 03/27/2012) |
| 04/02/2012 | 240 | NOTICE of Hearing on Motion 228 MOTION to Dismiss *Fourth Amended Complaint As To Plaintiffs Jennifer Lawler, John Walters, Daniel Cox, And Christopher Dickey*, 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint* : Motion Hearings continued to 5/25/2012 at 1:30 PM in Courtroom 12 before Judge Anthony J. Battaglia. (sc) (Entered: 04/02/2012) |
| 04/13/2012 | 241 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Discovery Status Conference held on 4/13/2012.(mcb) (Entered: 04/16/2012) |
| 04/16/2012 | 242 | ORDER: Telephonic Status Conference set for 5/18/2012 at 08:00 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 04/16/12.(cge) (Entered: 04/16/2012) |
| | | |

**452**

| 04/18/2012 | 243 | NOTICE of Hearing on Motion 228 MOTION to Dismiss *Fourth Amended Complaint As To Plaintiffs Jennifer Lawler, John Walters, Daniel Cox, And Christopher Dickey*, 227 MOTION to Dismiss *Certain Claims Asserted in the Fourth Amended Consolidated Class Action Complaint* : Motion Hearing continued to 6/22/2012 at 1:30 PM in Courtroom 12 before Judge Anthony J. Battaglia. (sc) (Entered: 04/18/2012) |
| 05/18/2012 | 244 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference held on 5/18/2012(mcb) (Entered: 05/18/2012) |
| 05/18/2012 | 245 | MINUTE ORDER: A further Telephonic Status Conference set for 6/11/2012 08:00 AM before Magistrate Judge William V. Gallo. Signed by Magistrate Judge William V. Gallo on 5/18/2012.(yeb) (jcj). (Entered: 05/18/2012) |
| 06/11/2012 | 246 | Minute Entry for proceedings held before Magistrate Judge William V. Gallo: Status Conference held on 6/11/2012(mcb) (Entered: 06/11/2012) |
| 06/11/2012 | 247 | AMENDED SCHEDULING ORDER Regulating Pre-Class Certification Discovery. Telephonic Status Conference held on 6/11/12 at 8:00 AM. Signed by Magistrate Judge William V. Gallo on 6/11/12.(cge) (jcj). (Entered: 06/11/2012) |
| 06/13/2012 | 248 | MOTION (Unopposed) for (1) Preliminary Approval of Class Action Settlement, (2) Provisional Class Certification, (3) Distribution of Class Notice, and (4) Scheduling of Fairness Hearing by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Jennie Lee Anderson, # 3 Exhibit 1-5 to Declaration of Jennie Lee Anderson)(Anderson, Jennie) (cge). (Entered: 06/13/2012) |
| 06/21/2012 | 249 | ORDER by Judge Battaglia: Motion to Dismiss hearing scheduled for June 22, 2012 before Judge Battaglia is hereby vacated.(no document attached) (sc) (Entered: 06/21/2012) |
| 06/22/2012 | 250 | NOTICE by Provide Commerce, Inc. *of Transmission of CAFA Notice* (Norton, Leo) (cge). (Entered: 06/22/2012) |
| 06/22/2012 | 251 | ORDER denying as moot 227 , 228 Motions to Dismiss and 233 Motion to File Documents Under Seal. Signed by Judge Anthony J. Battaglia on 6/22/12. (cge) (jcj). (Entered: 06/22/2012) |
| 06/26/2012 | 252 | ORDER granting 248 Preliminary Approval of Class Action Settlement and Provisional Class Certification. Motion Hearing set for 7/13/12 is vacated. Fairness Hearing set for 12/21/2012 01:30 PM before Judge Anthony J. Battaglia. Signed by Judge Anthony J. Battaglia on 6/26/12. (cge)(jrl). (Entered: 06/27/2012) |
| 09/05/2012 | 253 | Joint MOTION to Continue *Deadlines Under Settlement Agreement and Order Preliminarily Approving Class Settlement* by Regent Group, Inc. (Attachments: # 1 Declaration of Senthil Lakshmanan)(Zolna, Jacie) (cge). (Entered: 09/05/2012) |
| 09/06/2012 | 254 | ORDER granting 253 Motion to Continue Deadlines Under Settlement |

## 453

|  |  | Agreement and Order Preliminarily Approving Class Settlement. Fairness Hearing set for 1/25/2013 01:30 PM before Judge Anthony J. Battaglia. Signed by Judge Anthony J. Battaglia on 9/6/12. (cge) Modified to correct hearing date for Fairness Hearing (2012 to 2013) on 9/10/2012 (cge). (Main Document 254 replaced on 9/10/2012 - incorrect year indicated for Fairness Hearing, NEF regenerated) (cge). (Entered: 09/06/2012) |
|---|---|---|
| 11/26/2012 | 255 | MOTION for Attorney Fees *and Costs, and Incentive Awards* by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration James Patterson & Exhibits, # 3 Declaration Isam Khoury & Exhibits, # 4 Declaration Bruce Steckler & Exhibits, # 5 Declaration Gene Stonebarger & Exhibits, # 6 Declaration Jennie Lee Anderson & Exhibits)(Martin, Alisa) (cge). (Entered: 11/26/2012) |
| 11/30/2012 | 256 | NOTICE of Hearing on Motion 255 MOTION for Attorney Fees *and Costs, and Incentive Awards* :Due to a conflict in the Court's calendar, the motion hearing is hereby continued to 1/28/2013 at 2:00 PM in Courtroom 12 before Judge Anthony J. Battaglia. (no document attached) (sc) (Entered: 11/30/2012) |
| 12/06/2012 | 257 | ORDER by Judge Battaglia, Due to a conflict in the Court's calendar, the Fairness Hearing is hereby continued from 1/25/13 to 1/28/2013 at 2:00 PM in Courtroom 12 before Judge Anthony J. Battaglia.(no document attached) (sc) (Entered: 12/06/2012) |
| 12/07/2012 | 258 | RESPONSE in Opposition re 255 MOTION for Attorney Fees *and Costs, and Incentive Awards , OBJECTION to Proposed Settlement [248-3], and NOTICE of intent to appear at fairness hearing through counsel* filed by Brian Perryman. (Attachments: # 1 Declaration Brian Perryman)(Frank, Theodore) (cge). (Entered: 12/07/2012) |
| 12/17/2012 | 259 | PRO HAC VICE APPOINTED: Adam E. Schulman appearing for Objector Brian Perryman. (All non-registered users served via U.S. Mail Service)(vam) (Entered: 12/17/2012) |
| 12/21/2012 | 260 | NOTICE of Appearance by Adam E. Schulman on behalf of Brian Perryman (Schulman, Adam) (rlu). (Entered: 12/21/2012) |
| 12/28/2012 | 261 | NOTICE of Change of Address by Bruce W. Steckler (Steckler, Bruce) (Atty Maint)(cge). (Entered: 12/28/2012) |
| 01/18/2013 | 262 | RESPONSE in Support re 255 MOTION for Attorney Fees *and Costs, and Incentive Awards* filed by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Declaration of Hon. Edward A. Infante In Support, # 2 Declaration of Bruce W. Steckler in Support, # 3 Declaration (Supp) of Isam C. Khoury in Support, # 4 Declaration of Jennifer M. Keough re Claims Admin, etc., # 5 Declaration of Jennifer M. Keough re B. Perryman & A. Meyer)(Sbaiti, Mazin) (cge). (Entered: 01/18/2013) |
| 01/22/2013 | 263 | DOCUMENT STRICKEN PER 264 - SUPPLEMENTAL DOCUMENT by Brian Perryman re 258 Response in Opposition to Motion, 255 MOTION for |

**454**

| | | |
|---|---|---|
| | | Attorney Fees *and Costs, and Incentive Awards*, 262 Response in Support of Motion,, *SUPPLEMENTAL DECLARATION of Brian Perryman in Opposition to 255* . (Frank, Theodore)(No leave of court granted to file Supplemental Document, discrepancy prepared on 1/22/2013. Modified to indicate document stricken on 1/22/13) (cge). (Main Document 263 replaced on 1/22/2013) (cge). (Entered: 01/22/2013) |
| 01/22/2013 | 264 | Notice of Document Discrepancies and Order Thereon by Judge Anthony J. Battaglia: Rejecting Document, from Objector Brian Perryman. Non-compliance with local rule(s), OTHER: Supplemental Documents require court order. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties(All non-registered users served via U.S. Mail Service)(cge) (Entered: 01/22/2013) |
| 01/22/2013 | 265 | NON Opposition re 255 MOTION for Attorney Fees *and Costs, and Incentive Awards and Dkt 262 - Memorandum of Points and Authorities ISO Final Approval of Class Action Settlement* filed by Provide Commerce, Inc. (Attachments: # 1 Declaration of Leo P. Norton, # 2 Exhibit A - F to Declaration of Leo P. Norton, # 3 Proof of Service)(Norton, Leo) (cge). (Entered: 01/22/2013) |
| 01/23/2013 | 266 | Ex Parte MOTION to Supplement *Record with the Declaration of Brian Perryman and the Declaration of Theodore H. Frank* by Brian Perryman. (Attachments: # 1 Memo of Points and Authorities and Declaration of Theodore H. Frank re attempt to meet and confer, # 2 Proposed Order)(Frank, Theodore) (Proposed Order submitted, improper s/ signature (P/As), email sent to atty on 1/23/2013) (cge). (Entered: 01/23/2013) |
| 01/25/2013 | 267 | ORDER granting 266 Ex Parte Motion for leave to Supplement Record with the Declaration of Brian Perryman and the Declaration of Theodore H. Frank. Signed by Judge Anthony J. Battaglia on 1/25/13. (cge) (jcj). (Entered: 01/25/2013) |
| 01/25/2013 | 268 | SUPPLEMENTAL DECLARATION re 267 Order on Motion to Supplement, 255 MOTION for Attorney Fees *and Costs, and Incentive Awards*, 262 Response in Support of Motion,, *of Brian Perryman* by Objector Brian Perryman. (Frank, Theodore)(Modified to indicate 'supplemental' on 1/28/13) (cge). (Entered: 01/25/2013) |
| 01/25/2013 | 269 | SUPPLEMENTAL DECLARATION re 267 Order on Motion to Supplement, 255 MOTION for Attorney Fees *and Costs, and Incentive Awards*, 262 Response in Support of Motion,, *of Theodore H. Frank* by Objector Brian Perryman. (Attachments: # 1 Exhibits A through C of Frank Declaration) (Frank, Theodore) (Modified to indicate 'supplemental' on 1/28/13) (cge). (Entered: 01/25/2013) |
| 01/28/2013 | 270 | Minute Order. for proceedings held before Judge Anthony J. Battaglia: Motion Hearing and Fairness hearing held on 1/28/2013 re 255 MOTION for Attorney Fees *and Costs, and Incentive Awards* filed by Bradley Berentson, Grant Jenkins, Jonathan Walter, Josue Romero, Christopher Dickey, Jennifer Lawler, Gina Bailey, Daniel Cox ; Motions Submitted 255 MOTION for |

**455**

| | | Attorney Fees *and Costs, and Incentive Awards*. Court to issue Order. (Court Reporter Jeannette HIll). (no document attached) (ksr) (Entered: 01/28/2013) |
|---|---|---|
| 02/04/2013 | 271 | FINAL ORDER Approving Class Settlement; granting Plaintiffs' 255 Motion for Attorneys' Fees, Costs, and Incentive Awards; overruling Perryman's objections. Signed by Judge Anthony J. Battaglia on 2/4/13. (cge) (Entered: 02/05/2013) |
| 02/13/2013 | 272 | MOTION for Sanctions under Rule 11 by Brian Perryman. (Attachments: # 1 Memo of Points and Authorities)(Frank, Theodore). Modified on 2/14/2013 - Pdf not 14-point font. Notice of Non-Compliance prepared (jah). (Entered: 02/13/2013) |
| 02/13/2013 | 273 | ORDER by Judge Battaglia, Set briefing schedule as to 272 MOTION for Sanctions *under Rule 11*. Oppositions due by 3/6/2013, Replies due by 3/20/2013, no sur-replies will be filed. Motion Hearing set for 5/2/2013 at 2:00 PM in Courtroom 2A before Judge Anthony J. Battaglia.(no document attached) (sc) (Entered: 02/13/2013) |
| 02/14/2013 | 274 | NOTICE of Non-Compliance with Local Rule 5.1(a) Legibility, re 272 MOTION for Sanctions under Rule 11 filed by Brian Perryman. (jah) (Entered: 02/14/2013) |
| 02/20/2013 | 275 | Joint MOTION Entry of Judgment re 271 Order on Motion for Attorney Fees by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Exhibit A)(Martin, Alisa) (aef). (Entered: 02/20/2013) |
| 02/21/2013 | 276 | NOTICE of Non-Compliance with Local Rule 5.1(a) Legibility re 275 Joint MOTION Entry of Judgment re 271 Order on Motion for Attorney Fees filed by Bradley Berentson, Grant Jenkins, Jonathan Walter, Josue Romero, Christopher Dickey, Jennifer Lawler, Gina Bailey, Daniel Cox (aef) (Entered: 02/21/2013) |
| 02/21/2013 | 277 | FINAL JUDGMENT in favor of Settlement Class against Defendants. The Court hereby dismisses with prejudice the action. Signed by Judge Anthony J. Battaglia on 02/21/2013.(yeb) (Entered: 02/21/2013) |
| 03/04/2013 | 278 | NOTICE OF APPEAL to the 9th Circuit as to 277 Final Judgment, 271 Final Order Approving Class Settlement, Granting Plaintiffs' Motions for Attorneys' Fees, Costs, and Incentive Awards, Overruling Perryman's Objections, by Brian Perryman, Objector. (Filing fee $ 455 receipt number 0974-5670971.) (Notice of Appeal electronically transmitted to US Court of Appeals.) (Frank, Theodore). Modified on 3/4/2013 to edit docket text re Judgment and Order being appealed and to add docket text re filer's party designation. (akr). (Entered: 03/04/2013) |
| 03/05/2013 | 279 | USCA Case Number 13-55373 for 278 Notice of Appeal to 9th Circuit, filed by Brian Perryman. (akr) (Entered: 03/05/2013) |
| 03/05/2013 | 280 | USCA Time Schedule Order as to 278 Notice of Appeal to 9th Circuit, filed by Brian Perryman. (NOTICE TO PARTIES of deadlines regarding appellate transcripts: Appellant shall file transcript designation and ordering form with |

**456**

| | | the US District Court (see attached), provide a copy of the form to the court reporter, and make payment arrangements with the court reporter on or by 4/3/2013 (see Ninth Circuit Rule 10-3.1); Due date for filing of transcripts in US District Court is 5/3/2013.) (cc: Court Reporter). (Attachments: # 1 Transcript Designation and Ordering Form). (akr) (Entered: 03/05/2013) |
|---|---|---|
| 03/06/2013 | 281 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/28/2013, before Judge Anthony J. Battaglia. Court Reporter/Transcriber: Jeannette N. Hill. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 3/27/2013. Redacted Transcript Deadline set for 4/8/2013. Release of Transcript Restriction set for 6/4/2013. (akr) (Entered: 03/06/2013) |
| 03/06/2013 | 282 | RESPONSE in Opposition re 272 MOTION for Sanctions under Rule 11 filed by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Martin, Alisa) (cge). (Entered: 03/06/2013) |
| 03/08/2013 | 283 | TRANSCRIPT DESIGNATION AND ORDERING FORM by Brian Perryman for proceedings held on January 28, 2013 re 278 Notice of Appeal to 9th Circuit. (Schulman, Adam). (akr). (Entered: 03/08/2013) |
| 03/14/2013 | 284 | MOTION for Bond on Appeal by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Memo of Points and Authorities) (Anderson, Jennie) (cge). (Entered: 03/14/2013) |
| 03/20/2013 | 285 | REPLY to Response to Motion re 272 MOTION for Sanctions under Rule 11 filed by Brian Perryman. (Attachments: # 1 Exhibit 1. In re Wal-Mart Wage and Hour (9th Cir.))(Frank, Theodore) (cge). (Entered: 03/20/2013) |
| 04/03/2013 | 286 | NOTICE OF RELATED CASE(S) by Brian Perryman of case(s) 11-cv-2711 . (Frank, Theodore) (cge). (No proposed low number rule order prepared, to be prepared in 11cv2711)(cge). (Entered: 04/03/2013) |
| 04/18/2013 | 287 | RESPONSE in Opposition re 284 MOTION for Bond on Appeal filed by Brian Perryman. (Attachments: # 1 Exhibit 1. Cobell bill of costs order, # 2 Exhibit 2. Blessing bill of costs order, # 3 Exhibit 3. Ninth Circuit bill of costs form, # 4 Declaration of Theodore H. Frank in opposition to motion for appeal bond)(Frank, Theodore) (cge). (Entered: 04/18/2013) |
| 04/25/2013 | 288 | REPLY to Response to Motion re 284 MOTION for Bond on Appeal filed by Gina Bailey, Bradley Berentson, Daniel Cox, Christopher Dickey, Grant Jenkins, Jennifer Lawler, Josue Romero, Jonathan Walter. (Attachments: # 1 Declaration of Jennie Lee Anderson, # 2 Exhibit A)(Anderson, Jennie)(cge). (Entered: 04/25/2013) |
| | | |

**457**

| | | |
|---|---|---|
| 04/26/2013 | 289 | ORDER by Judge Battaglia, Motions Submitted 272 MOTION for Sanctions under Rule 11, 284 MOTION for Bond on Appeal. This motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. Accordingly, no appearances are required and the motion will be deemed submitted as of this date.(no document attached) (sc) (Entered: 04/26/2013) |
| 05/06/2013 | 290 | ORDER denying Objector Perryman's 272 Motion for Rule 11 Sanctions. Signed by Judge Anthony J. Battaglia on 5/6/13. (cge) (Entered: 05/07/2013) |
| 05/06/2013 | 291 | ORDER granting 284 Motion Bond on Appeal. On or before May 31, 2013, Objector Perryman must either post a $15,000 bond or file a notice of dismissal of his appeal. Signed by Judge Anthony J. Battaglia on 5/6/13. (cge) (jrl). (Entered: 05/07/2013) |
| 05/20/2013 | 292 | Appeals BOND re 291 ORDER granting 284 Motion Bond on Appeal in the amount of $15,000 posted by Objector Brian Perryman. (cge) (Entered: 05/20/2013) |
| 06/05/2013 | 293 | AMENDED NOTICE OF APPEAL to the 9th Circuit as to 291 Order granting Motion for Appellate Bond, 277 Final Judgment, 271 Final Order Approving Class Settlement, Granting Plaintiffs' Motions for Attorneys' Fees, Costs, and Incentive Awards, Overruling Perryman's Objections, by Brian Perryman, Objector. (Frank, Theodore). Modified on 6/6/2013 to edit docket text to reflect the title of the filed document. Notice of Appeal filed at document 278 on 3/4/2013. USCA Case Number is 13-55373. Amended Notice of Appeal electronically transmitted to US Court of Appeals via regenerated NEF. (akr). (Entered: 06/05/2013) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/08/2013 17:03:51 | | |
| PACER Login: | tz0550 | Client Code: | Proflowers |
| Description: | Docket Report | Search Criteria: | 3:09-cv-02094-AJB-WVG |
| Billable Pages: | 30 | Cost: | 3.00 |

**458**

**Proof of Service**

I hereby certify that on September 11, 2013, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers. Additionally, I caused to be sent a copy of the foregoing via first class mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-registered attorneys:

Ethan Thomas Boyer
Post Kirby Noonan & Sweat
600 West Broadway, Suite 1100
San Diego, CA 92101-3355

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300
San Diego, CA 92101

Elliott Louis Pell
Jay J. Rice
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Jacie C. Zolna
Myron M. Cherry & Associates
30 N. La Salle Street, Suite 2300
Chicago, IL 60602

*/s/ Mazin A. Sbaiti*