

Leo P. Norton
T: +1 858 550 6083
lnorton@cooley.com


October 15, 2014

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939


RE:  *In re Easysaver Rewards Litigation*, No. 13-55373 (9th Cir.)
Response to Objector-Appellant Brian Perryman's FRAP 28(j) Letter

Dear Ms. Dwyer:

Defendant-Appellee Provide Commerce, Inc. ("Provide Commerce") writes in response to Objector-Appellant Brian Perryman ("Objector")'s September 24, 2014 FRAP 28(j) letter. Objector cites to and attaches the opinion in *Redman v. RadioShack Corp.*, No. 14-1470 *et al.* (7th Cir. Sept. 19, 2014), in which the court reversed and remanded a judgment where the sole class settlement consideration was a $10 voucher. Slip Op. at 5-6.

*Redman* is inapposite. The settlement here is not a pure "coupon" settlement, and is therefore not subject to the same heightened scrutiny under the Class Action Fairness Act ("CAFA"). (*See* Provide Commerce's Answering Brief ("AB") at 24-32.) The primary benefit provided by the settlement here is a $12.5 million cash fund from which class members could make a claim for a cash payment up to the full amount of out-of-pocket losses. Secondarily, the settlement provided a $20 Credit to all class members. (AB at 12-13.)

Further, the $20 Credit here is fundamentally different from the $10 voucher in *Redman*. The vouchers in *Redman* compensated class members for statutory damages claims between $100 to $1,000. Slip Op. at 4, 28. The $20 Credit here served as restitution for a $15 gift code that plaintiffs alleged they never received. (AB at 13.)

Even if this case could be classified as a "coupon" settlement, which it should not, the fee award, unlike the award in *Redman*, is not disproportionate to the class relief. If the district court had reduced the value of the $20 Credit by 15%, the fee award would still equal only 25% of the settlement's value. (AB at 34-35.) Moreover, because the settlement included a significant pecuniary benefit in the form of the $12.5 million cash fund, CAFA permits the fee award to be calculated using lodestar. (AB at 36-37.)

Finally, *Redman* is also distinguishable because in that case class counsel did not file its attorneys' fees motion until after the deadline to object had expired. Slip Op. at 26. Here, plaintiffs filed their attorneys' fee motion weeks before the deadline.



Molly Dwyer, Clerk of Court
October 15, 2014
Page Two

In short, *Redman* does not support disturbing the settlement, fee award, or judgment here.

Respectfully Submitted,

Cooley LLP

/s/Leo P. Norton
Leo P. Norton


cc: Counsel via ECF system

110815621

9th Circuit Case Number(s) | 13-55373

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

### CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) _____

*********************************************************************************

### CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 10/15/2014 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

| | | |
|---|---|---|
| Ethan T. Boyer | Elliott L. Pell | Mazin A. Sbaiti |
| Michael L. Kirby | Jay J. Rice | Baron & Budd PC |
| Kirby Noonan Lance & Hoge LLP | Nagel Rice LLP | 3102 Oak Lawn Ave |
| 350 Tenth Avenue, Suite 1300 | 103 Eisenhower Pky, Ste. 103 | Suite 1100 |
| San Diego, CA 92101 | Roseland, NJ 07068 | Dallas, TX 75219 |

Signature (use "s/" format) /s/Leo P. Norton